**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| D.H. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:22-CV-03419-JPB |
| | ) | |
| TUCKER INN INCORPORATED | ) | |
| d/b/a, SUPER 8 BY WYNDHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TUCKER INN INCORPORATED D/B/A SUPER 8 BY WYNDHAM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham, (hereinafter "**Defendant**") in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff D.H.'s ("**Plaintiff**") Complaint, showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Defendant was the result of any negligence or failure to use due care, and thus, Plaintiff is not entitled to recover against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of acquiescence, waiver, estoppel, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff were the result of conduct of persons or entities over whom Defendant has no control or responsibility, and for whose conduct Defendant is thus not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiff's alleged injuries or damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become apparent during discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted in accordance with the applicable standard of care under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

If there is any liability against Defendant, which liability it specifically denies, then pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33 such liability should be compared to the fault of Plaintiff and the other parties and actors involved in the matters alleged in Plaintiff's Complaint and apportioned accordingly under Georgia law.

## ELEVENTH AFFIRMATIVE DEFENSE

If the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater

than any negligence on behalf of this Defendant, then Plaintiff is not entitled to damages.

## TWELFTH AFFIRMATIVE DEFENSE

If the evidence shows that the Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf of this Defendant or its agents, any award of damages to Plaintiff should be reduced to the extent of Plaintiff's own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover against this Defendant because Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff had equal or superior knowledge of the alleged hazard or defect that is the subject of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is improper, as there is an absence of a showing of malicious intent to cause harm to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of this Defendant's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages was reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are unwarranted and unsupported by any construction of the facts of this case. As such, Plaintiff's claims for attorney's fees should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties under Fed. R. Civ. P. 19.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint which seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the

Constitution of the State of Georgia and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## TWENTIETH AFFIRAMTIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against Defendant would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) Defendant had no notice of or means of ascertaining whether, or in what amount it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice is compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiff, and (4) no provision of

Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in <u>State Farm Mutual Auto, Ins. Co. v. Campbell</u>,538 U.S. 408 (2003); <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424(2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996); <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1 (1990); and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any attempted application of Georgia law in this case regarding any claim for "punitive damages" against Defendant would be unconstitutional for the following reasons:

(1) Defendant did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against Defendant would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against Defendant would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against Defendant would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the

due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Defendant's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering now the separate paragraphs of Plaintiff's Complaint, Defendant shows the Court as follows:

## TABLE OF CONTENTS

To the extent that the "Table of Contents" of Plaintiff's Complaint contains allegations against Defendant, those allegations are specifically denied.

1.

For answer to Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking while a minor. Defendant denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. In response to the second sentence contained in Paragraph 1 of Plaintiff's Complaint, Defendants do not consent to a wholesale embargo regarding the identify

of Plaintiff and reserve all rights to conduct discovery, including the use of Plaintiff's name, to identify witnesses who may have knowledge of the alleged events and to gather necessary information from potential third parties in order to preserve and present its defenses in this action. Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

For answer to Paragraph 2 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking while a minor. Defendant denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

For answer to Paragraph 4 of Plaintiff's Complaint, Defendant admits that it has knowledge of the general existence of sex trafficking and its illegality. By way of further response, this Defendant does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of

Plaintiff's Complaint, including subparagraphs a - f. Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking while a minor. Defendant denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

## 5.

For answer to Paragraph 5 of Plaintiff's Complaint, 18 U.S.C. § 1591(a) and O.C.G.A. § 16-5-46(8)(B) speak for itself. To the extent that Plaintiff attempts to characterize or interpret the law under these statutes, Defendant denies those allegations. All remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

## 6.

For answer to the first sentence of Paragraph 6 of Plaintiff's Complaint, Defendant denies that sex trafficking and prostitution were common occurrences at Tucker Inn Incorporated d/b/a Super 8 by Wyndham (hereinafter "Super 8"). Defendant further denies that it chose to ignore, allow, condone, facilitate, support, and/or permit such activity at Super 8. Defendant denies the second sentence of Paragraph 6 of Plaintiff's Complaint. For answer to the third sentence of Paragraph 6 of Plaintiff's Complaint, including subparagraphs a and b, Defendant denies any liability for Plaintiff's alleged damages or injuries. Defendant specifically denies all

liability pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA") or any other claims alleged by Plaintiff in her Complaint. Defendant further denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant further denies that Super 8 constituted a nuisance. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Paragraph 7 of Plaintiff's Complaint explains the purpose of Plaintiff's references to Defendant throughout her Complaint, and as such, it does not require a response. To the extent that a response is required, and to the extent that Paragraph 7 of Plaintiff's Complaint could be construed to attribute negligence, or any other cause of action, against Defendant, those allegations are specifically denied.

A. **Alleged Parties, Jurisdiction, and Venue**

8.

For answer to Paragraph 8 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking while a minor. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant does not

have sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations contained in the first sentence of Paragraph 10 of Plaintiff's Complaint. Defendant admits that it regularly conducts business in the State of Georgia and derives revenue from services rendered in Georgia. Defendant denies the remaining allegations contained in the second sentence of Paragraph 10 of Plaintiff's Complaint. Defendant admits the allegations contained in the third sentence of Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits that jurisdiction is proper in this Court. Defendant denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint to the

extent they allege Defendant is liable under the TVPRA or any other claims that may be included in Plaintiff's Complaint.

13.

Defendant admits that venue is proper in this Court.

**B. <u>Plaintiff's alleged minor sex trafficking at the Super 8</u>**

14.

For answer to Paragraph 14 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking at the Super 8 while a minor. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of

Plaintiff. To the extent that the allegations contained in Paragraph 16 are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

17.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. To the extent that the allegations contained in Paragraph 17 are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

18.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. To the extent that the allegations contained in Paragraph 18 are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

19.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 19 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 19 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

20.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

21.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. To the extent that the allegations contained in Paragraph 21 are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

22.

Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

For answer to the first sentence of Paragraph 23 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking at the Super 8. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant denies the allegations contained in the second sentence of Paragraph 23 of Plaintiff's Complaint.

24.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 24 regarding her appearance and actions. For further answer, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking at the Super 8. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

25.

Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint that Plaintiff exhibited any "well-known and visible signs of a child sex trafficking victim." Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

26.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. To the extent that the allegations contained in Paragraph 27 of Plaintiff's Complaint are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

28.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first and second sentences of Paragraph 28 of Plaintiff's Complaint. Defendant denies the allegations contained in the third sentence of Paragraph 28 of Plaintiff's Complaint.

29.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 29 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 29 of Plaintiff's Complaint.

30.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint. To the extent that the allegations contained in Paragraph 30 of Plaintiff's Complaint are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

31.

For answer Paragraph 31 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking at the Super 8. Defendant is without knowledge or

information sufficient to either admit or deny the condition or signs of Plaintiff's rooms.  Defendant denies the remaining allegations contained in the first sentence of Paragraph 31 of Plaintiff's Complaint.  Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.  Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the second sentence of Paragraph 31 of Plaintiff's Complaint.

32.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.  Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

33.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 33 of Plaintiff's Complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 33 of Plaintiff's Complaint.

**C. Defendant's Alleged Knowledge of Prior Crime at the Super 8**

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

For answer to Paragraph 36 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to either admit or deny the allegations regarding what may have been "obvious" to guests. For further answer, Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint that "prostitution, sex trafficking, and child sex trafficking were rampant and frequent occurrences at the hotel, obvious to employees."

37.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint. To the extent that the allegations contained in Paragraph 39 of Plaintiff's Complaint are intended to attribute a cause of action against Defendant, those allegations are specifically denied.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations contained in first sentence of Paragraph 44 of Plaintiff's Complaint. Defendant admits that it did not employ security guards for the premises. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint. For further answer to Paragraph 45 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations contained in subparagraphs a – t.

46.

Defendant denies the allegations contained in the first and second sentences of Paragraph 46 of Plaintiff's Complaint. The third sentence contained in Paragraph 46 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant cannot respond. To the extent that an answer is required to the third sentence of Paragraph 46 of Plaintiff's Complaint, those allegations are denied.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations contained in the first and second sentences of Paragraph 49 of Plaintiff's Complaint. Defendant denies the allegations contained in the third sentence of Paragraph of 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint, including subparagraphs (i) – (ix).

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## D. **Defendant's Alleged Knowledge of Sex Trafficking Generally**

52.

For answer to Paragraph 52 of Plaintiff's Complaint, Defendant admits that it has knowledge of the general existence of sex trafficking and its illegality.

53.

For answer to Paragraph 53 of Plaintiff's Complaint, Defendant admits that it has knowledge of the general existence of sex trafficking and its illegality. For further answer, Defendant denies the allegations contained in the fifth sentence of Paragraph 53 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint, including subparagraphs a – f.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint, including subparagraphs a - p.

62.

For answer to Paragraph 62 of Plaintiff's Complaint, Defendant admits that it is aware of the statute provided in O.C.G.A. § 16-5-47. Defendant denies the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 63 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint.

## COUNT I
## ALLEGED STATUTORY LIABILITY 18 U.S.C § 1595

64.

Defendant incorporates by reference its responses to Paragraphs 1 through 63 as if fully stated herein.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 73 of Plaintiff's. Defendant denies that it participated in any ventures contemplated by the allegations in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT II – ALLEGED NUISANCE

80.

Defendant incorporates by reference its responses to Paragraphs 1 through 79 as if fully stated herein.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

For answer to Paragraph 84 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to enable it to admit the allegation that D.H. was a victim of sex trafficking at the Super 8. Defendant further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant further denies the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

## ALLEGED DAMAGES

87.

Defendant incorporates by reference its responses to Paragraphs 1 through 86 as if fully stated herein.

88.

Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint. For further answer, Defendant denies that it is liable for each and every claim Plaintiff has alleged against it under Georgia law, or the TVPRA. Defendant

further denies that Plaintiff is entitled to recover against it, and specifically denies the allegations contained in the third sentence of Paragraph 88 of Plaintiff's Complaint, including subparagraphs a – i.

89.

Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendant denies being indebted to Plaintiff in any amount whatsoever, and if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this Response, they are hereby denied.

WHEREFORE, having fully defended, Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham respectfully prays as follows:

A.    Plaintiff's Complaint be dismissed with prejudice;

B.    Defendant be awarded its attorneys' fees and costs incurred in connection with the defense of this action;

C.      For interest on the foregoing sums at the highest rate allowable at law; and

D.      For such other and further relief as the Court deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

This 21st day of September, 2022.

SWIFT, CURRIE, McGHEE & HIERS

By:     */s/ Roger E. Harris*
        Roger E. Harris
        Georgia State Bar No. 331302
        Marissa H. Merrill
        Georgia State Bar No. 216039
        *Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Tel:  404.888.6162
Fax:  404.888.6199
roger.harris@swiftcurrie.com
marissa.merrill@swiftcurrie.com

## CERTIFICATE OF COMPLAINCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Roger E. Harris*
Roger E. Harris
Georgia State Bar No. 331302
Marissa H. Merrill
Georgia State Bar No. 216039
***Attorneys for Defendant Tucker Inn
Inc. d/b/a America's Best Value Inn***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.888.6162
Fax: 404.888.6199
roger.harris@swiftcurrie.com
marissa.merrill@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of September, 2022, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED D/B/A SUPER 8 BY WYNDHAM ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Roger E. Harris*
         Roger E. Harris
         Georgia State Bar No. 331302
         Marissa H. Merrill
         Georgia State Bar No. 216039
         *Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.888.6162
Fax: 404.888.6199
roger.harris@swiftcurrie.com
marissa.merrill@swiftcurrie.com

4876-6722-3348, v. 1