UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> Plaintiff, <br><br> v. <br><br> TUCKER INN INCORPORATED, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:22-CV-3419-JPB |

# ORDER

This matter is before the Court on Tucker Inn Incorporated's ("Defendant") Motion to Dismiss [Doc. 10]. This Court finds as follows:

## BACKGROUND

D.H. ("Plaintiff") alleges that in September 2015, she was sex trafficked at the Super 8 (the "Hotel") when she was fifteen years old. [Doc. 1, p. 3]. Plaintiff claims that her trafficker kept two rooms rented at the Hotel where she was made to have sex with as many as twenty older men each day. Id. at 10–11. According to Plaintiff, at all times relevant to her trafficking, Defendant owned, controlled, operated, supervised and managed the Hotel where Plaintiff was trafficked. Id. at 3, 7.

Plaintiff contends that prior to and during her trafficking, prostitution and child sex trafficking was open, obvious and rampant at the Hotel. Id. at 17–18.

Plaintiff witnessed more than ten other sex traffickers operating openly at the Hotel and Plaintiff estimates that there were 100 or more buyers there each day. Id. at 9. Plaintiff also witnessed at least twenty other victims being trafficked for sex at the Hotel. Id. Plaintiff describes seeing women and children wearing lingerie or very little clothing throughout the Hotel. Id. Plaintiff also observed a constant stream of men visiting the rooms of these women and children for short periods of time, one after another. Id.

During her trafficking at the Hotel, Plaintiff alleges that she exhibited numerous well-known and visible signs common to minor sex trafficking victims, including her age and inappropriate appearance, fatigue, sleep deprivation, injuries, failure to make eye contact with others, loitering and solicitation of male patrons. Id. at 11. Plaintiff contends that her rooms also evidenced numerous well-known signs of sex trafficking such as many daily, older male visitors, an excessive number of used condoms and towels and other sex-related paraphernalia. Id. at 11, 13. Plaintiff's trafficker also paid cash received from Plaintiff's trafficking for an additional day every day at the Hotel, which Plaintiff avers was an additional sign of sex trafficking. Id. at 12.

Plaintiff contends that Defendant's employees had knowledge of and allowed, condoned, facilitated and/or ignored the widespread prostitution and sex trafficking occurring at the Hotel. Id. at 18. As to Plaintiff specifically, Plaintiff

claims that she regularly interacted with the Hotel's employees and in one instance, an employee confronted Plaintiff and asked if she was okay. Id. at 12–13. However, when Plaintiff told Defendant's employee that she was not okay, the employee did nothing. Id. at 13.

Moreover, Plaintiff contends that Defendant's employees knew or should have known generally about the sex crimes being committed at the Hotel based on an extensive history of police reports regarding incidents relating to sex crimes at the Hotel and public complaints from the Hotel's patrons. Id. at 19–22, 24–27. Plaintiff points to twenty incidents in the four years leading up to Plaintiff's trafficking where the police investigated and/or made arrests for sex crimes at the Hotel. Id. at 19–22. Plaintiff also points to nine online reviews by patrons of the Hotel which cited safety concerns and sex crimes that they observed taking place during their stay. Id. at 24–26. Ultimately, Plaintiff alleges that Defendant provided a market and beds for traffickers to sell women and children for sex which caused her trafficker to bring her to the Hotel to be sold for sex. Id. at 18.

On August 24, 2022, Plaintiff filed this suit against Defendant alleging the following causes of action: (1) violation of 18 U.S.C. § 1595(a), known as the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and (2) nuisance. See id. In her Complaint, Plaintiff seeks damages including attorney's fees, costs and punitive damages under the TVPRA and O.C.G.A. §§ 13-6-11, 9-11-68 and 9-

15-14.  Id.  Defendant filed the instant Motion seeking dismissal of all of Plaintiff's claims on September 21, 2022.  [Doc. 10].  The Motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff."  Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement.  Id.  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted).  At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at

678). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), a court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, Iqbal, 556 U.S. at 678.

Accordingly, evaluation of a motion to dismiss requires two steps: (1) a court must eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are remaining well-pleaded factual allegations, a court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## ANALYSIS

In its motion, Defendant contends that Plaintiff's TVPRA and nuisance claims should be dismissed. Defendant also argues that Plaintiff's claims for attorney's fees, costs and punitive damages should be dismissed. The Court will address each claim in turn.

1. **TVPRA**

The TVPRA offers a civil remedy to victims of certain types of human trafficking. The civil remedy portion of the TVPRA provides that a trafficking victim may bring a civil suit against a sex-trafficking perpetrator or "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has

engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a).  In this case, Plaintiff is not suing the perpetrator, but rather Defendant, who she claims knowingly benefited from the sex trafficking.  To state a claim for beneficiary liability under the TVPRA, a plaintiff must plausibly allege that the defendant:

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

Doe #1 v. Red Roof Inns, Inc., 21 F.4th 726 (11th Cir. 2021).

As to the first element, a plaintiff must allege that the defendant "knew it was receiving some value from participating in the alleged venture." Id. at 724.  In this case, Plaintiff alleges that Defendant rented two rooms to Plaintiff's trafficker and received cash from the room rental.  This Court finds that the revenue from the room rental constitutes a financial benefit sufficient to meet the "knowingly benefited" standard.  See S.Y. v. Best W. Int'l, Inc., No. 2:20-cv-616, 2021 WL 2315073, at *5 (M.D. Fla. June 7, 2021); see also A.B. v. H.K. Grp. of Co., No. 1:21-cv-1344, 2022 WL 467786, at *4 (N.D. Ga. Feb. 9, 2022) (holding that the money received from room rentals constitutes a benefit, knowingly received).

The second element requires a plaintiff to allege that a defendant participated in a venture.  As to this element, the Eleventh Circuit Court of Appeals has made clear that the definition of "participation in a venture" is not the same as

that found in the criminal provisions of § 1591(e)(4).[1]  Red Roof Inns, 21 F.4th at 724.  Instead, in the civil context, "participation in a venture" merely requires that a plaintiff allege that the defendant "took part in a common undertaking or enterprise involving risk and potential profit."  Id. at 725.

In this case, Plaintiff has made the "kinds of allegations [that] would establish a hotel operator's participation in a venture with a sex trafficker."  Id. at 726.[2]  Plaintiff's allegations are sufficient because she alleges that Defendant had rented rooms to her trafficker and that Defendant knew or should have known that the trafficker was presently engaged in sex trafficking with Plaintiff.  Plaintiff's Complaint adequately sets forth the reasons why Defendant should have been on notice of the sex trafficking and how it failed to prevent it.  Plaintiff alleges that she regularly interacted with Defendant's employees and exhibited well-known

---

[1] Under the criminal provisions, "participation in a venture" is defined as "knowingly assisting, supporting, or facilitating a violation of subsection(a)(1)," which criminalizes commercial sex acts of minors.  Red Roof Inns, 21 F.4th at 724.

[2] In Red Roof Inns, 21 F.4th at 725, the Eleventh Circuit approved of the disposition in Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017).  In Ricchio, a plaintiff's claims were allowed to proceed against the operators of a hotel where she was held hostage and sexually abused because the hotel operators and the trafficker had prior commercial dealings, which the parties wished to resume for profit.  853 F.3d at 555–56.  After considering these prior dealings, the First Circuit Court of Appeals determined that the plaintiff plausibly alleged that—by renting a room to the trafficker—the hotel operators were "associating with him in an effort to force [the plaintiff] to serve their business objective."  Id. at 555.  Notably, the Eleventh Circuit stated that "[w]e agree that these kinds of allegations would establish a hotel operator's participation in a venture with a sex trafficker."  Red Roof Inns, 21 F.4th at 726.

signs consistent with a trafficking victim. Moreover, Plaintiff contends that one of Defendant's employees asked Plaintiff if she was okay then did nothing when Plaintiff responded that she was not okay. At bottom, the allegations are sufficient to allege participation in a venture. See Best W. Int'l, 2021 WL 2315073, at *4 (holding that it was sufficient for a plaintiff to plead that the defendants participated in a venture by renting rooms to people it knew or should have known were engaged in sex trafficking).

As to the third element, a plaintiff must allege "that the venture . . . violated the TVPRA as to the plaintiff." Red Roof Inns, 21 F.4th at 725. The TVPRA criminalizes various acts of human trafficking. In this case, Plaintiff specifically alleges that she was trafficked in violation of § 1591(a), which makes it a crime to cause a person who has not yet attained the age of eighteen years to engage in a commercial sex act. Consequently, as to this element, Plaintiff must therefore plead sufficient facts to plausibly allege that the venture in which Defendant participated committed a crime against her.

Defendant argues that this element is not satisfied because Plaintiff did not allege that Defendant knew or acted in reckless disregard in furtherance of the alleged child sex trafficking venture. Defendant misstates the standard. In fact, the Eleventh Circuit has determined that, to establish a violation of § 1591(a), it is sufficient that the plaintiff allege that she was a minor when she was forced to

engage in commercial sex acts and that the Defendant had a reasonable opportunity to observe her on the premises.  See United States v. Whyte, 928 F.3d 1317, 1328 (11th Cir. 2019).  Here, Plaintiff alleges that she was a minor when she was made to engage in commercial sex acts with as many as twenty men each day.  She further alleges that Defendant had ample opportunity to observe her in common areas of the Hotel and through her frequent interactions with Defendant's employees, including the time that Plaintiff told a front desk employee that she was not okay.  This Court finds that Plaintiff's allegations are more than sufficient to show that the venture violated the TVPRA as to Plaintiff.

Finally, as to the last element, the allegations must show that a defendant had actual or constructive knowledge that the venture violated the TVPRA as to the plaintiff.  Red Roof Inns, 21 F.4th at 725.  Knowledge is defined as "an awareness or understanding of a fact or circumstance." Id.  Conversely, constructive knowledge "is that knowledge which 'one using reasonable care or diligence should have.'" Id.

The Court finds that Plaintiff has adequately alleged that Defendant had actual or constructive knowledge of Plaintiff's sex trafficking at the Hotel.  In Plaintiff's Complaint, she alleges that Defendant knew or should have known about the sex trafficking venture based on the following:  Plaintiff's age and inappropriate appearance, her fatigue and sleep deprivation, her injuries, her failure

to make eye contact with others, her loitering, her solicitation of male patrons and the number of men visiting her room. Courts considering similar allegations have found the allegations sufficient to infer that a defendant knew or should have known of the sex trafficking venture, and the Court finds these allegations sufficient as well. S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1257 (M.D. Fla. 2020) (collecting cases).

As explained in the preceding paragraphs, Plaintiff has sufficiently alleged facts to support each element of her TVPRA claim. As such, to the extent Defendant seeks dismissal of the TVPRA claim, Defendant's motion is **DENIED**.

### 2. Nuisance

The Court next evaluates whether Plaintiff adequately alleges a claim for nuisance. Under Georgia law, a nuisance is defined as "anything that causes hurt, inconvenience, or damage to another . . . ." O.C.G.A § 41-1-1. To establish a nuisance claim, a plaintiff must allege "the existence of the nuisance complained of, that he or she has suffered injury, and that the injury complained of was caused by the alleged nuisance." Bord v. Hillman, 780 S.E.2d 725, 728 (Ga. Ct. App. 2015). Defendant argues that Plaintiff's nuisance claim should be dismissed because Plaintiff failed to assert that Defendant had control over the alleged harm suffered by Plaintiff. In other words, Defendant argues that Plaintiff has not alleged that Defendant, itself, caused Plaintiff to be sex trafficked. Because

Defendant only challenges Plaintiff's ability to establish the causation element of her nuisance claim, this Court will focus its analysis on that element.

Causation is an essential element of nuisance claims.  Alexander v. Hulsey Env't Servs., Inc., 702 S.E.2d 435, 439 (Ga. Ct. App. 2010).  To establish proximate cause for a nuisance claim, "a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury."  Id.  A successful nuisance claim cannot be based on mere speculation, conjecture or a *possibility* of causation.  Id.  Rather, the causation standard is that "it is more likely than not that the conduct of the defendant was a cause in fact of the result."  Id.

Contrary to Defendant's contention, this Court finds that Plaintiff has sufficiently pleaded facts that allow the Court to draw a reasonable inference that Defendant's conduct caused Plaintiff to be sex trafficked at the Hotel.  First, Plaintiff alleges, and Defendant does not dispute, that Defendant owned and operated the Hotel where Plaintiff was trafficked.  Further, as this Court previously concluded, Plaintiff's Complaint adequately sets forth the reasons why Defendant should have been on notice of the rampant sex trafficking occurring at the Hotel and how it failed to prevent it.  As such, Plaintiff has alleged facts sufficient to demonstrate that Defendant's management of the Hotel in a way which allowed for the widespread commission of sex crimes created a market and beds for sex traffickers to operate.  This sufficiently demonstrates a legally attributable causal

11

connection between Defendant's conduct and Plaintiff's trafficking. Thus, Defendant's argument for dismissing Plaintiff's nuisance claim fails and dismissal on that basis is **DENIED**.

### 3. Attorney's Fees, Costs and Punitive Damages

Finally, this Court examines Plaintiff's claims for attorney's fees, costs and punitive damages. Defendant argues that Plaintiff did not sufficiently plead her claims for attorney's fees and costs. However, Defendant provides little context as to why it contends Plaintiff's claims are deficiently pled. Absent any substantive arguments demonstrating why these claims fail, dismissal of Plaintiff's claims for attorney's fees and costs is **DENIED**.

Likewise, Defendant argues that Plaintiff has failed to sufficiently plead her claim for punitive damages. More specifically, Defendant contends that Plaintiff has failed to allege factual details of Defendant's actions that exhibited "willful misconduct, malice, fraud, wantonness, oppression, or . . . entire want of care which would raise the presumption of conscious indifference to consequences" as required to recover punitive damages under Georgia law. See O.C.G.A. § 51-12-5.1. This Court disagrees. As analyzed above, this Court has concluded that Plaintiff's Complaint adequately sets forth allegations showing that Defendant knew or should have known about the rampant sex crimes occurring at the Hotel and yet failed to prevent it. The Court finds that such allegations also demonstrate

the type of misconduct that would support an award of punitive damages. Accordingly, dismissal of Plaintiff's claim for punitive damages is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. The parties are reminded that they have six months to complete discovery, which shall commence thirty days after Defendant files it answer.

**SO ORDERED** this 1st day of September, 2023.

_____
J. P. BOULEE
United States District Judge