IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D.H., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:22-cv-3419-JPB |
| | : | |
| TUCKER INN, INC., d/b/a | : | PRETRIAL CONFERENCE |
| SUPER 8 BY WYNDHAM, | : | REQUESTED |
| | : | |
| Defendant. | : | |

## <u>CONSOLIDATED PRETRIAL ORDER</u>

Plaintiff D.H. and Defendant Tucker Inn, Inc. d/b/a Super 8 by Wyndham, by

and through their undersigned counsel, submit this proposed consolidated pretrial

order.

## 1.

**There are no motions or other matters pending for consideration by the**
**court except as noted:**

**Defendant**: Defendant's motion to limit or exclude the testimony and opin-

ions of Plaintiff's expert, Anique Whitmore, is pending. It is Defendant's under-

standing that Plaintiff has not decided whether to call Ms. Whitmore at trial. If she

is formally withdrawn as a testifying expert, Defendant's motion is moot. If she is

going to testify, Defendant requests that its motion be heard and ruled upon at or

near the time of the requested pre-trial conference. **Plaintiff:** Plaintiff respectfully requests that the Court defer ruling on Defendant's motion to limit or exclude the testimony and opinions of Plaintiff's expert, Anique Whitmore, until after Defendant's limited deposition of Plaintiff. Plaintiff will update her witness list and inform the Court of her decision to call Ms. Whitmore within seven days of the deposition.

## 2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to L.R. 37.1(B)). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

**Defendant**:  Due to Plaintiff's recent supplemental discovery production on February 19, 2025, which included photographs and Facebook posts by Plaintiff on or about the subject time period of her trafficking and at the Defendant's property, Defendant has requested to take a second, limited, deposition of Plaintiff regarding this new document production.  Defendant agrees to Plaintiff's proposal to limit this second deposition to two hours and focused on the newly produced material and its relation to prior testimony. The parties will also cooperate to schedule trial depositions, if any.

**Plaintiff:** Plaintiff does not object to Defendant's request for a limited deposition, provided that it is limited to two hours and focused solely on the newly produced material. All other discovery has been completed. The parties will cooperate

in scheduling any trial depositions, if any.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

**4.**

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under 18 U.S.C. § 1595(a), and pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims form part of the same case or controversy as their federal law claims. There is no dispute as to jurisdiction.

**5.**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

**Defendant:**

Kori E. Wagner
Georgia Bar No. 155438
Kori.wagner@swiftcurrie.com
Marissa H. Merrill
Georgia Bar No. 216039
Marissa.merrill@swiftcurrie.com
Tracy A. Gilmore
Georgia Bar No. 633193
Tracy.gilmore@swiftcurrie.com
SWIFT CURRIE McGHEE & HIERS, LLP
1420 Peachtree St. NE
Suite 800
Atlanta, GA 30309
(404) 874-8800 – Telephone
(404) 888-6199 – Facsimile

**Other Parties**: None.

### 6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to L.R. 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.

### 7.

The captioned case shall be tried ( X ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

### 8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

The parties agree to bifurcate the consideration of punitive damages and attorneys' fees.

### 9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

The parties respectfully request that the Court incorporate the questions in Attachment "A" into the standard jury qualification process.

### 10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which

**defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

**The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

The Parties will exchange voir dire questions by March 14, 2025, and objections by March 28, 2025, and will provide these to the Court in advance of the pretrial conference.

## 11.

**State any objections to plaintiff's voir dire questions:** See below.

**State any objections to defendant's voir dire questions:** See below.

**State any objections to the voir dire questions of the other parties, if any:**

The Parties will exchange voir dire questions by March 14, 2025, and objections by March 28, 2025, and will provide these to the Court in advance of the

pretrial conference.

### 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).**

Given the potentially sensitive nature of the subject matter of the lawsuit, which will involve discussion of sex trafficking and prostitution, including physical violence, sexual violence, and sexual trauma, the Parties propose a larger panel of 50 potential jurors.

Plaintiff requests that each party be granted three (3) peremptory challenges.

Defendant requests that each party be granted six (6) peremptory challenges. Defendant also requests, given the nature of the facts at issue, that the parties be allowed to conduct a thorough voir dire, as opposed to using a questionnaire.

### 13.

**State whether there is any pending related litigation. Describe briefly, including style and civil action number.**

There are no related cases.

### 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which**

shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

## 15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

## 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

The Parties will submit any stipulations of fact to the court no later than ten

days before the date of the pretrial conference.

**17.**

**The legal issues to be tried are as follows:**

**By Plaintiff:**

(1) Whether Defendant is liable to Plaintiff under the TVPRA, 18 U.S.C. § 1595.

(2) Whether the Defendant is liable to Plaintiff for creating a public nuisance, in violation of O.C.G.A. § 41-1-3 and/or § 41-3-1.

(3) Whether the Defendant is liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, consequential damages, and punitive damages.

(4) Whether the Defendant is liable to Plaintiff for costs, expenses and reasonable attorneys' fees including fees pursuant to the O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595, or any other fee-shifting statute.

(5) Whether Georgia law, O.C.G.A. § 51-12-33, permits Defendant to apportion damages to non-parties for Plaintiff's claims under the TVPRA, 18 U.S.C. § 1595, a federal statute to which the default rule of joint and several liability applies.

(6) Whether Plaintiff is entitled to punitive damages against Defendant under the TVPRA, 18 U.S.C. § 1595.

(7) Whether Plaintiff is entitled to punitive damages against Defendant under O.C.G.A. § 51-12-5.1.

(8) Any additional legal issues raised by any affirmative defenses or counterclaims Defendant may assert.

**By Defendant:**

(1)      Whether Defendant "knowingly benefit[ted], financially or by receiving anything of value from Plaintiff's trafficker";

(2)      Whether Defendant participated in a venture that violated the TVPRA;

(3)     Whether such venture violated the TVPRA as to the Plaintiff;

(4)     Whether Defendant participated in a venture which it knew or should have known was engaged in sex trafficking;

(5)     Whether Defendant's property constituted a public nuisance under Georgia law, O.C.G.A. § 41-1-1, *et seq*.;

(6)     Whether Plaintiff suffered any damages proximately caused by the acts or omissions of other persons or entities, and not Defendant;

(7)     Whether Plaintiff's actions or inactions caused or contributed to her claimed injuries and damages;

(8)     Whether Plaintiff suffered any damages as a result of acts or omissions by Defendant and, if so, in what amounts;

(9)     If necessary, whether Plaintiff was directly harmed as a result of the Defendant's hotel property being a nuisance;

(10)     If necessary, the amount of general and special damages to be awarded;

(11)     Apportionment of damages, if any, as between Plaintiff and Defendant;

(12)     Whether punitive damages are warranted and, if necessary, the amount of such damages, including whether the statutory cap of $250,000 provided by O.C.G.A. § 51-12-5.1(g) applies;

(13)     Whether Plaintiff is entitled to recover costs, expenses, and/or reasonable attorneys' fees and reasonable costs pursuant to O.C.G.A. §§13-6-11, 9-11-68, 9-15-14 and/or 18 U.S.C. §1595.

**18.**

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a**

witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

## 19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed

document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The Parties are in the process of meeting and conferring and will submit their exhibit lists by March 21, 2025 and objections by April 4, 2025.

## 20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

The Parties are in the process of exchanging deposition designations, counter designations, and objections. The Parties will exchange deposition designations on March 14, 2025. The Parties will exchange counter designations and objections by March 28, 2025 and will provide these to the Court in advance of the pretrial conference.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of

counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

## 21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The Parties will submit trial briefs, if any, to the Court at least fourteen (14)

days before the start of trial.

## 22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

The Parties will submit proposed jury charges to the Court no later than 9:30

a.m. on the date on which the case is specially set for trial.

**23.**

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

The Parties will submit proposed verdict forms to the Court no later than 9:30

a.m. on the date on which the case is specially set for trial.

**24.**

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The Parties request that they be permitted up to one hour (for each side) for

opening statements and closing arguments.

**25.**

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

Not Applicable.

**26.**

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on February 6, 2025, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:**

(_) A good possibility of settlement.

(_) Some possibility of settlement.

(X) Little possibility of settlement.

(_) No possibility of settlement.

## 27.

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

Given current leaves of absence, the Parties request the Court specially set this case for trial.

## 28.

**Plaintiff estimates that she will require [3 days] to present her evidence. Defendant estimates that it will require [1-2 days] to present its evidence. It is estimated that the total trial time is [4-5 days], plus time for voir dire, jury selection, opening statements, charge conference, and closing arguments.**

## 29.

**IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.**

**IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.**

**SO ORDERED** this 27th day of February, 2025.

_____
**J. P. BOULEE**
United States District Judge

**Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.**

/s/ Jonathan S. Tonge
_____
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone

(770) 822-9680 | Facsimile
*Attorneys for Plaintiff D.H.*

/s/ Marissa H. Merrill
_____
KORI E. WAGNER
Georgia Bar No. 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
Attorneys for Defendant

SWIFT, CURRIE, MCGHEE &
HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on February 25, 2025.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff D.H.*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

4933-7095-1968, v. 1

**Defendant's Attachment A: Civil Qualifying Jury Questions**

1. Has anyone ever been convicted of a felony?

2. Is there anyone here who is not a U.S. Citizen?

3. Is there anyone here who is not at least 18 years old?

4. Is there anyone here who does not live in this division of the Northern District of Georgia, which includes Cherokee, Clayton, Cobb, Dekalb, Douglas, Fulton, Gwinnett, Henry, Newton, and Rockdale counties?

**Attachment "C"**
**Plaintiff's Outline of the Case**

Plaintiff alleges injuries and damages sustained as a minor victim of sex trafficking at 1600 Crescent Centre Blvd., Tucker, Georgia, 30084 (hereafter, the "Super 8") in and around September 2015.

Plaintiff specifically alleges that Defendant profited from the operation of the Super 8 and knew or should have known of prostitution and sex trafficking at their hotel, including Plaintiff's, making them liable to Plaintiff for damages. Tucker Inn, Inc. has owned and operated the property since the late 1980s. At all times relevant to this complaint, Defendant owned, operated, managed, supervised, and controlled the renting of rooms at the ABVI, from which it benefited financially.

Plaintiff asserts that (1) Defendant knew or should have known that the Super 8 violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") and knowingly benefited from participation in ventures that it knew or should have known engaged in sex trafficking in violation of the TVPRA and (2) the operation of the Super 8 constituted a public nuisance in violation of O.C.G.A. § 41-1-1, *et seq*.

Plaintiff will seek general non-economic damages under the TVPRA in an amount determined by the enlightened conscience of the jury in light of the evidence presented at trial. This includes, but is not limited to, past, present, and future physical and mental harm and pain and suffering. Plaintiff will seek to hold

1

Defendant jointly and severally liable for injuries arising out of Plaintiff's claims under the TVPRA.

Plaintiff will seek all damages available under O.C.G.A. §§ 41-1-3 and 41-3-1 in an amount to be determined by the evidence presented at trial and the enlightened conscience of the jury.

Plaintiff also seeks punitive damages under the TVPRA and Georgia law in an amount to be determined by the jury. Plaintiff intends to request between $10 million and $100 million in punitive damages, depending on the testimony and evidence presented at trial. Plaintiff reserves the right to pursue all damages allowed under Georgia and federal law for her injuries and Defendant's unlawful actions.

Finally, Plaintiff will seek to recover reasonable attorney's fees, costs, and expenses under the TVPRA, Georgia law, and any other fee-shifting authority.

## LAW TO BE RELIED UPON BY PLAINTIFF

Plaintiff may rely on the statutes and representative case law listed below, and similar cases, and expressly incorporates by reference as if fully rewritten herein, all statutes and representative case law cited in any parties' summary judgment briefing.

- 18 U.S.C. § 1591, *et seq.*

- O.C.G.A. § 41-1-1, *et seq.*

- O.C.G.A. § 13-6-11

2

- O.C.G.A. § 9-11-68

- O.C.G.A. § 9-15-14

- *A.B. v. Marriott Int'l, Inc.,* No. CV 19-5770, 2020 WL 1939678 (E.D. Pa. Apr. 22, 2020)

- *A.G. v. Northbrook Indus., Inc.*, 1:20-CV-05231-JPB, 2022 WL 1644921 (N.D. Ga. May 24, 2022)

- *Alexander v. Hulsey Env't Servs., Inc.*, 702 S.E.2d 435 (Ga. Ct. App. 2010)

- *Allen v. Tyson Foods, Inc*., 121 F.3d 642 (11th Cir. 1997)

- *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)

- *Asphalt Prods. Co. v. Marable*, 65 Ga. App. 877 (1941)

- *Atlanta Processing Co. v. Brown*, 179 S.E.2d 752 (1971)

- *Bacon v. Walker*, 77 Ga. 336 (1886)

- *Bethany Group, LLC v. Grobman*, 315 Ga. App. 298, 727 S.E.2d 298 (2012)

- *Birdwell v. State*, 112 Ga. App. 836 (1965)

- *Bord v. Hillman*, 335 Ga. App. 18 (2015)

- *Brindle v. Copeland*, 145 Ga. 398 (1916)

- *Camelot Club Condominium Association, Inc. v. Afari-Opoku*, 340 Ga. App. 618, 798 S.E.2d 241 (2017)

- *Chancey v. Hancock*, 213 S.E.2d 633 (1975)

- *Chronic v. State*, 151 S.E.2d 448 (Ga. 1966)

- *City of Douglasville v. Queen,* 270 Ga. 770 (1990)

- *Clifton v. State*, 53 Ga. App. 241 (1874)

- *Cotton v. City of Atlanta*, 10 Ga. App. 397 (1912)

- *C.T. v. Red Roof Inns, Inc*., 2:22-CV-834-JES-KCD, 2023 WL 3510879 (M.D. Fla. Mar. 11, 2023)

- *D.H. v. Tucker Inn In*c., 1:22-CV-3419-JPB, 2023 WL 6538391 (N.D. Ga. Sept. 1, 2023)

- *Doe #1 v. Red Roof Inns, Inc.,* 21 F.4th 714 (11th Cir. 2021)

- *Does 1-4 v. Red Roof Inns, Inc*., 1:21-CV-04278-WMR, 2023 WL 5444261 (N.D. Ga. Aug. 10, 2023)

- *E.M. v. Tucker Inn Inc.*, No. 22-cv-2559, 2024 WL 4005218 (N.D. Ga. July 15, 2024)

- *Fanning v. State*, 17 Ga. App. 316 (1915)

- *Fitzgerald v. State*, 10 Ga. App. 70 (1911)

- *Frazier v. State*, 93 Ga. App. 204 (1956)

- *Galaxy Carpet Mills, Inc. v. Massengill*, 255 Ga. 360 (1986)

- *Ga. R.R. & Banking Co. v. Maddox*, 116 Ga. 64 (1902)

- *G.G. v. Salesforce.com, Inc*., 76 F.461 544 (7th Cir. 2023)

- *G.W. v. Northbrook Indus., Inc.*, 1:20-CV-05232-JPB, 2022 WL 1644923 3 (N.D. Ga. May 24, 2022)

- *Griggs v. City of Macon*, <u>154 Ga. 519</u> (1922)

- *G.W. v. Northbrook Indus., Inc.*, No. 20-cv-5232, <u>2024 WL 3166083</u> (N.D. Ga. June 14, 2024)

- *I.R. v. I Shri Khodiyar, LLC,* No. 1:22-CV-00844-SEG, 2024 WL 1928755 (N.D. Ga. Ma<u>r. 18,</u> <u>2024</u>)

- *Doe v. Suresh & Durga, Inc.*, No. 20A83795-5, Order Granting Partial Summ. J. as to Pl.'s Nuisance Claim (Ga. State Ct. May 8, 2024)

- *J.G. v. Northbrook Indus., Inc.*, <u>619 F. Supp. 3d 1228</u> (N.D. Ga. 2022)

- *Johnson St. Props., LLC v. Clure*, <u>805 S.E.2d 60</u> (Ga. 2017)

- *Kessler v. State*, <u>119 Ga. 301</u> (1904)

- *M.A. v. Wyndham Hotels & Resorts, Inc.*, <u>425 F. Supp.3d 959</u> (S.D. Ohio 2019)

- *Martin v. State*, <u>62 Ga. App. 902</u> (1940)

- *McDonald v. Silver Hill Homes, LLC*, <u>242 Ga. App. 194</u> (2017)

- *Moreland v. Cheney*, <u>267 Ga. 469</u> (1997)

- *Ricchio v. Bijal, Inc., <u>386 F. Supp. 3d 126</u> (D. Mass. 2019)*

- *Ricchio v. McClean, <u>853 F.3d 553</u> (1st Cir<u>. 2017</u>)*

- *Rice v. Six Flags Over Ga.*, <u>257 Ga. App. 864</u> (2002)

- *Savannah, F. & W. Ry. Co. v. Parish*, 117 Ga. 893 (1903)

- *Shell Oil Co. v. Diehl*, 205 Ga. App. 367, 422 S.E.2d 63 (1992)

- *Sons of Confederate Veterans v. Henry Cnty. Bd. of Comm'rs*, 315 Ga. 39 (2022)

- *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613 (2021)

- *S. Y. v. Naples Hotel Co.*, 476 F. Supp.3d 1251 (M.D. Fla. 2020)

- *Thrower v. State*, 117 Ga. 753 (1909)

- *Tyler v. Lincoln*, 272 Ga. 118 (2000)

- *United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)

- *U.S. v. Bhimani*, 3:17-cr-324, 2021 WL 5179196 (M.D. Pa. Nov. 8, 2021)

- *U.S. v. Coe*, 718 F.2d 830 (7th Cir. 1983)

- *U.S. v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), as revised (Dec. 27, 2011)

- *U.S. v. Gewin*, 471 F.3d 197 (D.C. Cir. 2006)

- *U.S. v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558 (1971)

- *U.S. v. Prather*, 205 F.3d 1265 (11th Cir. 2000)

- *U.S. v. Perez*, 698 F.2d 1168 (11th Cir. 1983)

- *U.S. v. Robinson*, 702 F.3d 22 (2d Cir. 2012)

- *U.S. v. Weisz*, 718 F.2d 413 (D.C. Cir. 1983)

- *U.S. v. Whyte*, 928 F.3d 1317 (11th Cir. 2019

- *U.S. v. Wert-Ruiz*, 228 F.3d 250 (3d Cir. 2000)

- *Weller v. Blake*, 315 Ga. App. 214 (2012)

- *White v. Ga. Power Co.*, 595 S.E.2d 353 (Ga. 2004)

- *W.K. v. Red Roof Inns, Inc.*, 1:20-CV-05263-VMC, 2023 WL 6290523 (N.D. Ga. Sept. 14, 2023)

- *Woodstone Townhouses, LLC v. S. Fiber Worx, LLC*, 855 S.E.2d 719 (2021)

## ATTACHMENT "D"

### Defendant's Outline of the Case

Defendant denies that it is liable to Plaintiff D.H. for claimed damages resulting from being trafficked for sex by Santresia Woods at Defendant's hotel under any theory of liability, including negligence, violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a) ("TVPRA"), and/or public nuisance.

Plaintiff D.H. alleges that she was trafficked for sex by her sister Santresia Woods on September 2-9, 2015, when she was 15 years old. D.H. came to Defendant's hotel property on September 2, 2015, with Santresia Woods who initially rented a room for herself, her children and D.H. At some point during the stay, two other sisters came and an adjoining rooms was rented. While at the hotel, D.H. alleges that Santresia Woods forced her to participate in sexual acts with John Does who visited the hotel in exchange for money. D.H. filed this lawsuit against Tucker Inn, Incorporated, owner of the hotel property, alleging that it knowingly benefitted from Plaintiff's sex trafficking by receiving a percentage of the revenue generated by its operation; participated in a venture by associating with Plaintiff's sex trafficker, facilitating the trafficking and providing the necessary venue to the trafficker; and that Defendant knew or should have known the venture violated the TVPRA because it and its employees or agents had the opportunity to observe

1

Plaintiff at the hotel with and without her trafficker and signs of sex trafficking by and around Plaintiff and her hotel room. D.H. asserts that she suffered harm as a direct result of Defendant's participation in this venture. D.H. further claims that Defendant maintained the hotel property as a public nuisance, and she was harmed as a direct result of that nuisance.

Defendant denies D.H.'s claims, as it did not associate with Plaintiff's trafficker, nor did it facilitate her trafficking. Specifically, Defendant had no actual or constructive knowledge that D.H. was engaging in commercial sex while at its property. Further, D.H. arguably had superior knowledge of her trafficker, her sister, and the foreseeable harm prior to arriving at the Defendant's hotel property because she had been trafficked by her sister at other numerous properties before arriving at the Defendant's hotel property. In addition, she knew her sister was posting ads selling D.H. for sex. Furthermore, sex trafficking is a clandestine and insidious crime that is not a foreseeable event. Defendant denies that any alleged injuries and damages incurred by D.H. were caused by any acts or omissions of Defendant, but were instead caused by the acts and omissions of others for whom Defendant bears no legal responsibility, including, D.H.'s sister, her trafficker, Frank Brown and unidentified John Does (or buyers), and owners/operators of other hotels where D.H. was allegedly trafficked. are the perpetrators who caused her harm. Because the intervening criminal acts of the third-party trafficker was not reasonably foreseeable

because Defendant had no knowledge of sex trafficking with respect to D.H. and/or her trafficker, Defendant owed no duty to protect D.H. from the unforeseeable criminal acts of her trafficker or the John Doe buyers.

Defendant also denies that its property constituted a public nuisance in violation of O.C.G.A. §41-1-1, *et seq.* at the time that D.H. was at its property.

**Relevant rules, regulations, statutes, ordinances, and illustrative case law to be relied upon by Defendant:**

Defendant may rely on the statutes and illustrative case law listed below and cases of a similar nature, and expressly incorporates by reference as if listed fully herein, all statutes and case law cited in any parties' summary judgment briefs.

- Contributory or comparative negligence;

- Trafficking Victims Protection Reauthorization Act, including 18 U.S.C. §§ 1589, 1591, 1595;

- 42 U.S.C. §2000a;

- O.C.G.A. § 51-3-1;

- O.C.G.A. § 51-11-7;

- O.C.G.A. § 51-12-5.1;

- O.C.G.A. § 51-12-33;

- O.C.G.A. § 9-3-33;

- O.C.G.A. § 51-12-11;

- O.C.G.A. § 41-1-2;

- O.C.G.A. § 41-1-3;

- O.C.G.A. § 41-3-1(b);

- A.B. v. Marriott Int'l, Inc., 455 F.Supp.3d 171, 22-23 (E.D. Penn 2020);

- A.B. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC, No. 1:21-cv-1344-TCB [Doc. 62] (N.D. Ga. Feb. 9, 2022).

- A.D. v. Holistic Health Healing, Inc., 2:22-cv-641-JES-NPM, 2023 WL 2242507 (M.D. Fla. Feb. 27, 2023);

- A.D. v. Holistic Health Healing, Inc., 2:22-cv-641-JES-NPM, 2023 WL 3004546 (M.D. Fla. Apr. 19, 2023);

- Arreguin v. Sanchez, 398 F.Supp.3d 1314, 1329 (S.D. Ga. 2019);

- B.M. v. Wyndham Hotels & Resorts, Inc., 20-cv-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020);

- Blakely v. Johnson, 220 Ga. 572 (1965);

- C.C. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC, No. 1:21-cv-1345-TCB [Doc. 64] (N.D. Ga. Feb. 9, 2022);

- Carlson v. BRGA Associates, LLC, 82 F.Supp.3d 1333 (S.D. Ga. 2015);

- Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021);

- Doe v. Saint Joseph's Catholic Church, 357 Ga. App. 710, 716, 850 S.E.2d 267 (2020), *reconsideration denied* (Nov. 12, 2020);

- Fair v. CV Underground, 340 Ga. App. 790 (2017);

- G.W. v. Northbrook Indus., Inc.,  -- F. Supp.3d ---, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024);

- Garner v. Driver, 155 Ga. App. 322 (1980);

- Geiss v. Weinstein Co. Holdings, LLC, 383 F.Supp.3d 156, 170 (S.D.N.Y. 2019);

- Georgia CVS Pharmacy, LLC v. Carmichael et al., 316 Ga. 718 (2023);

- Goldstein, Garber & Salama, LLC v. J.B., 300 Ga. 840 (2017);

- I.R. v. I Shri Khodiyar, LLC, -- F. Supp.3d ---, 1:22-cv-00844-SEG, 2024 WL 1928755 (N.D. Ga. Mar. 18, 2024);

- J.C. v. I Shri Khodiyar, LLC, 624 F. Supp. 3d 1307 (N.D. Ga. 2022);

- J.G. v. Northbrook Indus., Inc., 619 F. Supp. 3d 1228 (N.D. Ga. 2022);

- K.H. v. Riti, Inc., 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024);

- Lawson v. Rubin, No. 17-6404, 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018);

- Leo v. Waffle House, Inc., 298 Ga. App. 838 (2009);

- M.A. v. Wyndham Hotels & Resorts, Inc., 425 F.Supp.3d 959, 970 (S.D. Ohio Oct 7, 2019);

- Noble v. Weinstein, 335 F.Supp.3d 504, 523-24 (S.D.N.Y. 2018);

- Ricchio v. McLean, 853 F.3d 553, 556-58 (1st Cir. 2017);

- Rice v. Six Flags Over Georgia, 257 Ga. App. 864 (2002);

- Sun Trust Banks, Inc. v. Killebrew, 266 Ga. 109 (1995);

- Travis v. QuikTrip Corp., 339 Ga. App. 551 (2016);

- U.S. v. Afire, 632 Fed. App'x 272, 286 (6th Cir. 2016);

- W.K. v. Red Roof Inns, Inc., 1:20-cv-05263-VMC, 2024 WL 2892322 (N.D. Ga, Jun. 10, 2024);

- C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, -- F.Supp.3d --, 1:20-CV-04213-AT, 2024 WL 4868273 (N.D. Ga. Sep. 12, 2024);

- <u>K.H. v. Riti, Inc. d/b/a American Inn & Suites</u>, No. 1:22-cv-3404-MHC, <u>2023 WL 3644224</u> (11th Cir. 2023);

- Any other case law and other legal authority related to or implicated by claims brought for violations of the TVPRA; and

- Any other case law and other legal authority related to or implicated by claims brought under a public nuisance theory of recovery. 4930-6598-7871, v. 1

4930-6598-7871, v. 1

## ATTACHMENT F-1 – PLAINTIFF'S WITNESS LIST

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| D.H. | Andersen, Tate & Carr, P.C. | Will |
| Lisa White | Provided to Counsel pursuant to the Court's Protective Order. | May |
| Darryl White | Provided to Counsel pursuant to the Court's Protective Order. | May |
| E.M. | Andersen, Tate & Carr, P.C. | May |
| T.W. | Andersen, Tate & Carr, P.C. | May |
| G.W. | Andersen, Tate & Carr, P.C. | May |
| E.P. | Andersen, Tate & Carr, P.C. | May |
| A.J. | Andersen, Tate & Carr, P.C. | May |
| J.J. | Provided to Counsel pursuant to the Court's Protective Order. | May |
| T.P. | Provided to Counsel pursuant to the Court's Protective Order. | May |
| Vera Williams | Lee Arrendale State Prison, 2030 Gainesville Highway, Alto, Georgia 30510 | May |
| Tonya Harris | 124 Camry Lane SW Grayson, GA 30017 | May |
| Chelsea Lively | 5233 Starling Dr., Apt G Charleston, WV 25306 | May |
| Detra Saffo | 2699 Whispering Pine Dr. Montgomery, AL 36116 | May |
| LaPortia Lang | 3306 Amber Meadow Dr. | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| | Katy, TX 77449 | |
| S.C. | Provided to Counsel pursuant to the Court's Protective Order. | May |
| Anique S. Whitmore, LPC | 6300 Powers Ferry Road, N.W., Suite 600-124, Atlanta, Georgia 30339 | May |
| Donald E. Dejarnette | 1960 W. Exchange Place Tucker, Ga 30084 | May |
| Erin Gibbs | 1127 3rd Street Stone Mountain, GA 30083 | May |
| Sgt. E. McCown | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer T.S. Schofield | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Sgt T. Kennedy | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Sgt. H.L. Brannon | 160 Pryor Street, SW Suite J-301 Atlanta, GA 30303 | May |
| Det. M. Johnson | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer Brittany R. Moss | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer Demetrius J. Richardson | 185 Roswell St NE Marietta, GA 30060 | May |
| Det. J.W. Stahl | Dekalb County Police Department 1960 West Exchange Place, | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| | Tucker, Georgia 30084 | |
| Det. D.J. Webber | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Agent Taylor M. Dervish | 2635 Century Parkway NE Atlanta, GA 30345 | May |
| Officer Z. Howard | 4451 Lawrenceville Hwy, Tucker, GA 30084 | May |
| Officer D.L. Craig | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer S.R. Batchelder | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer Cory Gill | 4800 Ashford Dunwoody Rd Ste 200 Dunwoody, GA 30338 | May |
| Officer D.A. Williams | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer Johnson | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Officer W.D. Mclaws | 1960 West Exchange Place, Tucker, Georgia 30084 | May |
| Designated Representative for Dekalb County Police Department | 1960 W. Exchange Place, Tucker, GA 30084 | May |
| Designated Representative for Dekalb County District Attorney's Office | 556 N. McDonough St Ste 700 Decatur, GA 30030 | May |
| Custodian of records for Dekalb County Police Department | 1960 W. Exchange Place Tucker, GA 30084 | May |
| Umesh "Sam" Patel | Contact through defense counsel | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Ramash Patel | Contact through defense counsel | May |
| Raman Patel | Contact through defense counsel | May |
| Apurva Patel | Contact through defense counsel | May |
| Vinnay Patel | Contact through defense counsel | May |
| Ritesh Patel | Contact through defense counsel | May |
| Gandhi Riteshkumar | Contact through defense counsel | May |
| Rajendrakumar Patel | 4163 Pond Edge Road, Snellville, Georgia 30039<br>(404) 735-5979 | May |
| Vipul M. Thakker | 3515 E. Indian Creek Way, Clarkston, Georgia 30021<br>(404) 291-8330 | May |
| Hemalkumar Shah | 1014 N. Edgemont Dr.<br>Alpharetta, GA 30009 | May |
| Soillila Esperansa | 1879 Fellowship Road, Apt. B., Tucker, GA 30084<br>(404) 516-1323 | May |
| Panchal Uma | 3783 Lavista Road, Tucker, Georgia 30084<br>(404) 437-1616 | May |
| Manharbhai Uma | 3783 Lavista Road, Tucker, Georgia 30084<br>(404) 437-1616 | May |
| Thakkar Parsh | 3513 E. Indian Creek Way, Clarkston, Georgia 30021<br>(224) 238-9912 | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| Thakkar Jayshree | 3513 E. Indian Creek Way, Clarkston, Georgia 30021 (224) 238-9912 | May |
| Pratima Patel | 351 Hill Crest Avenue, Decatur, GA 30030 (865) 221-3021 | May |
| Unique Carpenter | 1071 Brandon Lane, Stone Mountain, GA (404) 399-7847 | May |
| Lavida McPeters | 711 Cresta Dr. Decatur, GA 30035 | May |
| Bhavik Shashikant Patel | 2962 Lawrenceville Highway, Tucker, GA 30084 (404) 940-2473 | May |
| Patrick J. McDonough (solely as to attorney's fees and expenses) | Andersen, Tate & Carr, P.C. 1960 Satellite Boulevard, Suite 4000 Duluth, GA 30071 | May |
| Custodian of records for Dekalb County Police Department | 1960 W. Exchange Place Tucker, Georgia 30084 | May |
| Custodian of records for TripAdvisor | Tripadvisor LLC, 400 1st Avenue, Needham, MA 02494, USA | May |
| Custodian of records for Booking.com | Booking.com B.V. Oosterdokskade 163 1011 DL Netherlands | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
| | **Postal Address:**<br>Postbus 1639<br>1000 BP<br>Netherlands | |
| Custodian of records for Hotels.com | Expedia, Inc.<br>1111 Expedia Group Way W.<br>Seattle, WA 98119 | May |
| Custodian of records for Reservations.com | Benjamin & Brothers LLC<br>390 North Orange Avenue, Suite 1605<br>Orlando, FL 3280 | May |
| Custodian of records for Expedia | Expedia, Inc.<br>1111 Expedia Group Way W.<br>Seattle, WA 98119 | May |
| Custodian of records from Google | Google LLC<br>1600 Amphitheatre Parkway<br>Mountain View, California 94043 | May |
| Custodian of records from Agoda | Agoda Company Pte. Ltd.,<br>30 Cecil Street, Prudential Tower #19-08, Singapore 049712<br><br>Agoda International USA LLC,<br>251 Little Falls Drive, Wilmington, DE 19808 New Castle County<br><br>Agoda International USA, LLC | May |

| Witness | Address/Contact Information | May or Will Call |
|---|---|---|
|  | c/o United Agent Group Inc. 1521 Concord Pike Ste 201 Wilmington, DE 19803, New Castle County |  |
| Custodian of records from Synxisweb | Sabre Inc., 3150 Sabre Drive, Southlake, Texas 76092 | May |
| Custodian of records for other documents produced in discovery to be supplemented in advance of the final pre-trial |  | May |
| Any witness identified on the Defendant's witness list |  | May |

### <u>Summary of Expert Witness Testimony</u>

The following is a summary of the expected testimony of each of Plaintiff's expert witnesses:

1.   <u>Anique Whitmore, LPC:</u> Ms. Whitmore will explain how Plaintiff's personal vulnerabilities contributed

to her susceptibility to being sex trafficked. Additionally, Ms. Whitmore will provide an explanation of

the ways in which Plaintiff's exploitation is consistent with the patterns and indicators of sex trafficking

that Ms. Whitmore has observed in her professional experience assessing and treating sex trafficking

victims. And Ms. Whitmore will testify about the damages Plaintiff suffered as a result of her sex

trafficking at the Super 8, as well as other issues addressed in her expert report served in this case.

**ATTACHMENT F-2 – DEFENDANT'S WITNESS LIST**

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| D.H. | Contact through Plaintiff's counsel | May | |
| E.M. | Contact through Plaintiff's counsel | May | |
| T.P. | 4974 Memorial Dr. Stone Mountain, Georgia 30083 | May | |
| Vera Williams | Lee Arrendale State Prison 2030 Gainesville Highway Alto, Georgia 30510 | May | |
| Tonya Harris | 124 Camry Lane SW Grayson, Georgia 30017 | May | |
| D.S. | 2699 Whispering Pine Dr. Montgomery, Alabama 36116 | May | |
| Donald E. Dejarnette | 706-968-4802 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Erin Gibbs | 1127 3rd Street Stone Mountain, Georgia 30083 Erin.gibbs@care.org | May | |
| Sergeant Hubert Brannon | 185 Central Ave SW Atlanta, Georgia 30303 | May | |
| Detective M. Johnson | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Detective K.L. Turner | 2484 Bruce St Lithonia, Georgia 30058 | May | |
| Sergeant T. L. Kennedy | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Sgt. Emanuel McCown | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Officer Demetrius J. Richardson | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Officer Brittany R. Moss | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---------|----------------------------|------------------|------------|
| Officer H. C. Amos | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Taryn Schofield | Unknown at this time | May | |
| Detective J. W. Stahl | Unknown at this time | May | |
| Detective D. J. Webber | Unknown at this time | May | |
| Agent Taylor M. Dervish | 2635 Century Parkway NE, Atlanta, GA 30345 | May | |
| Phyllis E. Allen-McField | Department of Family and Child Services (DeKalb County) 178 Sams Street, Decatur, GA 30030 | May | |
| Angela Griffin | Department of Family and Child Services (DeKalb County) 178 Sams Street, Decatur, GA 30030 | May | |
| Designated Representative for DeKalb County Police | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Designated representative DeKalb County District Attorney's Office | 556 N. McDonough St. Suite 700 Decatur, Georgia 30030 | May | |
| Custodian of records for Dekalb County Police Department | 1960 W. Exchange Place Tucker, Georgia 30084 | May | |
| Frank Brown | Unknown at this time | May | |
| Pad Lal Mainali | Unknown at this time | May | |
| Umesh "Sam" Patel | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Apurva Patel | Contact through defense counsel at | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| | Swift Currie McGhee & Hiers | | |
| Vinay Patel | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Ramesh Patel | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Raman Patel | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Ghandi Riteshkumar | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Ritesh Patel | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Designated representative of Tucker Inn, Inc. | Contact through defense counsel at Swift Currie McGhee & Hiers | May | |
| Santresia Rashunda Woods | Unknown at this time | May | |
| Carmaine LNU/Sharmane Matthews | Home Phone: 404-931-3538 | May | |
| Shaniqua Woods | 731 Strickland Rd., Hinesville, Georgia 31313 | May | |
| Lisa White | Lwhite4281@gmail.com<br>678-548-3958<br>Address unknown at this time | May | |
| Darryl White | 770-820-3223<br>Address unknown at this time | May | |
| Tasha Thurmond | 404-423-9084<br>Address unknown at this time | May | |
| Betty Buggs | 257 Bromack Drive<br>Atlanta, Georgia 30315 | May | |
| Patricia Banks | 257 Bromack Drive<br>Atlanta, Georgia 30315 | May | |
| Anterrious Hill | 257 Bromack Drive | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| | Atlanta, Georgia 30315 | | |
| Ayasha Hill White | Unknown at this time | May | |
| Dav'Kessia Hill | Unknown at this time | May | |
| Antaneal Cantrell | Unknown at this time | May | |
| Dedric Hill | Unknown at this time | May | |
| Aliesha Hill | Unknown at this time | May | |
| Jarvis Nolan | 2120 Southwood Blvd SW, Unit 321 Atlanta, Georgia 30331 | May | |
| Russell Young | Vancouver, Washington or Alabama Unknown at this time | May | |
| Bessie Young | Vancouver, Washington or Alabama Unknown at this time | May | |
| "K.C." | Unknown at this time | May | |
| Alycia Pierce | Unknown at this time | May | |
| Travarius Wells | Miami, Florida Unknown at this time | May | |
| Nicole Wells | Miami, Florida Unknown at this time | May | |
| Emonii Wells | Miami, Florida Unknown at this time | May | |
| Sarlandar Ponder | 1935 Alison Court, Apartment H6 Atlanta, Georgia 30311 | May | |
| Custodian of records for Children's Healthcare of Atlanta | 1575 Northeast Expressway Atlanta, Georgia 30329 | May | |
| Custodian of records for Wellspring Living | 1040 Boulevard S.E. Suite M Atlanta, Georgia 30312 | May | |
| Custodian of records for | 178 Sams Street, Decatur, GA 30030 | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| Department of Family and Child Services | | | |
| Custodian of records for Chic-Fil-A Hartsfield-Jackson Atlanta Airport | 7700 Spine Road, RM TS3-3 Atlanta, Georgia 30309 | May | |
| Custodian of records for Cracker Barrel Old Country Store | 970 W. Pointe Court Lithia Springs, Georgia 30122 | May | |
| Custodian of records for Watson Behavioral Health | 3350 Riverwood Parkway SE Atlanta, Georgia 30339 | May | |
| Custodian of records for Emory Clinic | 1365 Clifton Rd NE Atlanta, Georgia 30322 Specific address unknown at this time | May | |
| Custodian of records for IAA: Insurance Auto Auctions | 1930 Rex Rd, Lake City, Georgia 30260 | May | |
| Custodian of records for Cobb County Police Department | 545 Fairground St. SE Marietta, Georgia 30060 | May | |
| Custodian of records for Atlanta Police Department | 226 Peachtree St SW Atlanta, Georgia 30303 | May | |
| Custodian of records for Union City Police Department | 5060 Union Street Union City, Georgia 30291 | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| Custodian of records for Palmetto Police Department | 401 Carlton Rd Palmetto, Georgia 30268 | May | |
| Custodian of records for Fulton County Sheriff's Office | 185 Central Ave SW Atlanta, Georgia 30303 | May | |
| Custodian of records for Fulton County District Attorney's Office | 136 Pryor Street SW Atlanta, Georgia 30303 | May | |
| Custodian of records for other documents produced in discovery to be supplemented in advance of the final pre-trial conference | | May | |
| Custodian of records for other documents listed by either party as potential trial exhibits | | May | |
| Any witness identified on the Plaintiff's witness list | | May | |
| Any other federal, state, or local law | | May | |

| Witness | Address/Contact Information | May or Will Call | Objections |
|---|---|---|---|
| enforcement officials who investigated any crime at the Defendant's property | | | |
| Any and all witnesses necessary to rebut testimony or documents used by Plaintiff in her case-in-chief | | May | |

### Defendant's Expert Witness List

Upon prior representation of Plaintiff's counsel, Plaintiff's retained and identified security expert, Randall Atlas, has been withdrawn and no evidence or testimony regarding his opinions in this case will be presented at trial. Further, Plaintiff has advised that it may not call her retained and identified trauma expert, Anique Whitmore. If Plaintiff's position changes or if evidence of Plaintiff's experts' opinions are introduced purposely or inadvertently at trial, Defendant reserves the right to introduce rebuttal testimony and opinions of the following expert witnesses:

(1) David Prescott, 781 Burnham Dr., Middlebury, VT, 05753; and

    a.  David Prescott is a defense rebuttal expert who will testify regarding the issue of Plaintiff's alleged damages in rebuttal to Plaintiff's expert opinions.  His rebuttal expert opinions are contained within his Expert Report, which was filed into the record as Exhibit A to Doc. 80.

(2) Dr. Kimberly Mehlman-Orozco, 15920 Fairway Drive, Montclair, VA 22025

    a.  Dr. Kimberly Mehlman-Orozco is a defense rebuttal expert who will testify regarding the issue of liability, the TVPRA statute, and Plaintiff's alleged damages in rebuttal to Plaintiff's expert opinions. Her expert opinions are contained within her Expert Report, which was filed into the record as Exhibit B to Doc. 80.

4919-8990-5440, v. 1