UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> Plaintiff, <br><br> v. <br><br> TUCKER INN INCORPORATED, d/b/a SUPER 8 BY WYNDHAM, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:22-CV-03419-JPB |

**JOINT DISCOVERY DISPUTE STATEMENT**

**I.    Plaintiff's Statement**

In exchanging exhibit lists for trial, Defendant disclosed two documents not produced in discovery. All Plaintiff knows is that these exhibits are listed as:

| 88. | FanMetrics.com D.H |
|---|---|
| 89. | Prestige Providers Website |

Plaintiff asked Defendant for these documents by email and identified the discovery requests they were responsive to. Defendant refused, conceding that the documents are not "relevant to any issue other than potential impeachment." At the same time, Defendant did not claim that the documents were privileged, protected, or unresponsive to the numerous discovery requests identified. Instead, Defendant relied on Rule 26(a)'s exclusion from disclosure of evidence used "solely for impeachment." That's not good enough.

*First*, Plaintiff accepts Defendant's admission that the documents are irrelevant to the issues of liability or damages as well as any of Defendant's claimed defenses. But that doesn't mean Defendant did not have to produce these documents.[1]

*Second*, while Rule 26(a)(1)(ii) allows Defendant to exclude from its initial disclosures documents used "solely for impeachment," that exception doesn't apply to discovery under Rule 26(b) or requests for production under Rule 34. Defendant's claim that "impeachment" evidence is never discoverable is wrong. *See Gaskins v. CSX Transp., Inc.*, 1:04-cv-2952, 2006 WL 6864633, at *12 (N.D. Ga. Sept. 5, 2006) (Hunt, J.) (holding that party was "obligated to disclose" documents intended for use "only for impeachment purposes" if responsive to "proper discovery request"); *see also Local Access, LLC v. Peerless Network, Inc.*, 6:17-cv-236, 2018 WL 2938393, at *7 (M.D. Fla. June 12, 2018) (collecting cases).

The law is: "if evidence that has impeachment value . . . was requested in discovery, a litigant who fails to identify such evidence faces having it excluded at trial, or other ramifications." *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, No. 1:11-cv-845, 2013 WL 3803911, at *4–5 (E.D. Cal. July 19, 2013). So if the documents

---

[1] Because the documents aren't relevant to any claim or defense, this raises a separate question about their admissibility even as "impeachment" given that they likely relate (at best) to collateral issues. *See, e.g., United States v. Russo*, 796 F.2d 1443, 1454 (11th Cir. 1986) ("There is no right to impeach a witness with respect to collateral or irrelevant matters." (quoting *United States v. Hawkins,* 661 F.2d 436, 444 (5th Cir. Unit B 1981))).

are responsive to a discovery request, they should have been produced—whether they are for impeachment or not. They were not produced. That makes them inadmissible at trial. Standing Order at 17.

Further issues with these documents abound. For example, Plaintiff cannot know now whether the documents are what Defendant will claim they are. DX 88 refers to a website that requires the creation of a paid account and possibly then provides various search features. Whatever the document may show, this leaves many questions unanswered, such as: who searched for the information? who created an account? who can testify that whatever the document shows accurately represents anything? who can testify that the website contains accurate information about anything? No such witnesses have been identified on Defendant's witness list and thus may not appear at trial. L.R. 16.4(B)(18)(c).

Defendant withheld documents it should have produced in discovery. Under this Court's Standing Order and well-settled federal law, that means those documents must be excluded from trial. The Court should say so now. But should the Court decide to address this at the hearing on motions in limine next month, the Court should order Defendant to produce the documents. For Plaintiff cannot draft a motion in limine in the dark—which is precisely where Defendant's discovery abuse leaves her.

## II. Defendant's Statement:

Defendant's Position: Defendant objects to the production of evidence simply identified out of an abundance of caution as impeachment evidence in the exhibit list submitted as part of the consolidated pre-trial order. The two exhibits as issue, DX 88 and 89, contain information that is protected under attorney work product doctrine. Defendant has not disclosed these materials previously because are protected under attorney work product privilege.

The cases cited by the Plaintiff concern surveillance evidence. "[S]urveillance evidence is attorney work product, but that it is discoverable if the requesting party can show a substantial need for it." *Turner v. Atl. Se. Airlines, Inc.*, 1:07-CV-0039-RLV-CCH, 2008 WL 11320105, at *1 (N.D. Ga. Jan. 25, 2008) citing *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 46 (W.D. Va. 2000); *Ward v. CSX Transportation, Inc.*, 161 F.R.D. 38, 40 (E.D. N.C. 1995); *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 156-157 (N.D. Ia. 1994).. "It is also well settled that the possible use of surveillance evidence at trial creates the requisite substantial need to make surveillance evidence discoverable." *Id*. "On the other hand, courts have agreed that, if a party who has surveillance information is not going to use it at trial, then there is no need for the other party to be given access to that attorney work product." *Id*. "That is, when, as here, surveillance material is barred from use at trial, or is 'nonevidentiary surveillance material,' it is protected by the attorney work product doctrine and is

not discoverable." *Id.*; *see also*, *Grimes v. Sysco Corp.*, 1:18-CV-638-MLB, 2021 WL 2549699, *2 (N.D. Ga. Jan. 20, 2021).

The content of surveillance is only discoverable when a party intends to introduce such evidence at trial. *See Dodson v. Persell*, 390 So. 2d 704, 707 (Fla. 1980) (holding that surveillance films and materials are only subject to discovery if they are intended to be presented at trial); *Hunt v. Lightfoot*, 239 So. 3d 175, 177 (Fla. Dist. Ct. App. 2018) ("the content of the surveillance is discoverable only if it will be used at trial."). Furthermore, if a party intends to present surveillance evidence at trial, it need only disclose such evidence until after a plaintiff is deposed. See *Betterman v. MSC Cruises (USA) Inc.*, 2014 WL 12579756, at *1 ("[C]ourts considering the issue generally delay production until after the Plaintiff is deposed in order to preserve the impeachment value and reduce the risk that she will conform her testimony to what is depicted in the surveillance footage.")

First, Plaintiff has failed to establish a substantial need for this evidence. Second, Defendants have made clear that this is impeachment evidence only in the event the Plaintiff should testify inconsistently. As such, these two exhibits are protected under attorney work product privilege, and we ask the Court to deny Plaintiff's request to produce them.

5

Respectfully submitted this 5th day of June, 2025.

                                     ANDERSEN, TATE & CARR, P.C.

                                     */s/ Jonathan S. Tonge*
                                     PATRICK J. MCDONOUGH
                                     Georgia Bar No. 489855
                                     pmcdonough@atclawfirm.com
                                     JONATHAN S. TONGE
                                     Georgia Bar No. 303999
                                     jtonge@atclawfirm.com
                                     RORY A. WEEKS
                                     Georgia Bar No. 113491
                                     rweeks@atclawfirm.com
                                     JENNIFER M. WEBSTER
                                     Georgia Bar No. 760381
                                     jwebster@atclawfirm.com
                                     *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

                                     SWIFT, CURRIE, McGHEE
                                     & HIERS

                                     */s/ Tracy A. Gilmore*
                                     KORIE E. WAGNER
                                     Georgia Bar No. 155438
                                     Kori.wagner@swiftcurrie.com
                                     MARISSA H. MERRILL
                                     Georgia Bar No. 216039
                                     Marissa.merrill@swiftcurrie.com
                                     TRACY A. GILMORE
                                     Georgia Bar No. 633193

Tracy.gilmore@swiftcurrie.com

1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4347
(404) 874-8800

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

                                                                         ANDERSEN, TATE & CARR, P.C.

                                                                         */s/ Jonathan S. Tonge*
                                                                         PATRICK J. MCDONOUGH
                                                                         Georgia Bar No. 489855
                                                                         pmcdonough@atclawfirm.com
                                                                         JONATHAN S. TONGE
                                                                         Georgia Bar No. 303999
                                                                         jtonge@atclawfirm.com
                                                                         RORY A. WEEKS
                                                                         Georgia Bar No. 113491
                                                                         rweeks@atclawfirm.com
                                                                         JENNIFER M. WEBSTER
                                                                         Georgia Bar No. 760381
                                                                         jwebster@atclawfirm.com
                                                                         *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile