## ATTACHMENT "D"

## Defendant's Outline of the Case

Defendant denies that it is liable to Plaintiff D.H. for claimed damages resulting from being trafficked for sex by Santresia Woods at Defendant's hotel under any theory of liability, including negligence, violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a) ("TVPRA"), and/or public nuisance.

Plaintiff D.H. alleges that she was trafficked for sex by her sister Santresia Woods on September 2-9, 2015, when she was 15 years old. D.H. came to Defendant's hotel property on September 2, 2015, with Santresia Woods who initially rented a room for herself, her children and D.H. At some point during the stay, two other sisters came and an adjoining rooms was rented.  While at the hotel, D.H. alleges that Santresia Woods forced her to participate in sexual acts with John Does who visited the hotel in exchange for money. D.H. filed this lawsuit against Tucker Inn, Incorporated, owner of the hotel property, alleging that it knowingly benefitted from Plaintiff's sex trafficking by receiving a percentage of the revenue generated by its operation; participated in a venture by associating with Plaintiff's sex trafficker, facilitating the trafficking and providing the necessary venue to the trafficker; and that Defendant knew or should have known the venture violated the TVPRA because it and its employees or agents had the opportunity to observe

1

Plaintiff at the hotel with and without her trafficker and signs of sex trafficking by and around Plaintiff and her hotel room. D.H. asserts that she suffered harm as a direct result of Defendant's participation in this venture. D.H. further claims that Defendant maintained the hotel property as a public nuisance, and she was harmed as a direct result of that nuisance.

Defendant denies D.H.'s claims, as it did not associate with Plaintiff's trafficker, nor did it facilitate her trafficking. Specifically, Defendant had no actual or constructive knowledge that D.H. was engaging in commercial sex while at its property. Further, D.H. arguably had superior knowledge of her trafficker, her sister, and the foreseeable harm prior to arriving at the Defendant's hotel property because she had been trafficked by her sister at other numerous properties before arriving at the Defendant's hotel property. In addition, she knew her sister was posting ads selling D.H. for sex. Furthermore, sex trafficking is a clandestine and insidious crime that is not a foreseeable event. Defendant denies that any alleged injuries and damages incurred by D.H. were caused by any acts or omissions of Defendant, but were instead caused by the acts and omissions of others for whom Defendant bears no legal responsibility, including, D.H.'s sister, her trafficker, Frank Brown and unidentified John Does (or buyers), and owners/operators of other hotels where D.H. was allegedly trafficked. are the perpetrators who caused her harm. Because the intervening criminal acts of the third-party trafficker was not reasonably foreseeable

because Defendant had no knowledge of sex trafficking with respect to D.H. and/or her trafficker, Defendant owed no duty to protect D.H. from the unforeseeable criminal acts of her trafficker or the John Doe buyers.

Defendant also denies that its property constituted a public nuisance in violation of O.C.G.A. §41-1-1, *et seq*. at the time that D.H. was at its property.

**<u>Relevant rules, regulations, statutes, ordinances, and illustrative case law to be relied upon by Defendant:</u>**

Defendant may rely on the statutes and illustrative case law listed below and cases of a similar nature, and expressly incorporates by reference as if listed fully herein, all statutes and case law cited in any parties' summary judgment briefs.

- Contributory or comparative negligence;

- Trafficking Victims Protection Reauthorization Act, including 18 U.S.C. §§ 1589, 1591, 1595;

- 42 U.S.C. §2000a;

- O.C.G.A. § 51-3-1;

- O.C.G.A. § 51-11-7;

- O.C.G.A. § 51-12-5.1;

- O.C.G.A. § 51-12-33;

- O.C.G.A. § 9-3-33;

- O.C.G.A. § 51-12-11;

- O.C.G.A. § 41-1-2;

- O.C.G.A. § 41-1-3;

- O.C.G.A. § 41-3-1(b);

- A.B. v. Marriott Int'l, Inc., 455 F.Supp.3d 171, 22-23 (E.D. Penn 2020);

- A.B. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC, No. 1:21-cv-1344-TCB [Doc. 62] (N.D. Ga. Feb. 9, 2022).

- A.D. v. Holistic Health Healing, Inc., 2:22-cv-641-JES-NPM, 2023 WL 2242507 (M.D. Fla. Feb. 27, 2023);

- A.D. v. Holistic Health Healing, Inc., 2:22-cv-641-JES-NPM, 2023 WL 3004546 (M.D. Fla. Apr. 19, 2023);

- Arreguin v. Sanchez, 398 F.Supp.3d 1314, 1329 (S.D. Ga. 2019);

- B.M. v. Wyndham Hotels & Resorts, Inc., 20-cv-00656-BLF, 2020 WL 4368214 (N.D. Cal. July 30, 2020);

- Blakely v. Johnson, 220 Ga. 572 (1965);

- C.C. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC, No. 1:21-cv-1345-TCB [Doc. 64] (N.D. Ga. Feb. 9, 2022);

- Carlson v. BRGA Associates, LLC, 82 F.Supp.3d 1333 (S.D. Ga. 2015);

- Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021);

- Doe v. Saint Joseph's Catholic Church, 357 Ga. App. 710, 716, 850 S.E.2d 267 (2020), *reconsideration denied* (Nov. 12, 2020);

- Fair v. CV Underground, 340 Ga. App. 790 (2017);

- G.W. v. Northbrook Indus., Inc., -- F. Supp.3d ---, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024);

- Garner v. Driver, 155 Ga. App. 322 (1980);

- Geiss v. Weinstein Co. Holdings, LLC, 383 F.Supp.3d 156, 170 (S.D.N.Y. 2019);

- Georgia CVS Pharmacy, LLC v. Carmichael et al., 316 Ga. 718 (2023);
- Goldstein, Garber & Salama, LLC v. J.B., 300 Ga. 840 (2017);
- I.R. v. I Shri Khodiyar, LLC, -- F. Supp.3d ---, 1:22-cv-00844-SEG, 2024 WL 1928755 (N.D. Ga. Mar. 18, 2024);
- J.C. v. I Shri Khodiyar, LLC, 624 F. Supp. 3d 1307 (N.D. Ga. 2022);
- J.G. v. Northbrook Indus., Inc., 619 F. Supp. 3d 1228 (N.D. Ga. 2022);
- K.H. v. Riti, Inc., 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024);
- Lawson v. Rubin, No. 17-6404, 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018);
- Leo v. Waffle House, Inc., 298 Ga. App. 838 (2009);
- M.A. v. Wyndham Hotels & Resorts, Inc., 425 F.Supp.3d 959, 970 (S.D. Ohio Oct 7, 2019);
- Noble v. Weinstein, 335 F.Supp.3d 504, 523-24 (S.D.N.Y. 2018);
- Ricchio v. McLean, 853 F.3d 553, 556-58 (1st Cir. 2017);
- Rice v. Six Flags Over Georgia, 257 Ga. App. 864 (2002);
- Sun Trust Banks, Inc. v. Killebrew, 266 Ga. 109 (1995);
- Travis v. QuikTrip Corp., 339 Ga. App. 551 (2016);
- U.S. v. Afire, 632 Fed. App'x 272, 286 (6th Cir. 2016);
- W.K. v. Red Roof Inns, Inc., 1:20-cv-05263-VMC, 2024 WL 2892322 (N.D. Ga, Jun. 10, 2024);
- C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, -- F.Supp.3d --, 1:20-CV-04213-AT, 2024 WL 4868273 (N.D. Ga. Sep. 12, 2024);

- <u>K.H. v. Riti, Inc. d/b/a American Inn & Suites</u>, No. 1:22-cv-3404-MHC, 2023 WL 3644224 (11th Cir. 2023);

- Any other case law and other legal authority related to or implicated by claims brought for violations of the TVPRA; and

- Any other case law and other legal authority related to or implicated by claims brought under a public nuisance theory of recovery. 4930-6598-7871, v. 1

4930-6598-7871, v. 1