**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| D.H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   Case No. 1:22-cv-03419-JPB |
| v. | ) |
| | ) |
| TUCKER INN INCORPORATED | ) |
| d/b/a SUPER 8 BY WYNDHAM, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT TUCKER INN INCORPORATED d/b/a SUPER 8 BY WYNDHAM'S PROPOSED VOIR DIRE QUESTIONS

Members of the Jury Panel, I represent the Defendant in this case. As part of the jury selection process, I have some questions to ask you, and I want you to understand upfront that I am not asking these questions to try to pry into your personal life. The purpose of these questions is to determine if this case is the right case for you to serve as a juror. Some of these questions may be difficult to answer or sensitive in nature, so I want to thank you in advance for your honesty and candor.

If, as we go through these questions, you have any doubt about whether you should provide certain information in response to a question, please err on the side

1

of telling us because it is important that all the attorneys have all of the information that you are able and willing to provide.

**Knowledge of the Witnesses and Attorneys** – Covered through Judge Boulee's Civil Qualifying Jury Questions

**General Background Information** – Covered through Judge Boulee's Civil Qualifying Jury Questions and Civil Background Jury Questionnaire[1]

1. Does anyone or their family members or close friends work for a law firm?

    a. Which one(s)?

    b. In what role?

2. Have you or any member of your family owned a business?

    a. What kind of business?

    b. Where was it located?

    c. How many employees?

3. Have you ever managed a business?

    a. What kind of business?

---

[1] The Court's Standing Order does not indicate whether parties may ask follow-up questions to the general voir dire questions in front of the entire panel. As such, out of an abundance of caution, Defendant has included additional follow-up questions should the parties be permitted to further explore certain topics and issues.

     b.  Where was it located?

     c.  How many employees?

4.  Do you use social media?

     a.  Which ones?

     b.  For what purpose?

5.  Who relies on television news programs as their major source of news and information?

     a.  What news outlet(s)?

6.  Who relies on social media outlets as their major source of news and information?

     b.    What online outlet(s)?

7.  Do any of you know any other member of the jury panel?

8.  Have any of you ever been disqualified from serving on a jury before?

9.  Is there anything about the anticipated length or daily schedule or trial that presents a problem, whether it be personal, business, or health, that is significant enough that you feel the need to be excused from service on this jury?

10. Has anyone, or someone close to you, experienced significant financial hardship recently?

**Knowledge of Super 8 Hotels**

1. Have you or anyone in your family ever been employed by Super 8 by Wyndham?

    a. When?

    b. For how long?

    c. In what capacity?

    d. Why did you leave your employment?

    e. Were you satisfied with your experience there?

2. Has anyone ever stayed at a budget hotel, which is a small or midsize hotel that offers basic facilities and services for a low price?

    a. How was your experience?

3. Has anyone ever stayed at a Super 8 by Wyndham?

    a. How was your experience?

4. Have you ever had an experience (positive or negative) at a hotel or motel that would prevent you from being fair in this case?

    a. If so, please explain your experience.

5. Have you ever felt unsafe at a hotel/motel?

    a. If so, please explain.

6. Have you or anyone in your family ever worked in the hospitality industry, such as restaurants, airlines, events?

    a.  When?

    b.  For how long?

    c.  In what capacity?

**Plaintiff's Objections: Relevance - restaurants, airlines, and events have no bearing on the jurors' ability to be fair and impartial in this case, which involves none of those industries.**

7.  Have you ever posted an online review about a motel or hotel stay?

8.  Have you ever relied on online reviews when choosing a motel or hotel stay?

**Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors' ability to be fair and impartial in this case; asks jurors to express an opinion on the weight to give evidence in the case without having seen the evidence.**

9.  Do you believe online reviews are typically accurate ways to evaluate a hotel or motel?

10. Do you have a negative perception of hotels and motels that allow customers to pay in cash for the room?

**Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors' ability to be fair and impartial in this case; asking jurors to express an**

**opinion on the weight to give evidence in the case without having seen the evidence.**

**Specialized Knowledge Relevant to the Case**

1. Does anyone know the following individuals:

   a. Santresia Woods

   b. Shaniqua Woods

   c. Sharmane Matthews

   d. Betty Buggs

   e. Patricia Banks

   f. Frank Brown

2. Have you or anyone in your family ever been employed at a motel, hotel, bed and breakfast, or other type of lodging facility?

3. Are you familiar with any of the following hotels:

   a. Garden Inn Hotel – Union City, GA

   b. Microtel Hotel – Union City, GA

   c. Country Hearth Hotel – Union City, GA

   d. Travelodge – College Park, GA

   e. Super 8 by Wyndham – Tucker, GA

**Plaintiff's Objections: Relevance - familiarity with hotels other than the Super 8 have no bearing on the jurors' ability to be fair and impartial in this case, which is about the liability of Defendant for acts occurring at the Super 8, not elsewhere.**

4. Do you or any of the members of your immediate family have any legal training?

      a. Who?

      b. What type?

**Plaintiff's Objections: Relevance, overly broad - the term "legal training" is over encompassing and could include a vast amount of irrelevant workplace training in any industry.**

5. Have you or anyone in your family ever been employed at a property management or security company?

6. Have you or anyone in your family ever worked in law enforcement?

      a. Who?

      b. Where?

      c. What role?

7. Do you or any of the members of your immediate family have any training in security or providing security for a business?

    a.  Describe training.

8. Do you or any of the members of your immediate family have any certifications in security?

    a.  Describe.

**Plaintiff's Objections: Relevance, Cumulative - no bearing on the jurors' ability to be fair and impartial in this case; duplicative of previous questions.**

9. Do you or any of the members of your immediate family have any expertise or training in psychology, psychiatry, or counseling?

    a.  Who?

    b.  What?

**Plaintiff's Objections: Relevance - no bearing on the jurors' ability to be fair and impartial in this case, which does not involve testimony specific to psychology, psychiatry, or counseling.**

10. Have you or any of the members of your immediate family ever worked for a Department of Family and Child Services?

**Plaintiff's Objections: Relevance - no bearing on the jurors' ability to be fair and impartial in this case. DFCS is not a party to, nor at issue in this case about events occurring at Defendant's Super 8.**

11. Do you or any of the members of your immediate family volunteer, work with, or donate to victims of crime or trauma?

    a. Types of crime?

    b. Who?

    c. What role?

**Plaintiff's Objections: Relevance, Overly Broad - question has no bearing on the jurors' ability to be fair and impartial; question has the potential to include any juror who has ever made a single donation to anything that involves "victims" of trauma e.g., victims of natural disasters, diseases, social situations, etc.**

12. Do you or any of the members of your immediate family volunteer, work with, or donate to troubled youth?

    a. Who?

    b. Where?

**Plaintiff's Objections: Relevance, Vague, Overly Broad - no bearing on the jurors' ability to be fair and impartial in this case; the term "troubled youth" is undefined and could encompass a wide range of experiences completely unrelated to this case.**

13. This case involves issues related to sex trafficking and prostitution. Does that subject matter make anyone uncomfortable?

**Plaintiff's Objections: Prejudice - Unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; suggests discomfort with the subject matter equates to inability to be fair or impartial; question invites jurors to rely on personal or possibly inaccurate definitions, rather than assessing their ability to follow the law as instructed.**

14. Have you watched any documentary, TV shows, or movies or seen any news coverage that involved sex trafficking?

    a. What?

    b. When?

15. Who knows what sex trafficking is?

    **Plaintiff's Objections: Prejudice - question invites jurors to rely on personal or possibly inaccurate definitions, rather than assessing their ability to follow the law as instructed.**

16. Do you know what a clandestine crime is?

    **Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors' ability to be fair and impartial in this case; improper attempt to introduce the defense theory of the case re: "clandestine" crimes cannot be discovered. Additionally, there is no witness to testify that sex trafficking is a clandestine crime.**

17. Who believes that prostitution and sex trafficking are the same?

   **Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors'
   ability to be fair and impartial in this case; question invites jurors to
   rely on personal or possibly inaccurate definitions, rather than assessing
   their ability to follow the law as instructed; improper attempt to
   introduce the defense theory of the case.**

18. Who believes it is difficult to differentiate sex trafficking from prostitution?

   **Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors'
   ability to be fair and impartial in this case; question invites jurors to
   rely on personal or possibly inaccurate definitions, rather than assessing
   their ability to follow the law as instructed; improper attempt to
   introduce the defense theory of the case.**

19. How do you distinguish between the two?

   **Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors'
   ability to be fair and impartial in this case; question invites jurors to
   rely on personal or possibly inaccurate definitions, rather than assessing
   their ability to follow the law as instructed; improper attempt to
   introduce the defense theory of the case.**

20. This case involves testimony and photographs of Plaintiff related to sex, nudity, and commercial sex. Do any of you have particular concerns about the subject matter?

**Plaintiff's Objections: Relevance, Vague, Prejudicial - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; suggests having a "particular concern" with the subject matter equates to inability to be fair or impartial.**

21. Over the course of time, awareness of certain issues can change. Is there anyone that would have difficulty evaluating the evidence in the context of what was known at the time the alleged events occurred versus what may be known today?

**Plaintiff's Objections: Relevance, Vague, Prejudicial - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; improper attempt to introduce the defense theory of the case.**

## Questions about Crime

1. Have you or any members of your immediate family been the victim of a crime?

    a. When?

12

      b.  What?

      c.  Where?

      d.  Resolution?

2.  Have you or any members of your immediate family ever witnessed a crime?

      a.  What kind?

      b.  Testimony?

3.  Have you or a family member or close friend had an encounter with law enforcement that was negative?

      a.  What happened?

**Plaintiff's Objections: Relevance - no bearing on the jurors' ability to be fair and impartial in this case.**

4.  Who believes people should follow the guideline, "If you see something, say something?"

5.  Who has been in a situation where they saw something that seemed suspicious or out of the ordinary, but did not say anything or report it?

6.  Who believes that a business should call the police anytime there is suspected or real criminal activity on its premises?

7. Who believes that the existence of one type of crime at a premises automatically leads to a higher likelihood of other kinds of a crime occurring at the same premises?

**Questions Related to Fairness/Bias**

1. Do any of you believe that just because Plaintiff filed a lawsuit that she is entitled to recover from the Defendant?

2. Do any of you believe that because Plaintiff filed a lawsuit that Defendant must have done something wrong?

3. Is there anyone who feels that they will be unable to remain neutral for the Plaintiff or Defendant until all of the evidence is presented?

4. Is there anyone who would not be comfortable sending the Plaintiff home with no money if she does not meet her burden of proof?

5. Who has a negative opinion of corporations?

6. Under the law, corporations and individuals must be treated equally in a lawsuit. Would you have any difficulty following this law?

7. Do any of you have a bias or strong negative feelings about the Defendant because it is a corporation?

8. Does anyone believe that corporations put profits over customer safety? Why?

9. It is anticipated that one or more individuals will testify in their native Indian dialect and their testimony will be translated into English by an interpreter. Is there anyone who believes he or she cannot judge fairly the testimony of any such individuals because the testimony will be interpreted from the Indian dialect to English?

10. Is there anyone on the panel who believes he or she cannot judge fairly the testimony of any individual who testifies by interpreter, even if the witness can speak limited English?

11. Does anybody think they may have difficulty putting aside feelings of sympathy for the Plaintiff?

12. Is there anyone on the panel that thinks that if someone had a bad childhood they are destined to have a bad life as an adult as well?

13. Is there anything that you have seen or heard today that you think will make it hard for you to judge my client the same as you judge the Plaintiff?

14. Do any of you have any ethical, religious, moral, political, philosophical or other beliefs that would prevent you from applying the law to the evidence in this case?

15. Is there anyone that feels like the amount of money juries award is generally too low?

   a. Why?

16. Does anyone believe they will have difficulty focusing on the evidence related to the Defendant's property when reaching a verdict and not let other traumatic experiences that Plaintiff may have had influence your decision and base any verdict on the evidence related to the Defendant, rather than unrelated hardships the Plaintiff may have experienced?

    **Plaintiff's Objections: Relevance, Prejudice, Misleading - no bearing on the jurors' ability to be fair and impartial in this case; improper attempt to introduce the defense theory of the case; improperly shifts focus from issues at trial.**

17. Is there anything on your mind that may impact your view of this case that I have not asked you about?

**Sensitive Questions and Topics**

Given the nature of the allegations and claims asserted in this case, the Defendant has additional questions that would be better suited for private voir due to the sensitive nature of the questions and privacy concerns. A copy of the proposed voir dire questions related to sensitive topics is attached hereto as Exhibit "A".

<u>**Exhibit "A"**</u>

**Sensitive Questions and Topics with Follow-up**

1. Have you or someone close to you been involved in the commercial sex trade?

    a. Who?

    b. When?

    c. Where?

2. Do you believe that sex trafficking is a danger to the community?

3. Have you or anyone from your immediate family or a close friend experienced a sexual assault of any kind?

    a. Who?

    b. What kind?

    c. Any criminal or civil claims asserted?

4. Have you or any member of your family or a close friend been in an abusive relationship?

    a. Who?

    b. What happened?

    c. Type of abuse?

5. Have you or any member of your family or a close friend lived in one or more hotels for an extended amount of time?

6. Have you or any member of your family or a close friend been homeless?

7. Were you, or has anyone close to you, been abused as a child?

    a. Who?

    b. What happened?

8. Has anything in your life over the past three months or so caused stress that has manifested in physical symptoms for you – such as sleeplessness, heart problems, digestive problems?

**Plaintiff's Objections: Relevance, Overly Broad - no bearing on the jurors' ability to be fair and impartial in this case; "anything in your life" could encompass a wide range of experiences unrelated to this case.**

9. Are you aware of anything that would prevent you from concentrating and paying attention to the evidence presented throughout the entire trial?

10. Who agrees with the statement, "Over the past three months, I have felt that my difficulties were piled so high that I could not overcome them?"

**Plaintiff's Objections: Relevance, Overly Broad - no bearing on the jurors' ability to be fair and impartial in this case. Jurors' stress levels with life are not related to their ability to be fair and impartial.**

11. Are you familiar with PTSD?

    a. Describe.

    b. What types of trauma do you believe cause PTSD?

    c.  How do you expect someone who has PTSD to behalf?

    d.  Do you believe that a person can have more than one event that contributes to PTSD?

**Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors' ability to be fair and impartial in this case; improper attempt to introduce the defense theory of the case. There is no expert to testify about PTSD in this case.**

12. Have you or someone close to you ever had a traumatic experience?

    a.  Ever had to relive a traumatic experience from your past?

**Plaintiff's Objections: Relevance, Vague, Prejudicial - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; improper attempt to introduce the defense theory of the case.**

13. Have you or someone close to you been diagnosed with anxiety or depression?

    a.  Who?

    b.  When?

    c.  How does person deal with it?

14. Have you or someone close to you suffered from addiction to drugs or alcohol?

**Plaintiff's Objections: Relevance, Prejudicial - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications. Drug addiction is not an issue in this case.**

15. Has anyone had anything happen to them or to a loved one that would make them more likely to identify with the Plaintiff in this case?

    a. Who?

    b. What happened?

    c. Why?

**Plaintiff's Objections: Relevance, Prejudicial, Overly Broad - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; "anything" could encompass a wide range of experiences unrelated to this case.**

16. Are you or any family members or close friends members of any organization related to assisting victims of sex trafficking?

17. Are you or any family members or close friends members of any organization advocating for victim compensation of any kind?

**Plaintiff's Objections: Relevance, Overly Broad - question does not assess juror bias or qualifications; too expansive to meaningfully assess**

**juror bias; "victim compensation of any kind" includes nearly every type of charitable giving imaginable.**

18. Are you or any family members or close friends members of any organization assisting or supporting in recovery from drug addiction?

**Plaintiff's Objections: Relevance, Prejudicial - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications. Again, drug addiction is not a material issue in this case.**

19. Ever been arrested for a crime?

20. Ever encountered someone that you thought was a prostitute?

   a. How do you feel about that profession?

**Plaintiff's Objections: Relevance, Prejudice - no bearing on the jurors' ability to be fair and impartial in this case; unduly suggestive and risks inflaming jurors' emotions rather than probing qualifications; question invites jurors to rely on personal or possibly inaccurate definitions, rather than assessing their ability to follow the law as instructed; improper attempt to introduce the defense theory of the case; misstates the law by assuming that prostitution is a "profession" rather than a crime; also implies that prostitution is an issue in this case, when D.H.**

**could not legally have been a prostitute as she was a minor, thus inviting improper legal standards into the case.**

21. Who has ever heard of the following websites:

    a.  Backpage.com

    b.  Craigslist.com

    c.  ListCrawler.com

**Plaintiff's Objections: Relevance - question does not assess juror bias or qualifications.**