UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> Plaintiff, <br><br> v. <br><br> TUCKER INN INCORPORATED, <br> d/b/a SUPER 8 BY WYNDHAM, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:22-CV-03419-JPB |

## PLAINTIFF'S MOTION IN LIMINE TO INTRODUCE THE DEPOSITION TESTIMONY OF CHILD SEX TRAFFICKING VICTIM E.M.

### INTRODUCTION

E.M., a survivor of child sex trafficking, was sold for sex at Defendant's hotel in 2017. Her experience parallels that of D.H., including the fact that both were trafficked from the same motel room.

Although E.M. is physically within subpoena range, Plaintiff seeks to introduce E.M.'s designated 16-minute deposition testimony in lieu of live appearance. Defendant—who deposed E.M. in a related case involving identical allegations—had a full and fair opportunity to examine her. In the interest of efficiency and given the absence of any procedural or substantive prejudice to Defendant, the Court should allow E.M. to testify by video deposition.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 32(a)(4)(E) expressly grants courts discretion to allow the use of deposition testimony where "exceptional circumstances" exist and in "the interest of justice and with due regard to the importance of live testimony."

This case presents precisely such circumstances. E.M. is a survivor of sex trafficking who continues to suffer from post-traumatic stress disorder ("PTSD") stemming from her exploitation. *See* Ex. 1, E.M. Evaluation by Expert Naesha McDowell. Compelling her to testify in open court would require her to relive profoundly distressing experiences in a public and adversarial setting, imposing an exceptional emotional and psychological burden. This is consistent with extensive literature on trauma and testimony, which documents that adult survivors of sexual violence often experience heightened symptoms of PTSD when forced to testify. *See* Carolyn W. Kenniston, *You May Now "Call" Your Next Witness: Allowing Adult Rape Victims to Testify via Two-Way Video Conferencing Systems*, 16 J. High Tech. L. 96, 104–05 (2015). Such proceedings often evoke feelings of powerlessness, shame, and retraumatization. *Id.* (citing Amanda Konradi, *Taking the Stand: Rape Survivors and the Prosecution of Rapists* 34 (2007)).

Here, the burden E.M will suffer from having to testify *again* but live before a crowded courthouse outweighs any benefit of her in-person testimony. The

testimony in question is brief—approximately 16 minutes—and was previously elicited by Defendant under oath in a related proceeding involving identical claims. *See* Ex. 2, Defendant's Notice of Deposition – E.M. Defendant had a full and fair opportunity to cross-examine E.M., and the deposition has already been designated for trial use. In addition, Defendant has counter-designated portions of the testimony to be played at trial. There is no risk of prejudice or unfair surprise.

While courts have acknowledged the value of live testimony in allowing factfinders to assess credibility through a full range of sensory input, *see Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 649 (M.D.N.C. 1987), exceptional circumstances require that value to be weighed against the burden placed on the witness. And courts have acknowledged that those sensory cues can be sufficiently captured in a well-conducted video deposition. *See, e.g., United States v. Tunnell*, 667 F.2d 1182, 1188 (5th Cir. 1982) ("The videotape[d deposition] made it possible for the trial court to gauge [the witness's] attitude . . . The trial judge was able to note [the witness's] attitude reflected by his motions, facial expressions, demeanor, and voice inflections."). Here, the videographic technology used enables the jury to assess tone, cadence, facial expressions, and body language, providing almost all the same evaluation tools available in a live courtroom.

In short, E.M.'s deposition satisfies the three traditional testimonial safeguards that courts rely on to assess reliability: it was given under oath, subject to

cross-examination by Defendant, and preserved on video, allowing the jury to observe her demeanor. *See, e.g., Maryland v. Craig*, 497 U.S. 836, 851 (1990) ("Although we are mindful of the many subtle effects face-to-face confrontation may have . . . the presence of these other elements of confrontation—oath, cross-examination, and observation of the witness' demeanor—adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner functionally equivalent to that accorded live, in-person testimony.").[1]

Admitting the deposition will protect a vulnerable witness from significant emotional distress and provide the jury with a reliable and probative account of E.M.'s testimony without compromising the integrity of the fact-finding process. The Court should therefore permit the use of E.M.'s video deposition at trial in lieu of live testimony.

## CONCLUSION

Because exceptional circumstances justify the use of E.M.'s deposition testimony under Rule 32(a)(4)(E), Plaintiff respectfully requests that the Court permit the 16-minute designated deposition to be played at trial in lieu of live testimony.

---

[1] While *Maryland v. Craig* arose in a criminal context under the Sixth Amendment's Confrontation Clause, its reasoning is instructive here. The safeguards it identifies—oath, cross-examination, and observation of demeanor—are equally relevant to assessing the reliability of deposition testimony in civil proceedings. Indeed, if such protections suffice under the heightened standards of a criminal trial, they support admissibility in the less constitutionally restrictive context of a civil claim.

Respectfully submitted June 17, 2025.

                                           ANDERSEN, TATE & CARR, P.C.

                                           */s/ Jonathan S. Tonge*
                                           PATRICK J. MCDONOUGH
                                           Georgia Bar No. 489855
                                           pmcdonough@atclawfirm.com
                                           JONATHAN S. TONGE
                                           Georgia Bar No. 303999
                                           jtonge@atclawfirm.com
                                           RORY A. WEEKS
                                           Georgia Bar No. 113491
                                           rweeks@atclawfirm.com
                                           JENNIFER M. WEBSTER
                                           Georgia Bar No. 760381
                                           jwebster@atclawfirm.com
                                           *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

                                        ANDERSEN, TATE & CARR, P.C.

                                        */s/ Jonathan S. Tonge*
                                        PATRICK J. MCDONOUGH
                                        Georgia Bar No. 489855
                                        pmcdonough@atclawfirm.com
                                        JONATHAN S. TONGE
                                        Georgia Bar No. 303999
                                        jtonge@atclawfirm.com
                                        JENNIFER M. WEBSTER
                                        Georgia Bar No. 760381
                                        jwebster@atclawfirm.com
                                        *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile