# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| D.H., | |
| Plaintiff, | |
| | CIVIL ACTION FILE NO. |
| v. | |
| | 1:22-CV-03419-JPB |
| TUCKER INN INCORPORATED d/b/a SUPER 8 BY WYNDHAM, | |
| Defendant. | |

## DEFENDANT TUCKER INN INCORPORATED'S CONSOLIDATED MOTIONS IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and hereby files its Consolidated Motions in Limine and Memorandum of Law in Support respectfully showing this Court as follows:

### Motion in Limine No. 1: Alleged Trafficking Incidents Involving Individuals other than Plaintiff

Defendant Tucker Inn moves for an order excluding, from the trial of this case, testamentary and documentary evidence concerning the alleged trafficking of E.M. at the America's Best Value Inn hotel and the related criminal investigation and conviction of her trafficker, Tremaine Johnson. Similarly, Defendant Tucker Inn moves to exclude testamentary and documentary evidence concerning the alleged

trafficking of individuals other than Plaintiff to include T.W., G.W., E.P., A.J., J.J.,

T.P., and S.C., and the related criminal investigation and prosecution of their

traffickers, to include but not limited to, Milton Leroy Henry, II and Terique Hall.

Plaintiff has included E.M., T.W., G.W., E.P., A.J., J.J., T.P., and S.C. on her

proposed witness list, and documents related to their alleged trafficking, criminal

investigation, and declarations of these witnesses were included by Plaintiff as

proposed trial exhibits. See Plaintiff Exhibits.[1] Testamentary and documentary

evidence concerning these individuals and any incidents involving these individuals

should be excluded because they are unrelated crimes and incidents not relevant to

---

[1] Dekalb County Incident Reports 2011-2015 PLTF Exhibit 3; Incident Reports PLTF Exhibit 4; List of Dekalb County Incident Report(s) 2014-2017 Pl Exhibit 5; List of Dekalb County Incident Reports 2014-2017 Pl Exhibit 6; 1600 Crescent Centre Boulevard Crime Statistics 2011-2014 PL Exhibit 7; Atlanta Journal Article from September 15, 2015 regarding sentencing of a gang member Pl Exhibit 15; America's Best Inn Tucker Article – Man Killed, from January 9, 2012 Pl Exhibit 16; America's Best Value Inn Tucker Article - 2 Men Shot from October 27, 2016 Pl Exhibit 17; Article regarding DeKalb rapist admits suffocating pregnant woman from backpage.com from October 5, 2017 Pl Exhibit 18; Article maid finds body in hotel room from January 8, 2012 Pl Exhibit 19; Article "Serial Rapist" tried to Film Murder from December 14, 2016 Pl Exhibit 20; Court Records regarding Milton Leroy Henry, II from 2017 Pl Exhibits 33-34; Court records regarding Terique Hall from 2017 Pl Exhibits 35-36; Police Reports regarding J.J. from November 2016 Pl Exhibits 135-137; Declaration of J.J., T.W. Pl Exhibits 149-150; Police Report from December 2013 Pl Exhibit 156; Incident Reports involving E.M. dated June 9, 2017 Pl Exhibits 158-160; Dekalb County Police Report dated August 16, 2014 Pl Exhibit 169; Photos of America's Best Value Inn Pl Exhibit 177 and 188; Today's General Counsel Article dated March 25, 2021 Pl Exhibit 178; AJC Article dated December 14, 2016 Pl Exhibit 181; Incident Reports Pl Exhibit 182; Discovery Responses in E.M. case PL Exhibits 183, 191-196, 210-214.

the present case and even if this evidence was considered to be marginally relevant, any probative value of this evidence is substantially outweighed by a danger of unfair prejudice against the Defendant, confusing the issues, and misleading the jury.

Evidence of other individuals' alleged trafficking or unrelated incidents occurring at the hotel are not relevant to Plaintiff's incident, and therefore, does not have a tendency to make a fact more or less probable than it would be without the evidence, nor is it a fact of consequence in determining this case as required by Fed. R. Evid. 401. Because this evidence is not relevant, it is inadmissible pursuant to Fed. R. Evid. 402. Plaintiff's burden in this case is to prove that the Defendant participated in an undertaking that violated the TVPRA and that the Defendant knew or should have known of that violation of the TVPRA *as to the plaintiff*. See Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th  Cir. 2021). The Defendant's knowledge of Plaintiff's specific trafficking is the requirement - not general trafficking or trafficking of others. See Red Roof Inns, Inc., 21 F.4th at 726. In fact, this Court has emphasized this knowledge element specific to the Plaintiff is an *essential element* to be proven. See C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, 748 F.Supp.3d 1338, 1359-1361 (N.D. Ga. Sep. 12, 2024). In C.B., this Court refused to hold that evidence of prior trafficking incidents or other commercial sex acts at the property were sufficient to prove even constructive knowledge for the fourth element of a TVPRA claim even with

evidence that a prior trafficking incident had occurred with a different trafficker and victim where he "duct taped her, put sheets over her head, walked her through Defendant's common area (where there were cameras) and stuffed her in the back of his car." Id. at *40, 45. This Court instead required evidence of the defendant's "actual or constructive knowledge *as to the trafficking of the individual plaintiff*, plus some degree of acceptance or welcome of that trafficking." Id. at *46 (emphasis in original). Accordingly, evidence of alleged trafficking or other incidents involving individuals other than Plaintiff are wholly irrelevant to Plaintiff's claims in this case as they cannot be used to prove her TVPRA claim – especially when those incidents occurred at a different time than the subject incident in September of 2015. Incidents involving E.M., T.W., G.W., E.P., A.J., J.J., T.P., and S.C. did not occur during September 2015, and thus, as discussed, has no relevance to Plaintiff's claims and should be excluded from the trial of this case.

Not only is this evidence irrelevant to Plaintiff's TVPRA claim, but it is also not relevant to her public nuisance claim because it does not help prove that every person who came in contact with the alleged nuisance was harmed. While Plaintiff may believe that these witnesses (E.M., T.W., G.W., E.P., A.J., J.J., T.P., and S.C.) show they are harmed by the alleged nuisance, the witnesses' incidents also involve alleged traffickers or other individuals (i.e., Milton Leroy Henry, II and Terique Hall)

who were not harmed by the alleged nuisance while acting as a perpetrator or otherwise, which disproves Plaintiff's public nuisance claim.

If this evidence was considered relevant, any probative value therein is substantially outweighed by a danger of unfair prejudice and confusing the issues for the jury and should be excluded pursuant to Fed. R. Evid. 403 because evidence of other alleged trafficking incidents involving people other than Plaintiff and during a different time period has a danger of confusing the issues for the jury. This evidence warrants exclusion because of its danger of unfair prejudice to the Defendant because it allows Plaintiff the opportunity to present allegations of other alleged trafficking incidents or victims, which have no bearing on the essential elements of Plaintiff's claims in this case.

**Motion in Limine No. 2: Other Incidents or Crimes Occurring at the Super 8**

Defendant Tucker Inn moves for an order excluding testamentary and documentary evidence of crimes or incidents at the Super 8 hotel other than those involving Plaintiff. The documents that Plaintiff has identified as potential trial exhibits that fit into this category consist primarily of Dekalb County Police Reports, Crime Statistics, Criminal Investigation documents, online reviews of the hotel, and newspaper or online blog articles. Some of the reports date as far back as 2010 –

more than 5 years before the incident at issue in this case. <u>See</u> Plaintiff Exhibits.[2]

The majority of the other reports, statistics, investigative documents, reviews or

articles listed as Plaintiff's exhibits are related to incidents that occurred after the

subject incident in September of 2015 – some extending so far as 2021 which would

be 6 years after the subject incident. <u>See</u> Plaintiff Exhibits.[3] The incidents described

---

[2] Dekalb County Incident Reports 2011-2015 PLTF Exhibit 3; Incident Reports
PLTF Exhibit 4; List of Dekalb County Incident Report(s) 2014-2017 Pl Exhibit 5;
List of Dekalb County Incident Reports 2014-2017 Pl Exhibit 6; 1600 Crescent
Centre Boulevard Crime Statistics 2011-2014 PL Exhibit 7; ABVI-Tucker Hotel
Reviews 2010-2021 Pl Exhibit 8; Super 8 or America's Best 1600 Crescent Centre
Boulevard, Tucker- Reviews Redacted Pl Exhibit 9; Hotels.com review from May
25, 2019 Pl Exhibit 11; Booking.com review from May 1, 2021 Pl Exhibit 12;
August 2018 review Pl Exhibit 13; Booking.com Review from May 2021 Pl Exhibit
14; Atlanta Journal Article from September 15, 2015 regarding sentencing of a gang
member Pl Exhibit 15; America's Best Inn Tucker Article – Man Killed, from
January 9, 2012 Pl Exhibit 16; America's Best Value Inn Tucker Article - 2 Men
Shot from October 27, 2016 Pl Exhibit 17; Article regarding DeKalb rapist admits
suffocating pregnant woman from backpage.com from October 5, 2017 Pl Exhibit
18; Article maid finds body in hotel room from January 8, 2012 Pl Exhibit 19; Article
"Serial Rapist" tried to Film Murder from December 14, 2016 Pl Exhibit 20; Photos
of Hotel from 2023 site inspection Pl Exhibits 23-28 and 49-134; Court Records
regarding Milton Leroy Henry, II from 2017 Pl Exhibits 33-34; Court records
regarding Terique Hall from 2017 Pl Exhibits 35-36; Police Reports regarding J.J.
from November 2016 Pl Exhibits 135-137; Declaration of J.J., T.W. Pl Exhibits 149-
150; Police Report from December 2013 Pl Exhibit 156; Incident Reports involving
E.M. dated June 9, 2017 Pl Exhibits 158-160; Dekalb County Police Report dated
August 16, 2014 Pl Exhibit 169; Photos of America's Best Value Inn Pl Exhibit 177
and 188; Today's General Counsel Article dated March 25, 2021 Pl Exhibit 178; AJC
Article dated December 14, 2016 Pl Exhibit 181; Incident Reports Pl Exhibit 182;
Discovery Responses in E.M. and Eric Felder cases PL Exhibits 183, 191-196, 210-
214; Eric Felder and Brandon Nick deposition regarding 2017 incident Pl Exhibit 200
and 204 and complaint Pl Exhibit 209.

[3] Incident Reports PLTF Exhibit 4; List of Dekalb County Incident Report(s) 2014-
2017 Pl Exhibit 5; List of Dekalb County Incident Reports 2014-2017 Pl Exhibit 6;

in these reports include a variety of crimes, suspicious activities, or cleanliness complaints. Such materials should be excluded from the trial of this case. Information concerning other crimes or incidents at the Super 8 is not relevant to Plaintiff's TVPRA and public nuisance claims. The fact that other crimes have been reported at the Super 8 hotel, especially incidents that have nothing whatsoever to do with Plaintiff, or which are not at all similar to the allegations that form the basis of Plaintiff's claims in this case, do not have any tendency to make a fact more or less probably as required for evidence to be considered relevant. See Fed. R. Evid. 401. Therefore, the evidence is not admissible. See Fed. R. Evid. 402.

---

ABVI-Tucker Hotel Reviews 2010-2021 Pl Exhibit 8; Super 8 or America's Best 1600 Crescent Centre Boulevard, Tucker- Reviews Redacted Pl Exhibit 9; Hotels.com review from May 25, 2019 Pl Exhibit 11; Booking.com review from May 1, 2021 Pl Exhibit 12; August 2018 review Pl Exhibit 13; Booking.com Review from May 2021 Pl Exhibit 14; America's Best Value Inn Tucker Article - 2 Men Shot from October 27, 2016 Pl Exhibit 17; Article regarding DeKalb rapist admits suffocating pregnant woman from backpage.com from October 5, 2017 Pl Exhibit 18; Article "Serial Rapist" tried to Film Murder from December 14, 2016 Pl Exhibit 20; Photos of Hotel from 2023 site inspection Pl Exhibits 23-28 and 49-134; Court Records regarding Milton Leroy Henry, II from 2017 Pl Exhibits 33-34; Court records regarding Terique Hall from 2017 Pl Exhibits 35-36; Police Reports regarding J.J. from November 2016 Pl Exhibits 135-137; Declaration of J.J., T.W. Pl Exhibits 149-150; Police Report from December 2013 Pl Exhibit 156; Incident Reports involving E.M. dated June 9, 2017 Pl Exhibits 158-160; Dekalb County Police Report dated August 16, 2014 Pl Exhibit 169; Photos of America's Best Value Inn Pl Exhibit 177 and 188; Today's General Counsel Article dated March 25, 2021 Pl Exhibit 178; AJC Article dated December 14, 2016 Pl Exhibit 181; Incident Reports Pl Exhibit 182; Discovery Responses in E.M. and Eric Felder cases PL Exhibits 183, 191-196, 210-214; Eric Felder and Brandon Nick deposition regarding 2017 incident Pl Exhibit 200 and 204 and complaint Pl Exhibit 209.

The same holds true even as to evidence of acts of prostitution occurring at the Super 8. As this Court noted in <u>Doe 1 v. Red Roof Inns, Inc.</u>, No. 1:19-cv-03840-WMR, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020), the TVPRA "does not address commercial sex activity generally." 2020 WL 1872335, at *3. Instead, the TVPRA provides a civil claim only for sex trafficking – that is, commercial sex activity involving a minor, or commercial sex activity involving force, fraud or coercion. 18 U.S.C. § 1591(a). In fact, this court has previously dismissed TVPRA claims on grounds that evidence of prostitution or other trafficking incidents at a hotel property was not sufficient to prove that the operator knew or should have known of sex trafficking on its premises. <u>See</u> <u>Naseeb Investments</u>, 748 F.Supp.3d at 1359-1361.

Moreover, this evidence of other crimes or incidents involving the Defendant constitutes inadmissible character evidence pursuant to Fed. R. Evid. 404(b).

Furthermore, even if marginally relevant in this case, the proffered evidence should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. <u>See</u> Fed. R. Evid. 403. This evidence of other incidents or crimes at the property is unfairly prejudicial and carries great risk of confusing the issues and misleading the jury. The jury could be unfairly swayed to fault Defendant Tucker Inn simply because other crimes occurred at the Super 8 over the years, despite being unrelated to the subject incident involving Plaintiff. It is further important to

distinguish this case from a premises liability claim in which evidence of other crimes on the property could be relevant because substantially similar prior criminal activity is central to that inquiry. But, as discussed above, even substantially similar prior incidents are not relevant for a TVPRA claim. See Naseeb Investments, 748 F.Supp.3d at 1359-1361. Therefore, such evidence has no place in the trial of this matter and it should be excluded.

**Motions in Limine No. 3: Evidence Dated After Plaintiff's Alleged Trafficking**

This Defendant moves this Court for an order excluding testamentary and documentary evidence after September 9, 2015, which was the last time Plaintiff was at the subject property. Plaintiff's proposed exhibit list contains a wide variety of materials that were published or transmitted after the subject time-period in September 9, 2015. These materials include police reports, media coverage, crime statistics, and an anti-trafficking article. See Plaintiff Exhibits.[4] This evidence should

---

[4] Dekalb County Incident Reports 2011-2015 PLTF Exhibit 3; Incident Reports PLTF Exhibit 4; List of Dekalb County Incident Report(s) 2014-2017 Pl Exhibit 5; List of Dekalb County Incident Reports 2014-2017 Pl Exhibit 6; 1600 Crescent Centre Boulevard Crime Statistics 2011-2014 PL Exhibit 7; ABVI-Tucker Hotel Reviews 2010-2021 Pl Exhibit 8; Super 8 or America's Best 1600 Crescent Centre Boulevard, Tucker- Reviews Redacted Pl Exhibit 9; Hotels.com review from May 25, 2019 Pl Exhibit 11; Booking.com review from May 1, 2021 Pl Exhibit 12; August 2018 review Pl Exhibit 13; Booking.com Review from May 2021 Pl Exhibit 14; Atlanta Journal Article from September 15, 2015 regarding sentencing of a gang member Pl Exhibit 15; America's Best Inn Tucker Article – Man Killed, from January 9, 2012 Pl Exhibit 16; America's Best Value Inn Tucker Article - 2 Men Shot from October 27, 2016 Pl Exhibit 17; Article regarding DeKalb rapist admits suffocating pregnant woman from backpage.com from October 5, 2017 Pl Exhibit

be excluded from the trial of this case because it is irrelevant to Plaintiff's trafficking, which is the central inquiry. This proffered evidence does not have a tendency to make a fact more or less probably than it would be without the evidence, nor is it a consequence in determining the action as required by Fed. R. Evid. 401 for evidence to be considered relevant. And irrelevant evidence is not admissible pursuant to Fed. R. Evid. 402. This evidence is irrelevant because it was generated, published, and/or transmitted after Plaintiff's incident, and thus it has no bearing whatsoever on the subject incident and Plaintiff's claims arising therefrom.

This evidence should further be excluded pursuant to Fed. R. Evid. 403 because the danger of unfair prejudice, confusing the issues, and misleading the jury substantially outweighs any probative value of such evidence. The introduction of such materials, like police reports, media coverage, crime statistics, and anti-

---

18; Article maid finds body in hotel room from January 8, 2012 Pl Exhibit 19; Article "Serial Rapist" tried to Film Murder from December 14, 2016 Pl Exhibit 20; Photos of Hotel from 2023 site inspection Pl Exhibits 23-28 and 49-134; Court Records regarding Milton Leroy Henry, II from 2017 Pl Exhibits 33-34; Court records regarding Terique Hall from 2017 Pl Exhibits 35-36; Police Reports regarding J.J. from November 2016 Pl Exhibits 135-137; Declaration of J.J., T.W. Pl Exhibits 149-150; Police Report from December 2013 Pl Exhibit 156; Incident Reports involving E.M. dated June 9, 2017 Pl Exhibits 158-160; Dekalb County Police Report dated August 16, 2014 Pl Exhibit 169; Photos of America's Best Value Inn Pl Exhibit 177 and 188; Today's General Counsel Article dated March 25, 2021 Pl Exhibit 178; AJC Article dated December 14, 2016 Pl Exhibit 181; Incident Reports Pl Exhibit 182; Discovery Responses in E.M. and Eric Felder cases PL Exhibits 183, 191-196, 210-214; Eric Felder and Brandon Nick deposition regarding 2017 incident Pl Exhibit 200 and 204 and complaint Pl Exhibit 209.

trafficking article published or generated after the subject incident has a danger of misleading the jury into unfairly believing that anti-trafficking programs or other similar resources regarding crime in the area was available before or during the time that Plaintiff was allegedly trafficked at the Super 8 hotel in September of 2015. Because these materials were not in existence during that time period, and only after the subject incident, permitting the jury to consider this evidence is not only misleading, but unfairly prejudicial to the Defendant and for those reasons, it should be excluded under Fed. R. Evid. 403.

For these same reasons, Plaintiff should be prohibited from using testamentary or documentary evidence regarding the policies and procedures available or used at hotels other than the Super 8 or the hospitality industry generally after Plaintiff's incident in September 2015. Any such materials published, generated or circulated after the subject incident is irrelevant to Plaintiff's claims and a discussion of such materials would confuse the issues and mislead the jury into considering information available to the hospitality industry that was not available to Defendant Tucker Inn at the time of the subject incident. Furthermore, Plaintiff has no expert to present such materials and explain the standards for the hospitality industry. Accordingly, this evidence should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

**Motions in Limine No. 4: Unverified Guest Reviews of Super 8 Hotel**

Defendant Tucker Inn moves this Court for an order excluding testamentary and documentary evidence of guest reviews of the Super 8 Hotel that were posted to various Web sites. Plaintiff has identified a number of online reviews of the Super 8 hotel posted on Booking.com, Google.com, and Hotels.com as potential exhibits for trial. <u>See</u>, <u>e.g.,</u> Plaintiff Exhibits.[5] Some of these reviews are undated, vague, and were either posted after the subject incident or refer to circumstances after the subject incident making the substance therein irrelevant to Plaintiff's claims in this case as discussed in detail above. <u>See</u> <u>Naseeb Investments</u>, 748 F.Supp.3d at 1359-1361.

These reviews should be excluded from trial because they are inadmissible hearsay pursuant to Fed. R. Evid. 801; not relevant under Fed. R. Evid. 401-402; constitute inadmissible character evidence under Fed. R. Evid. 404(b); and should be excluded for its danger of unfair prejudice substantially outweighing the probative value pursuant to Fed. R. Evid. 403. Evidence of complaints of hotel guests is unfairly prejudicial and carries a great risk of confusing the issues and misleading the jury. In fact, some of the reviews are essentially anonymous because the reviewer is only identified by first name and last name initial, and were not listed

---

[5] ABVI-Tucker Hotel Reviews 2010-2021 Pl Exhibit 8; Super 8 or America's Best 1600 Crescent Centre Boulevard, Tucker- Reviews Redacted Pl Exhibit 9; Hotels.com review from May 25, 2019 Pl Exhibit 11; Booking.com review from May 1, 2021 Pl Exhibit 12; August 2018 review Pl Exhibit 13; Booking.com Review from May 2021 Pl Exhibit 14.

by Plaintiff as witnesses who may testify at trial, which is further problematic, for "[u]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements." Mathew Enter., Inc. v. Chrysler Grp. LLC, Case No. 13-cv-04236-BLF, 2016 WL11432038, at *2 (N.D. Cal. Sept. 21, 2016) (granting motion *in limine* to exclude Yelp! pages and ratings as evidence of how car dealership treated customers). Significantly, none of the reviews have anything to do with Plaintiff, or with sex trafficking. See, e.g., A.B. v. Wyndham, 532 F. Supp. 3d 1018, 1027-28 (D. Or. 2021) (rejecting use of reviews suggesting that prostitution was happening at hotels to state a TVPRA claim; reviews did not reference sex trafficking, did not date from the time period of the plaintiff's claims and did not relate to plaintiff or her trafficker).

Furthermore, Plaintiff cannot reasonably offer this evidence of unverified online reviews as statements that are not offered to prove the truth of the matter asserted (i.e., hearsay), but instead to prove notice, because there is no evidence that Defendant's employees were monitoring online reviews until 2016 when the hotel became known as the America's Best Value Inn – which was after Plaintiff's subject incident. As such, the Defendant could not have notice of these reviews if there is no evidence confirming they its employees viewed these online reviews before or at the time of Plaintiff's incident. Any reviews monitored after the subject incident would bear no relevance to Plaintiff's claims at issue.

**Motion in Limine No. 5: Evidence of Plaintiff's Medical or Psychological Conditions Allegedly Resulting from Her Trafficking at the Super 8 Hotel**

Plaintiff states in the Proposed Consolidated Pretrial Order that as a result of being sex trafficked at the Super 8 hotel she sustained "injuries and damages" and will seek general non-economic damages to include "past, present, and future physical and mental harm and pain and suffering." Attachment C to Proposed Supp. Consolidated Pretrial Order [Doc. 178-4]. However, Plaintiff has not identified any suitably credentialed, qualified expert to testify as to a diagnosis of any medical or psychological conditions of which Plaintiff complains and the purported causes thereof, as would be required by Federal Rule of Evidence 702. Moreover, any such testimony would necessarily be based on scientific or other specialized knowledge and thus would not qualify as permissible opinion testimony by a lay witness pursuant to Federal Rule of Evidence 701. See, e.g., Dodson v. Belk, Inc., 362 F. Supp. 3d 1283, 1294 (N.D. Ga. 2018) (ruling that neither Plaintiff nor other lay witnesses should be permitted to offer medical opinion testimony regarding Plaintiff's injuries); Burdyn v. Borough, 3:12-CV-2236, 2017 WL 394326, at *1 (M.D. Pa. Jan. 26, 2017) (prohibiting lay witnesses from offering any lay or expert medical opinion with respect to diagnosis, treatment or cause of plaintiff's purported post-traumatic stress disorder). Therefore, Defendant Tucker Inn seeks an order precluding the admission of evidence, including testimony from Plaintiff herself,

that she experiences or exhibits symptoms or signs of depression, anxiety, post-traumatic stress disorder or other similar clinical diagnoses, and/or that such conditions are caused by her alleged sex trafficking at the Super 8 hotel.

### Motion in Limine No. 6: Evidence or Argument Suggesting a Specific Amount of Damages to be Awarded

Defendant Tucker Inn seeks an order precluding, at trial, any evidence or argument suggesting, either directly or by unit-of-time or other analogy, an amount of damages to be awarded, either in total or for a particular category or categories of damages.

During discovery, Plaintiff was presented with an interrogatory specifically asking Plaintiff to "[i]temize and separately describe each element of special, economic ,or monetary loss which you claim to be entitled to recover from Defendant in this action, including in your response the specific dollar amount claimed." See Exhibit A, Pl. Resp. to ROGs, attached hereto at Para. 6. In her response, Plaintiff failed to specify any dollar amounts or how any such dollar amounts would be calculated. Accordingly, to allow Plaintiff to introduce specific dollar amounts and/or calculations of damages for the first time at trial would prejudice Defendant Tucker Inn. See, e.g., Capital Inventory, Inc. v. Green, Civil Action No. 1:20-CV-3224-SEG, 2023 WL 2731897, at *1 (N.D. Ga. Jan. 9, 2023) (precluding defendant from requesting a specific dollar amount for category of

damages at trial when such information was requested, but not provided, in discovery); Fed. R. Civ. P. 37(c)(1) (stating that if a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless). Moreover, a plaintiff's trial strategy of suggesting a damages number to a jury, known as "anchoring," is prejudicial because it "anchors" the jury to a suggested (likely inflated) number in an attempt to move the jurors to a damages number that is higher than where they would have landed on their own. See Griffin v. Pet Sense, LLC, Case No. 4:22-cv-00014 KGB, 2024 WL 1604605, at *7 (E.D. Ark. Apr. 12, 2024) (discussing "anchoring" generally).

### Motion in Limine No. 7: "Reptile" Statements or Arguments

In the world of trial strategy, the "Reptile" strategy refers to a plaintiff's counsel's attempts to appeal to the survival instincts of jurors by portraying a defendant's conduct as a threat to the community at large.[6] Sex trafficking, which has received significant media attention recently, but is still not well understood, is subject matter that is naturally susceptible to use of a "Reptile" strategy. However, such a strategy, by definition, is designed to appeal to the fears and other emotions of jurors, and thus, violates Fed. R. Evid. 403. See Fed. R. Evid. 403 advisory

---

[6] The term "Reptile" in this context is derived from a 2009 book, Reptile: Manual of the Plaintiff's Revolution, by David Ball and Don Keenan.

committee's note to 1972 proposed rules (discussing impropriety of trial circumstances that "induc[e] decision on a purely emotional basis"). Accordingly, Defendant Tucker Inn seeks an order prohibiting statements or arguments (including during voir dire) which characterize sex trafficking, and/or Defendant Tucker Inn's alleged acts or omissions, as a threat or danger to the community or public at large.

**Motion in Limine No. 8: Comments about Use of a Translator or Different Native Language**

Defendant Tucker Inn moves this Court for an order excluding, from the trial of this case, any comments, testimony, statements, including during voir dire, regarding any witness's use of a translator to provide testimony in this case, or any witness having a native language that is not English. Emphasis on a witness's need to use a translator or having a different native language is simply unnecessarily prejudicial. See Fed. R. Evid. 403. In this case, Defendant's corporate designee for the deposition of Tucker Inn under Rule 30(b)(6) primarily speaks Gujarati and used a translator during his deposition. A translator was necessary for this witness, and is anticipated that it may be necessary for other witnesses called by Defendant, to allow these witnesses to fully and fairly understand this legal proceeding, the questions being asked, and the substantive context of this matter. Any comments, statements or testimony negatively discussing any witness's use of a different language or need

for an interpreter has no probative value whatsoever and should be excluded because of its prejudicial nature pursuant to Fed. R. Evid. 403.

## Motion in Limine No. 9: Undated, Unauthenticated, and Irrelevant Physical Evidence

As this Court will recall, during a site inspection of the Defendant's hotel property in May of 2023 (8 years after Plaintiff's incident), Plaintiff's counsel discovered a dildo on the grounds and requested it to be preserved for trial, which became the subject of a discovery dispute. Defendant Tucker Inn now seeks an order from this Court excluding this evidence from the trial of this case. This evidence is unauthenticated, undated, lacks foundation, and is wholly irrelevant to Plaintiff's claims in this case. There has been no evidence regarding who owned the object, when it appeared on the property, how long it was on the property, why it was on the property, and importantly, there is no connection whatsoever between this object and Plaintiff. As such, there is no evidence making this object relevant to Plaintiff's claim and it must be excluded. See Fed. R. Evid. 401 and 402. Even if there was some probative value of this evidence – which Defendant disputes – it is substantially outweighed by the danger of confusing the issues and misleading the jury into the timeline of Plaintiff's incident in 2015 and the discovery of this object on the property 8 years after Plaintiff's incident, and it must be excluded pursuant to Fed. R. Evid. 403.

**Motion in Limine No. 10: Allegations of What the Hotel Should have Seen**

Defendant Tucker Inn moves this Court for an order excluding, from the trial of this case, evidence, testimony, arguments, or comments regarding "what the hotel *should have seen*" related to Plaintiff's alleged trafficking. This is a false standard that is simply not an element of a TVPRA claim. Plaintiff made a similar argument during her Response in Opposition to Defendant's Motion for Summary Judgment, and Defendant now seeks an order excluding such evidence, testimony, argument or commentary because it is misleading and would confuse the issues for the jury as a false standard under the law. See Fed. R. Evid. 403. Significantly, there has been no evidence submitted of an industry standard or other reliable source to support such a standard of what the hotel should see related to sex trafficking or other incidents occurring on the property.

**Motion in Limine No. 11: References to the America's Best Value Inn Hotel**

Defendant Tucker Inn moves this Court for an order excluding testamentary and documentary evidence relating to the subject hotel being referred to as the America's Best Value Inn hotel, rather than the Super 8 hotel. Plaintiff has identified a number of exhibits that refer to the America's Best Value Inn hotel, rather than the Super 8. Although this hotel was operated by the Defendant during the times it was known as the Super 8 and America's Best Value Inn, the hotel was operating under a different franchise. At the time of Plaintiff's incident, the hotel was a Super 8 hotel,

and thus, any reference to the hotel as the America's Best Value Inn has a danger of confusing the issues and misleading the jury under Fed. R. Evid. 403 and should be excluded. Evidence regarding the America's Best Value Inn is further irrelevant to Plaintiff's claims and has a danger of misleading the jury because it involves a different franchisor and potentially different rules or procedures and obviously refers to a time period different and distinct from Plaintiff's incident.

**Motion in Limine No. 12: Third Party Statements in Police Reports**

Defendant Tucker Inn moves this Court for an order excluding third-party statements in police incident reports. Notwithstanding the arguments made regarding Motions in Limine No. 2, above, while portions of a police report that contain facts personally observed by the police officer are typically admissible, other information offered by others is hearsay within hearsay and does not fall under the Rule 803(8) hearsay exception. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009) (citing Joseph v. Kimple, 343 F. Supp. 2d 1196, 1204 (S.D. Ga. 2004)) (finding that while police reports are admissible under the public records exception to the hearsay rule, "statements contained in police reports made by bystanders, witnesses, and other pertinent individuals are not allowed in as admissible evidence under the Federal Rules of Evidence § 805.") Accordingly, to the extent police incident reports are permitted as evidence, portions of the information in the reports, including narratives, include statements by third parties made to the police officers which

-20-

contain descriptions of events that the reporting officers did not personally observe. Accordingly, such descriptions are not admissible where the reporting officer lacked personal knowledge of the event.

Additionally, third-party statements in police incident reports are unfairly prejudicial because Defendant does not have the ability to question the information or confront the witness through cross-examination. United States v. Monaco, 702 F.2d 860, 870 (11th Cir. 1983) (excluding direct testimony where the inability to cross examine a witness "created substantial danger of prejudice by depriving [the defendant] of the ability to test the truth of the witness' direct testimony") (internal citation omitted). Instead, the jury would be allowed to rely on such information and statements on their face, which is not only unfairly prejudicial, but can also lead to confusion for the jury by inferring Defendant's knowledge or participation in trafficking based on narratives reported by someone without personal knowledge. Accordingly, because such third-party statements in police reports are hearsay that is not subject to a hearsay objection, have the ability to be misleading or confusing to the jury, and are unfairly prejudicial to Defendant, Defendant requests that such statements be excluded.

**Motion in Limine No. 13: Argument, Testimony, and Evidence Regarding**

**Defendant's Financial Condition**

Defendant Tucker Inn seeks an order from this Court to exclude argument, testimony, and evidence regarding its financial condition. The Defendant's financial condition is not relevant to the elements of Plaintiff's claims in this case, and it is, therefore, inadmissible. See Fed. R. Evid. 401-402. Even if the Defendant's financial condition was marginally relevant, it should be excluded pursuant to Fed. R. Evid. 403 because any probative value is substantially outweighed by a danger of unfair prejudice against the Defendant and the danger of misleading the jury into considering financial matters which have no bearing on the issues in this case. In fact, evidence of a corporate defendant's financial condition is often excluded because of its prejudicial nature. See, e.g., GT Software, Inc. v. webMethods, Inc., No. 1:07-CV-0172-BBM, 2008 WL 11334115, at *3 (N.D. Ga. May 13, 2008) (excluding evidence of financial condition because prejudicial impact substantially outweighs its probative value); Chesser v. Fifth Third Bank, N.A., Civil Action No. 5:19-081-DCR, 2020 WL 3979586, at *7 (E.D. Ky. July 14, 2020) (evidence of defendant's financial condition excluded as unfairly prejudicial "because it could be used as an emotional appeal to the jury to find against a defendant who can afford to pay large damages to an individual plaintiff."); St. Cyr v. Flying J Inc., No. 3:06-cv-13-J-33TEM, 2007 WL 2696791, at *2 (M.D. Fla. Sept. 12, 2007) (granting motion

in limine as to defendant's financial condition in view of "pre-existing prejudice against corporations.") If a jury were to improperly draw conclusions from the evidence as to Defendant Tucker Inn's financial ability to pay a judgment, that may unfairly influence the jury in its deliberations as to both liability and damages.

## CONCLUSION

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court GRANT its Motions in Limine and enter an Order excluding the testamentary and documentary evidence, arguments, and comments as requested herein.

Respectfully submitted, this 17th day of June, 2025.

SWIFT, CURRIE, McGHEE & HIERS

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn***
***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:   404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:  *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn
Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 17th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S CONSOLIDATED MOTIONS IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:  *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn***
***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4913-5029-6398, v. 1