UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:22-CV-03419-JPB |
| TUCKER INN INCORPORATED, d/b/a SUPER 8 BY WYNDHAM, | |
| Defendant. | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WITNESSES' PENDING LAWSUITS AND PRIOR SETTLEMENTS AGAINST NONPARTY HOTELS**

**INTRODUCTION**

The Court should exclude any testimony, evidence, argument, or reference to (1) T.W.'s pending lawsuit against a nonparty hotel, and (2) any prior settlements, including settlement amounts, involving witnesses E.M., G.W., and T.W. Specifically, E.M. resolved trafficking claims against the same Defendant in this matter, and T.W. and G.W. settled trafficking claims against a nonparty hotel.

Such evidence is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402, and its probative value, if any, is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and waste of time under Federal Rule of Evidence 403. In short, admission of this evidence would serve no legitimate evidentiary purpose.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    Evidence concerning other legal proceedings is irrelevant and prejudicial.**

**A.    Prior settlements by witnesses**

The prior resolution of separate lawsuits involving different claims or parties does not speak to whether Defendant is liable for what happened to D.H. at Super 8. Nor do the settlements have any bearing on the credibility or reliability of E.M.,[1] G.W., or T.W. as witnesses. This is particularly true of the settlement amount, which may reflect litigation risk, confidentiality considerations, or strategic decisions—not the seriousness or validity of the underlying allegations.

Indeed, "claims may be settled for any number of reasons, some of which may not relate to the merit of the claim." *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1275 (S.D. Fla. 2011); *see also AIG Global Securities Lending Corp. v. Banc of America Securities, LLC,* 646 F. Supp. 2d 285, 405 (S.D.N.Y. 2009) ("[P]arties enter into settlements for many reasons"); *Hotels of Deerfield, LLC v. Studio 78, LLC*, No. 21-60980-CIV, 2022 WL 20033793, at *2 (S.D. Fla. Nov. 30, 2022)

---

[1] While the facts underlying E.M.'s trafficking experience are relevant, the fact that she previously resolved a separate civil action invites improper comparisons between the settlement outcome and the issues before the jury, even though this case must be evaluated based solely on its own distinct facts, legal claims, and parties.

(excluding settlement agreement where it had no tendency to prove or disprove any element of a claim or defense).

Without a logical connection to a fact of consequence in this case, such evidence is irrelevant under Rule 401 and inadmissible under Rule 402.

### B.    T.W.'s pending lawsuit against a nonparty hotel

Likewise, evidence that T.W. has a pending lawsuit against a nonparty hotel must be excluded. The lawsuit involves an entirely different defendant and different facts. It has no bearing on whether Defendant is liable to D.H. under the TVPRA or Georgia nuisance law. T.W.'s pending action is irrelevant to any fact of consequence in this case and therefore inadmissible under Federal Rules of Evidence 401 and 402.

Moreover, reference to T.W.'s pending litigation would serve only to distract and confuse the jury, inviting speculation about the merits, motives, or financial incentives behind an entirely different legal proceeding. Courts routinely exclude such evidence under Rule 403. *See Boneta v. Am. Med. Sys., Inc.*, No. 20-cv-60409, 2021 WL 6776245, at *3 (S.D. Fla. Oct. 6, 2021) (granting motion to exclude evidence of unrelated lawsuits because "evidence of other lawsuits is likely to confuse and mislead the jury from [its] task, and it is highly prejudicial" (quoting *In re Ethicon, Inc.*, No. 2:12-cv-4301, 2014 WL 505234, at *6)); *see also Bunch v. Pac. Cycle, Inc.*, 4:13-cv-36, 2015 WL 11622952, at *8 (N.D. Ga. Apr. 27, 2015) (Murphy, J.) (excluding as "irrelevant" all "evidence or argument about other, unrelated lawsuits"

plus finding that the "probative value of the evidence is substantially outweighed by the dangers of unfair prejudice and confusion").[2]

This is especially true where the litigation has not resulted in any adjudication, meaning its evidentiary value, if any, is speculative at best. In trying to admit this evidence, Defendant could only intend to unfairly color the jury's view of T.W.'s testimony or suggest that trafficking claims against hotels are nothing more than opportunistic litigation. Neither purpose is proper.

Accordingly, the Court should exclude any reference to T.W.'s separate, pending lawsuit as irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

## II. Evidence of unrelated lawsuits at nonparty hotels cannot be used to impeach witnesses or to show bias or motive.

Defendant may attempt to introduce this evidence under the guise of bias, motive, or credibility. A witness's involvement in or settlement of a separate lawsuit does not, by itself, suggest an improper motive or bias. Courts have rejected such speculative, prejudicial impeachment tactics. *See, e.g.*, *United States v. Sheppard*, No. 22-cr-20290, 2024 WL 2815278, at *21 (S.D. Fla. June 3, 2024) (rejecting cross-

---

[2] In *Bunch*, the "other lawsuits" involved either the defendant or the defendant's parent company, so they were far more closely connected to the facts of that case than any litigation against a different hotel by witness T.W. 2015 WL 11622952, at *7.

examination about the witness's 22 civil lawsuits, and holding that such questioning was not probative of a witness's character for truthfulness) (appeal filed). These lines of inquiry do not meaningfully test credibility or demonstrate bias and serve only to distract and unfairly prejudice. Therefore, the Court should exclude such evidence and argument.

## CONCLUSION

For the foregoing reasons, the Court should exclude any testimony, evidence, argument, or reference to T.W.'s pending lawsuit against a nonparty hotel and any prior settlements involving witnesses E.M., G.W., or T.W. This evidence is irrelevant under Rules 401 and 402, and any minimal probative value is substantially outweighed by the risk of unfair prejudice, confusion, and delay under Rule 403.

Respectfully submitted June 17, 2025.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381

jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile