IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H.,<br><br>        Plaintiff,<br><br>v.<br><br>TUCKER INN INCORPORATED<br>d/b/a SUPER 8 BY WYNDHAM,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-03419-JPB |

### DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO INTRODUCE THE DEPOSITION TESTIMONY OF E.M.

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and hereby files its Response in Opposition to Plaintiff's Motion in Limine to Introduce the Deposition Testimony of Child Sex Trafficking Victim E.M., respectfully showing this Court as follows:

As an initial matter, Defendant objects to the admissibility of E.M.'s deposition testimony because it is irrelevant to the underlying claims of Plaintiff. Plaintiff's incident occurred in September of 2015, while E.M.'s testimony refers to an incident on the hotel property that occurred almost two (2) years later – in June of 2017. Thus, the substance of what E.M.'s testimony offers has no bearing on the

incident from which Plaintiff claims injuries and damages. E.M.'s testimony should, therefore, be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

Additionally, Defendant would be unfairly prejudiced if it is unable to cross-examine Plaintiff's witness, E.M., during live testimony at the trial of this case. Plaintiff seeks to offer E.M. as a witness during her case in chief to discuss other alleged trafficking incidents that occurred at the subject hotel in June of 2017. Significantly, the Federal Rules of Evidence and Federal Rules of Civil Procedure prefer live testimony of witnesses at trial, and requires a showing of the witness's unavailability to use a deposition in lieu of live testimony. See Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules or other rules adopted by the Supreme Court provide otherwise."). As noted by Plaintiff, E.M. is physically within subpoena range, in fact, she is local to the Atlanta-area, and thus, she is not an unavailable witness pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 32(a)(4).

Plaintiff argues that exceptional circumstances make permitting E.M.'s deposition testimony desirable, but this Court must "with due regard to the importance of the live testimony in open court" consider the prejudicial impact to the Defendant by doing so. See Fed. R. Civ. P. 32(a). Courts are "reluctant to broadly interpret Rule 32(a)(4)(E), finding that a liberal interpretation would 'effectively eviscerate the other provisions of Rule 32(a)(4)' and 'undermine the importance of

presenting live testimony.'" Whitlock v. Allstate Fire and Casualty Insurance Company, 635 F.Supp.3d 371, 378 (E.D. PA 2022). At trial, E.M. will be given the appropriate anonymity by proceeding under her initials rather than her full name due to the sensitive and personal nature of her testimony. Further, E.M.'s testimony is anticipated to cover key elements of Plaintiff's claims – though Defendant completely disagrees with the alleged relevance of her incident occurring almost two years after Plaintiff's incident – and therefore, Defendant should be permitted a thorough and sifting cross-examination of this witness live at trial. At the time of her deposition, Defendant did not intend on using her deposition in lieu of live testimony at trial, and thus, her deposition was strategically different than a cross-examination for trial. Defendant would be prejudiced without the opportunity to challenge E.M.'s credibility as a live witness and if restricted to deposition testimony taken more than two years ago (March of 2023). Indeed, the Federal Rules of Evidence and Federal Rules of Civil Procedure's emphasize the importance of live testimony for available witnesses for these reasons. Without such Rules, any witness would opt to use their deposition testimony to avoid testifying live at trial for its inconvenience, because it is uncomfortable, etc.

It is significant that E.M. is an available witness whom Plaintiff is capable of subpoenaing for trial. Her ability to appear live at trial is not impossible nor highly impracticable. While Defendant appreciates that her testimony is personal and

uncomfortable, E.M. previously filed her own lawsuit against this Defendant, in which she detailed her incident and alleged injuries, and in her own case would have been made to testify live at trial. Thus, the fact that E.M. would allegedly be subject to trauma by offering testimony at trial does not constitute exceptional circumstances making her unavailable.[1] Importantly, Plaintiff does not intend E.M.'s testimony to be superfluous, but rather, to be crucial her overall liability argument against the Defendant. As such, the fact that the subject matter of this case involves sexual assault is an important element of Plaintiff's case and Plaintiff cannot use that basis to argue their witness is unavailable to testify live at trial.

District courts "[have] an obligation to ensure a fair trial" and fairness to the Defendant requires this available witness to testify live at trial. United States v. Thayer. 204 F.3d 1352, 1355 (11th Cir. 2000).

## **CONCLUSION**

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court DENY Plaintiff's Motion in Limine to Introduce the Deposition Testimony of Child Sex Trafficking Victim, E.M.

Respectfully submitted, this 24th day of June, 2025.

---

[1] Plaintiff contends she is only offering 16 minutes of E.M.'s deposition testimony, and therefore, we can reasonably assume Plaintiff counsel's direct examination of E.M. would be short as well. This is another factor which weighs in favor of requiring her live testimony.

SWIFT, CURRIE, McGHEE & HIERS

By: **_Marissa H. Merrill_**
    Kori E. Wagner
    Georgia State Bar No. 155438
    Marissa H. Merrill
    Georgia State Bar No. 216039
    Tracy A. Gilmore
    Georgia State Bar No. 633193
    ***Attorneys for Defendant Tucker Inn***
    ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.888.6162
Fax: 404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, McGHEE & HIERS**

By: **_Marissa H. Merrill_**
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:   404.888.6162
Fax:   404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 24th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO INTRODUCE THE DEPOSITION TESTIMONY OF E.M.** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com