# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **D.H.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **1:22-CV-03419-JPB** |
| **TUCKER INN INCORPORATED d/b/a SUPER 8 BY WYNDHAM,** | |
| **Defendant.** | |

## DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ABOUT OTHER INCIDENT EVIDENCE

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and hereby files its Response in Opposition to Plaintiff's Motion in Limine about Other Incident Evidence respectfully showing this Court as follows:

Plaintiff seeks to introduce "other incident evidence" at the trial of this case, which relates to any time period both before and after the subject incident, because she contends it is relevant impeachment evidence, proves the existence of a public nuisance, and evidence of *modus operandi*. Defendant strongly disagrees that such evidence, especially other incidents occurring after the subject incident in September of 2015, are relevant and admissible. In fact, Defendant filed its own Motion in

Limine seeking an Order from this Court excluding such evidence [Doc. No. 184] because this evidence is irrelevant to Plaintiff's underlying claims, and even if there is some measure of probative value to this evidence, it is substantially outweighed by a danger of unfair prejudice to the Defendant, and therefore, must be excluded pursuant to Fed. R. Evid. 403. Not only is evidence of other incidents of crime at the Defendant's hotel, including alleged sex trafficking or prostitution, unfairly prejudicial to the Defendant because it has nothing to do with Plaintiff's claims which arise out of an incident that occurred in September 2015, it would confuse the issues and mislead the jury into considering other crimes – with no connection to Plaintiff's incident or her alleged damages – when deciding the elements of the TVPRA and public nuisance claims.

The elements of a TVPRA claim require that Plaintiff prove the Defendant participated in an undertaking that violated the TVPRA, which the Defendant knew or should have known violated the TVPRA *as to the Plaintiff*. See Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added). Because the Plaintiff's specific trafficking is an essential element of the TVPRA claim, evidence of other incidents are not a fact of consequence in determining the claim nor does it have any tendency to make a fact more or less probable that without such evidence. Significantly, this Court has specifically held that evidence of other – even prior – trafficking incidents or other commercial sex acts at a hotel property were not

sufficient to prove constructive knowledge for a TVPRA claim despite detailed evidence in the record of the prior trafficking incidents at that hotel. See C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, 748 F.Supp.3d 1338, 1359-1361 (N.D. Ga. Sep. 12, 2024). Further, while Plaintiff cites to United States v. McNair to support her assertion that this evidence is material because it is inextricably intertwined with the elements of her claims and shows the Defendant's common plan and motive, she ignores a significant part of the court's ruling in McNair: that the evidence of other acts of bribery "showed a common plan… during the same time frame of [the subject incidents]." 605 F.3d 1152, 1204 (11th Cir. 2010) (emphasis added); see also Fed. R. Evid. 404(b) Advisory Committee Notes 1972 Note to Subdivision (b) ("The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403."). Accordingly, Plaintiff's proffered evidence of other incidents after the subject incident is not relevant to Plaintiff's TVPRA claim and should be excluded from trial. See Fed. R. Evid. 402.

Similarly, evidence of other incidents is not relevant to prove Plaintiff's claim of a public nuisance. Despite Plaintiff's contention that the ongoing nature of the alleged nuisance is essential in proving her nuisance claim, her injuries could not reasonably be the result of the Defendant's alleged nuisance occurring after Plaintiff

last visited the property in September of 2015. Any incidents occurring after September 2015 are completely irrelevant to Plaintiff's public nuisance claim. Because evidence of such other incidents are not relevant, they must be excluded pursuant to Fed. R. Evid. 402. Plaintiff wishes to include this evidence to capitalize on its ability to inflame the jury against the subject hotel, which is the exact reason such unfairly prejudicial evidence is excluded from trial. See Fed. R. Evid. 403, 1972 Advisory Committee Note ("Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission."). Evidence of other incidents occurring after the subject incident in September of 2015 is not relevant to Plaintiff's claims, but is detrimental and harmful to the Defendant.

Plaintiff's attempt to include this evidence under the guise of impeachment does not warrant its admissibility. Rather, any evidence, including impeachment, must be relevant and pass the balancing test required by Fed. R. Evid. 403. Because Plaintiff seeks to admit evidence of other incidents occurring at the hotel after the subject incident, impeaching a witness with this evidence has no tendency to make a fact of Plaintiff's claims more or less probable. It is also problematic that Plaintiff seeks to use evidence of other incidents to prove the truth of the matter asserted – that other crimes happened at the hotel – instead of challenging the witness's

credibility.[1] The evidence of other incidents that Plaintiff intends to introduce are riddled with inadmissible hearsay, which further warrants its exclusion from the trial of this case.

For the same reasons, Plaintiff's argument to admit other incidents as *modus operandi* evidence fails. A District Court in Florida specifically addressed *modus operandi* evidence and noted that "[a]lthough the Eleventh Circuit has not addressed modus operandi in the context of the TVPRA, another court has concluded that the defendant has a modus operandi if it is shown that he knew 'he had a pattern of using fraud or force to cause commercial sex acts with victims' <u>at the initial recruitment or enticement stage</u>." <u>Treminio v. Crowley Maritime Corporation</u>, 707 F.Supp.3d 1234, 1245 (M.D. Fla. 2023) (<u>citing</u> <u>Ardolf v. Weber</u>, 332 F.R.D. 467, 475 (S.D. N.Y. 2019)) (emphasis added); <u>see</u>, <u>e.g.</u>, <u>United States v. Todd</u>, 627 F.3d 329, 334 (9th Cir. 2010) ("What the statute requires is that the defendant know in the sense of

---

[1] <u>See</u> Plaintiff's Motion, at p. 6 ("This scenario again presents the classic bases for contradiction evidence of sex crimes at Defendant's hotel: (1) facts admissible to prove substantive issues in the case; and (2) facts to impeach the witness. <u>United States v. Lambert</u>, 463 F.2d 552, 557 (7th Cir. 1972) (contradiction evidence was not collateral because it was otherwise relevant and admissible to show knowledge of defendant, which was an essential element of the crime charged)." Notably, the case cited by Plaintiff holds that the contradiction evidence needed to be <u>otherwise relevant</u>. This argument by Plaintiff further confirms her desire to use the hearsay evidence to prove the truth of the matter asserted, which is improper. She cannot reasonably claim that the contradiction evidence of other incidents is admissible to show knowledge because the Defendant's knowledge of incidents <u>after</u> the subject incident is simply not relevant to her underlying claims.

being aware of an established modus operandi that will <u>in the future</u> cause a person to engage in prostitution.") (emphasis added).  These cases highlight the significance of modus operandi evidence as whether the Defendant's pattern led to its criminal act, or in this case, its common undertaking in a violation of the TVPRA. Therefore, incidents occurring after the alleged TVPRA violation are wholly unnecessary and irrelevant.

**CONCLUSION**

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court DENY Plaintiff's Motion in Limine about Other Incident Evidence.

Respectfully submitted, this 24th day of June, 2025.

**SWIFT, CURRIE, McGHEE & HIERS**

By:  ***Marissa H. Merrill***
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn***
***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com

-6-

marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, McGHEE & HIERS**

By:  ***Marissa H. Merrill***
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn
Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This are to certify that on the 24th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **<u>DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ABOUT OTHER INCIDENT EVIDENCE</u>** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *<u>Marissa H. Merrill</u>*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
*Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com