IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> **Plaintiff,** <br><br> v. <br><br> **TUCKER INN INCORPORATED d/b/a SUPER 8 BY WYNDHAM,** <br><br> **Defendant.** | **CIVIL ACTION FILE NO.** <br><br> **1:22-CV-03419-JPB** |

### DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WITNESSES' PENDING LAWSUITS AND PRIOR SETTLEMENTS AGAINST NONPARTY HOTELS

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and hereby files its Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Witnesses' Pending Lawsuits and Prior Settlements Against Nonparty Hotels, respectfully showing this Court as follows:

This Cout should deny Plaintiff's request to exclude evidence regarding T.W.'s similar lawsuit against a nonparty hotel, and any settlements involving witnesses E.M., G.W., and T.W. who settled similar TVPRA claims against hotels because this evidence is relevant and admissible as an exception under Fed. R. Evid. 408(b) when offered to prove a witness's bias or prejudice. Indeed, "[p]roof of bias

is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." United States v. Abel, 469 U.S. 45, 52, 105 S. Ct. 465 (1984). Many courts across jurisdictions agree that "[e]vidence concerning a witness's credibility is always relevant, because credibility is always at issue." United States v. Repak, 852 F.3d 230 (3rd Cir. 2017); Van Brunt-Piehler v. Absolute Software, Inc., 744 F.Supp.3d 277 (W.D. NY 2024); Pressley v. State, 331 Ga. App. 175, 770 S.E.2d 266 (2015) (evidence of a witness's credibility is relevant when produced to attack the credibility or rehabilitate it after an attack); United States v. Slough, 22 F.Supp.3d 29 (D.C. 2014) (proof of a witness' bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony); See also United States v. Begay, 497 F.Supp.3d 1025 (D. NM 2020).

      Plaintiff contends that "[w]ithout a logical connection to a fact of consequence in this case, such evidence is irrelevant under Rule 401 and inadmissible under 402" but she ignores the importance of a Defendant's right to challenge a witness's credibility. See Abel, 469 U.S. at 52; Repak, 852 F.3d 230; Pressley, 331 Ga. App. 175. The fact that nonparty witnesses T.W. and G.W. made similar sex trafficking claims against other hotels, and E.M. made similar TVPRA claims against this

Defendant are directly relevant to each witness's credibility, interest, motive, and potential bias against a hotel and allegations of sex trafficking. These witnesses are not parties to this litigation, and thus, their settlements in other cases against hotels with similar allegations (or, in E.M.'s circumstances, with this Defendant) may prejudice them or motivate them to offer negative testimony against the Defendant. See Stewart v. QuikTrip Corp., No. 1:21-CV-1974-MHC, 2023 WL 10406726, at *7 (N.D. Ga. Dec. 8, 2023) (a witness's financial interest in the trial outcome is always a proper cross-examination subject).

Importantly, this evidence of other settlements and a pending similar lawsuit of these witnesses does not create unfair prejudice or confusion of the issues that is substantially outweighed by its probative value. See Fed. R. Evid. 403. There is probative value to the evidence because these witnesses made similar allegations of sex trafficking or TVPRA claims against a different hotel, which could easily bias them against the Defendant hotel faced with similar allegations. This evidence is not unfairly prejudicial because these witnesses are not parties to the case – nor would this prejudice Plaintiff in any way. Likewise, this evidence will not confuse the issues at trial because Defendant has no intention of belaboring the details of these witnesses' prior settlements or pending lawsuits against other hotels, but rather only intends to confirm these witnesses received a monetary benefit as a result of filing claims against other hotels and evidence of other lawsuits or prior settlements does

not affect an element of Plaintiff's claims to warrant confusing the issues. Defendant is not offering this evidence to prove liability or the invalidity of the claims against it or the other hotels. Nor does Defendant intend to offer the amounts of the settlements. See Barker v. Niles Bolton Assocs., Inc., 316 F. App'x 933, 937 (11th Cir. 2009) (settlement evidence is admissible). Instead, this evidence is admissible to permit a jury to evaluate the witnesses' credibility and the weight to give their testimony. Plaintiff cannot satisfy the high burden prescribed in Fed. R. Evid. 403 to exclude this relevant evidence. Accordingly, evidence of T.W.'s pending similar lawsuit and prior settlements between T.W., E.M., and G.W. with hotels for sex trafficking claims should be admitted for the purpose of establishing the witnesses' bias or prejudice.

If the Court is unsettled as to the relevance or alleged prejudice of this evidence, Defendant urges this court to postpone its ruling on this issue until during the trial because the settlement evidence may become relevant for various reasons during the course of trial. See McSweeney v. Kahn, No. 4:05-CV-0132-HLM, 2008 WL 11333599, at *8 (N.D. Ga. Aug. 7, 2008) (finding settlement agreement between plaintiff and former co-defendant not admissible at this time, but notes such evidence could become relevant during the course of trial, and thus, will revisit the issue in the event it becomes relevant). At which time, the Court can decide after having the

parties articulate the relevance or alleged prejudice according to the evidence presented to the jury at that time.

## CONCLUSION

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court DENY Plaintiff's Motion in Limine to Exclude Evidence of Witnesses Pending Lawsuits and Prior Settlements Against Nonparty Hotels.

Respectfully submitted, this 24th day of June, 2025.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, McGHEE & HIERS**

By:  *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

This are to certify that on the 24th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WITNESSES' PENDING LAWSUITS AND PRIOR SETTLEMENTS AGAINST NONPARTY HOTELS** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *Marissa H. Merrill*
    Kori E. Wagner
    Georgia State Bar No. 155438
    Marissa H. Merrill
    Georgia State Bar No. 216039
    Tracy A. Gilmore
    Georgia State Bar No. 633193
    ***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com