IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H.,<br><br>        Plaintiff,<br><br>v.<br><br>TUCKER INN INCORPORATED<br>d/b/a SUPER 8 BY WYNDHAM,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-03419-JPB |

**DEFENDANT'S MOTION TO BIFURCATE TRIAL AND BRIEF IN SUPPORT**

**COMES NOW** TUCKER INN INC. d/b/a SUPER 8 BY WYNDHAM, (hereinafter "Defendant"), Defendant in the above-captioned action, and hereby files its Motion to Bifurcate Trial and Brief in Support, showing this Court as follows:

**I.    INTRODUCTION AND BACKGROUND**

This lawsuit arises from Plaintiff D.H.'s allegations that she was trafficked for sex by her sister, Santresia Woods, at a Super 8 hotel located at 1600 Crescent Center Boulevard, Tucker, Georgia ("Super 8") between September 2 – 9, 2015. At all times pertinent to this litigation, the Super 8 was owned by Defendant Tucker Inn. Plaintiff asserted two causes of action against Tucker Inn: (1) a

1

violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") codified at 18 USC § 1595 and (2) nuisance. Both claims permit the recovery of damages, including punitive damages and attorney's fees if warranted. The parties have already agreed to bifurcation on the consideration of punitive damages and attorney's fees. [Dkt. 179-00, p. 4.]

However, Tucker Inn files this motion seeking bifurcation of the liability phase and compensatory damages phase on the basis that damages should be tried separately in order to avoid unfair prejudice to Tucker Inn, promote efficient judicial administration, and as being conducive to the expedition of the case. Further, as discussed herein, Plaintiff will not be prejudiced by bifurcation. Accordingly, Tucker Inn requests that this Court bifurcate the trial of this case so that the issue of liability is tried first and, if necessary, the issue of damages be tried second.

## II. LEGAL ARGUMENT AND CITATION OF APPLICABLE LAW

Federal Rule of Civil Procedure 42(b) states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Importantly, Rule 42(b) does not set a high standard for the court, but rather it

confers broad discretion on the district court to permit bifurcation when it furthers convenience. Harrington v. Cleburne Cnty. Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001). In considering a motion to bifurcate, the court must consider several factors, such as whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration, whether separate trials will avoid prejudice, and whether the issues sought to be tried separately are significantly different. Long v. Phillips & Brooks/Gladwin, Inc., 1:02-CV-1235-CC, 2006 WL 8431255, at *1 (N.D. Ga. Sept. 15, 2006) (internal citation omitted). In addition to the general factors set forth in Rule 42(b), a court reviewing a motion for bifurcation may also consider several other factors, including whether a single trial of all issues would create the potential for jury bias and confusion. Kimberly-Clark Corp. v. James River Corp. of Virginia, 131 F.R.D. 607, 609 (N.D. Ga. 1989). However, the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice. Id.

In Long v. Phillips & Brooks/Gladwin, Inc., this Court exercised its right to trifurcate the trial where liability questions were narrow in scope, liability was heavily contested, and Plaintiff's damages evidence would be complex, time-consuming, and could be prejudicial to Defendant. 1:02-CV-1235-CC, 2006 WL 8431255, at *1 (N.D. Ga. Sept. 15, 2006). In granting the motion to trifurcate, this

3

Court held that duty and breach were "threshold issues…and the resolution of the issues could render the trial of other issues in the case unnecessary." Id. at *2. Further, this Court held that separating the liability and damages phases of the trial would "greatly reduce" the potential for evidence of damages to improperly prejudice the jury's determination of liability. Id.

Here, like in Long, there is a great likelihood that the presentation of evidence and testimony related to Plaintiff's alleged damages before a determination of liability has been made will improperly prejudice the jury against Defendant. The type of claims asserted by Plaintiff are of a sensitive nature that already increase the potential for sympathy and bias from the jury. The risk of prejudice to Tucker Inn and ability to have its legal defenses fairly heard is alone reason enough to bifurcate the trial in this case. See Beauchamp v. Russell, 547 F.Supp. 1191, 1199-1200 (N.D. Ga. 1982) (granting motion for bifurcation where evidence of severe and permanent injuries could cause potential prejudice). Further, as was the case in Kimberly-Clark, the liability issues as to whether Defendant violated the TVPRA and whether its property constitutes a nuisance are separate and distinct from the damages issues. Kimberly-Clark Corp., 131 F.R.D. at 609. While the Defendant is sure to be prejudiced from a trial without separate phases, Plaintiff can demonstrate no prejudice from a bifurcated trial.

### III. CONCLUSION

For the foregoing reasons, Tucker Inn respectfully requests that the Court bifurcate the trial of this case into separate liability and damages phases, which would serve the interests of convenience, avoid prejudice, and promote expedition and economy. Specifically, Tucker Inn requests that trial be bifurcated such that the parties first try the liability issues for Plaintiff's TVPRA and nuisance claims and, if the jury finds in favor of Tucker Inn on these issues, the trial is over, or if the jury finds in favor of Plaintiff on one or both issues, the parties will proceed to try the issues of compensatory damages. If, at that stage, the jury finds that Plaintiff is also entitled to punitive damages and/or attorney's fees, the parties will then proceed to that phase of the trial, as already agreed. [Dkt. 179-00, p. 4.]

Respectfully submitted, this 24th day of June, 2025.

SWIFT, CURRIE, McGHEE & HIERS

By: *Kori E. Wagner*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309

Tel: 404.888.6162
Fax: 404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

                SWIFT, CURRIE, McGHEE & HIERS

                By:  <u>*Kori E. Wagner*</u>
                      Kori E. Wagner
                      Georgia State Bar No. 155438
                      Marissa H. Merrill
                      Georgia State Bar No. 216039
                      Tracy A. Gilmore
                      Georgia State Bar No. 633193
                      ***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 24th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT'S MOTION TO BIFURCATE TRIAL PURUSANT TO F.R.C.P. 42(b) AND BRIEF IN SUPPORT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By: *Kori E. Wagner*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel: 404.888.6162
Fax: 404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com