IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H.,<br><br>  Plaintiff,<br><br>v.<br><br>TUCKER INN INCORPORATED<br>d/b/a SUPER 8 BY WYNDHAM,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-03419-JPB |

## DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ABOUT JOINT-AND-SEVERAL LIABILITY

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and hereby files its Response in Opposition to Plaintiff's Motion in Limine about Joint-and-Several Liability, respectfully showing this Court as follows:

**I.   Defendant is entitled to apportionment of fault as to Plaintiff's TVPRA claim.**

Plaintiff seeks a ruling from this Court that joint and several liability applies to her TVPRA claim but Defendant is entitled to apportion fault amongst all tortfeasors causing Plaintiff's injuries and alleged damages, and therefore, this Court should deny Plaintiff's Motion.

The TVPRA is silent on the issue of joint and several liability and this Court should not read joint and several liability into the statute when the legislators did not offer such intent for the TVPRA. Rather, the statute provides that a victim may bring a cause of action against "the perpetrator… and may recover damages and reasonable attorneys fees" or the victim may bring a claim against "whoever knowingly benefits….and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). The perpetrator and one who knowingly benefits are not jointly liable. The perpetrator who commits a violation of the TVPRA is separate and distinct from the one who is alleged to have knowingly benefitted. The perpetrator directly – and physically – caused the harm to the Plaintiff, while culpability of the one who knowingly benefitted is predicated on its common undertaking with the perpetrator. Accordingly, a jury should be permitted to apportion fault as to the Defendant, whom Plaintiff claims knowingly benefitted, and the perpetrator or other tortfeasors contribution to Plaintiff's harm.

While the beneficiary claim under the TVPRA at 18 U.S.C. § 1595 is silent on joint and several liability, the restitution provision under the criminal component expressly provides for liability to be apportioned amongst the tortfeasors. See 18 U.S.C. § 1593(a); 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the

defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.") (emphasis added)). This ability to apportion liability amongst tortfeasors is illustrative. The legislators expressly offered the courts the ability to hold each defendant liable for the full amount or to apportion under the restitution provision, yet the statute is deliberately silent as to joint and several liability in a beneficiary claim. Likewise, the statute is silent on the issue of apportionment under 18 U.S.C. § 1595(a). While Plaintiff emphasizes the fact that § 1595 has been amended four times since 2003 and Congress never added anything about apportionment, it also never included anything about joint and several liability, which is significant. Like Plaintiff argues "[t]hat omission is presumed to be intentional and purposeful." See Pl. Motion, at p. 8.

Although Plaintiff focuses heavily on a trial court's decision in this district, the ruling in W.K. v. Red Roof Inns, Inc. is not binding on this court. W.K. v. Red Roof Inns, Inc., 1:20-cv-05263-VMC, 2024 WL 2892322 (N.D. Ga. June 10, 2024). Judge Calvert's ruling in W.K. centers on the theory that joint and several liability is the traditional rule for federal torts. See id. at *1. But the Restatement of Torts "has been a common reference point for courts considering cases arising under federal common law." Bensky v. Indyke, 743 F. Supp. 3d 586, 601 (S.D.N.Y. 2024). The Second Restatement of Torts provides, in relevant part that "[d]amages for harm are to be apportioned among two or more causes where (a) there are distinct harms,

or (b) there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (Am. Law Inst. 1965). Thus, when considering Congress's silence as to either joint and several liability or apportionment, this Court can look to the Restatement (Second) of Torts which permits apportionment.[1] The situation in this matter could be considered either distinct harms due to Plaintiff's different trafficking incidents by her trafficker before and allegedly at the subject hotel, or a single harm from her sex trafficking, generally. Here, there is a reasonable basis to apportion the contribution of an alleged single harm because Plaintiff was forced to sell herself for sex by her sister, who committed this crime at a number of hotels before ever arriving at the subject hotel and in comparison, the Defendant is alleged to have rented a hotel room to Plaintiff's trafficker providing the venue for the later trafficking incidents.

It is further significant that joint and several liability was not the rule when Congress passed the TVPRA, rather the consideration was state law. Indeed, the Supreme Court of the United States has held that "[c]ontroversies governed by federal law do not inevitably require resort to uniform federal rules. [internal citation

---

[1] Notably, Plaintiff later asks the Court in her Motion to enter an order adopting a specific standard of the Restatement (Second) of Torts. See Pl. Motion, at p. 16. Although her argument on Page 16 is in reference to punitive damages, Plaintiff cannot cherry pick when an application of the standard from the Restatement (Second) of Torts is appropriate. If she wants this Court to adopt the standards from the Restatement (Second) of Torts, she must also agree to the adoption of apportionment under such standards.

omitted] It may be determined as a matter of choice of law that, although federal law should govern a given question, state law should be borrowed and applied as the federal rule for deciding the substantive legal issue at hand." California ex rel. State Lands Comm'n v. United States, 457 U.S. 273, 283, 102 S. Ct. 2432, 2438, 73 L. Ed. 2d 1, judgment entered sub nom. California ex rel State Lands Comm'n v. United States, 459 U.S. 1, 103 S. Ct. 250 (1982) (citing Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285 (1939); Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995 (1941); Wilson v. Omaha Indian Tribe, 442 U.S. 653, 672, 99 S.Ct., 2529 (1979); see also Fed. Deposit. Ins. Corp. v. Ashley, 749 F.Supp. 1065, 1067 (D. Kan. 1990 (incorporating state law of comparative negligence as federal rule of decision). In this case, state law is in favor of apportionment. O.C.G.A. § 51-12-33 is Georgia's apportionment statute which provides a framework by which damages in tort actions may be apportioned amongst parties and nonparties pursuant to a determination of the factfinder's assignment of liability.

In sum, the TVPRA, federal common law, and borrowed state law support the apportionment of fault among parties and nonparties to this action, to include Santresia Woods whom Defendant filed a Notice of Intent to Seek Apportionment to Fault Against Non-Party, which would limit any damages awarded against

Defendant to its relative degree of fault.[2] See [Doc. No. 171]. Notably, Plaintiff has not provided any case law or other authority that clearly states apportionment is prohibited for TVPRA claims. For all of these reasons, Plaintiff's Motion in Limine for Joint-and-Several Liability under the TVPRA should be denied.

## II.   Plaintiff's state law claim for public nuisance is governed by state law, which permits apportionment amongst nonparties.

At the time Plaintiff filed suit, the law in Georgia provided "[w]here an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault." O.C.G.A. § 51-12-33. Defendant then timely filed its Notice of Intent to Seek Apportionment to Fault Against Non-Party, Santresia Woods more than 120 days prior to trial. See [Doc. No. 171]. Despite Plaintiff's lengthy argument, the law is abundantly clear that apportionment applies to Plaintiff's state law nuisance claim which was filed after the revisions to the apportionment statute.

---

[2] Regardless of how this Court ultimately rules on apportionment, Defendant Tucker Inn should be permitted to introduce evidence, obtain jury instructions and present argument on other common law principles, such as causation and damages, by which the jury could consider the role of other traumas to Plaintiff or the conduct of other persons in relation to Plaintiff's alleged injuries and damages.

Accordingly, this Court should deny Plaintiff's Motion seeking joint and several liability as to this state law claim.

## **CONCLUSION**

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court DENY Plaintiff's Motion in Limine about Joint-and-Several Liability.

Respectfully submitted, this 24th day of June, 2025.

                                SWIFT, CURRIE, McGHEE & HIERS

                                By:  *Marissa H. Merrill*
                                      Kori E. Wagner
                                      Georgia State Bar No. 155438
                                      Marissa H. Merrill
                                      Georgia State Bar No. 216039
                                      Tracy A. Gilmore
                                      Georgia State Bar No. 633193
                                      ***Attorneys for Defendant Tucker Inn***
                                      ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

          SWIFT, CURRIE, McGHEE & HIERS

    By:  *Marissa H. Merrill*
        Kori E. Wagner
        Georgia State Bar No. 155438
        Marissa H. Merrill
        Georgia State Bar No. 216039
        Tracy A. Gilmore
        Georgia State Bar No. 633193
        ***Attorneys for Defendant Tucker Inn***
        ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

This are to certify that on the 24th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ABOUT JOINT- AND SEVERAL LIABILITY** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                        SWIFT, CURRIE, McGHEE & HIERS

                By: *Marissa H. Merrill*
                      Kori E. Wagner
                      Georgia State Bar No. 155438
                      Marissa H. Merrill
                      Georgia State Bar No. 216039
                      Tracy A. Gilmore
                      Georgia State Bar No. 633193
                      ***Attorneys for Defendant Tucker Inn***
                      ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4910-8715-5024, v. 1