UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.H.,

    Plaintiff,

v.

TUCKER INN INCORPORATED,
d/b/a SUPER 8 BY WYNDHAM,

    Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-03419-JPB

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO BIFURCATE**

Defendant's motion to bifurcate fails to meet its burden, makes only conclusory arguments as to two of eleven factors the Court considers, and admits it is actually a motion to *trifurcate* this trial, which would waste judicial time and resources. In total, Defendant cites four cases to support its conclusory arguments. Defendant's most-cited case, *Kimberly-Clark Corp. v. James River Corp. of Va.*, notes that "[b]ecause bifurcation works an infringement on such an important aspect of the judicial process, courts are cautioned that it is not the usual course that should be followed" and that the "traditional rule" is for the factfinder to "make an ultimate determination on the basis of a case presented in its entirety." 131 F.R.D. 607, 608 (N.D. Ga. 1989) (cleaned up). The Court should follow the "usual course" and deny Defendant's motion.

1

**Legal Standard**

Defendant provides truncated statement of the law, even though the factors

the Court considers are set forth in the *Kimberly-Clark* case Defendant relies upon.

The factors courts in this circuit consider are:

> In addition to the more general factors set forth in Rule 42(b); i.e., (1)
> convenience; (2) prejudice; (3) expedition; and (4) economy; a court
> reviewing a motion for separate trials may properly consider (5)
> whether the issues sought to be tried separately are significantly
> different; (6) whether they are triable by jury or the court; (7) whether
> discovery has been directed to a single trial of all issues; (8) whether
> the evidence required for each issue is substantially different; (9)
> whether one party would gain some unfair advantage from separate
> trials; (10) whether a single trial of all issues would create the potential
> for jury bias or confusion; and (11) whether bifurcation would enhance
> or reduce the possibility of a pretrial settlement.

*Id.* at 608–09.

"Bifurcation is the exception, rather than the rule, in most circumstances."

*Walker v. City of Hapeville*, No. 1:08-cv-1036, 2010 WL 11506427, at *1 (N.D. Ga.

Nov. 22, 2010). The Advisory Committee Notes to Rule 42(b) note that "separation

of issues for trial is not to be routinely ordered." Fed. R. Civ. P. 42(b). Wright and

Miller provide additional explanation:

> The provision for separate trials in Federal Rule 42(b) is intended to
> further many significant policies–the parties' convenience, the
> avoidance of delay and prejudice, and the promotion of the ends of
> justice. It is the interest of efficient judicial administration that is to be
> controlling under the rule, rather than the wishes of the parties. The
> piecemeal trial of separate issues in a single lawsuit or the repetitive
> trial of the same issue in severed claims is not to be the usual course.
> Thus, Rule 42(b) should be resorted to only as the result of the exercise

of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.

9A Fed. Prac. & Proc. Civ § 2388 (3d. ed.).

"The party seeking bifurcation bears the burden of demonstrating that bifurcation serves these purposes." *Jolly v. Hoegh Autoliners Shipping A.S.*, No. 3:20-cv-1150, 2024 WL 1283690, at *2 (M.D. Fla. Mar. 26, 2024).

**Argument and Citation of Authority**

**I.    Liability cannot be determined without evidence of damages.**

Bifurcation on these two claims is unworkable because unlike the cases Defendant relies on, damages are not separate and distinct from liability issues in this case, but inextricably intertwined.

For example, as a *preliminary* matter, Plaintiff must enter evidence that she suffered special damages from Defendant's operation of a public nuisance. O.C.G.A. § 41-1-3 ("if a public nuisance in which the public does not participate causes special damage to an individual, such special damage shall give a right of action."). On the public nuisance claim, this is a matter of standing. If Plaintiff fails to prove that she suffered special damages, she *has no cause of action* to then prove under public nuisance. Proving special damages is a condition precedent to proving the other elements of a public nuisance claim. Defendant's motion puts the cart before the horse. If Plaintiff proves the existence of a nuisance and no evidence about how she was damaged by the nuisance, Defendant would not be found "liable" in the

3

"liability" phase because Plaintiff would not have proven that she even has standing to bring that claim. *See E.M. v. Tucker Inn Inc.*, No. 1:22-cv-02559-WMR, 2024 WL 4005218, at *6 (N.D. Ga. July 15, 2024) (Section (B)(i) "Standing for Public Nuisance Claim").

The same is true not only of the public nuisance claim, but also the TVPRA claim. Plaintiff must prove that Defendant's acts or omissions proximately caused her injuries. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014) ("we generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute."); *Parris v. 3M Co.*, 595 F. Supp. 3d 1288, 1331 (N.D. Ga. 2022) ("Causation is an essential element of . . . nuisance . . . claims."); *Alexander v. Hulsey Envtl. Servs., Inc.*, 306 Ga. App. 459, 462, 702 S.E.2d 435, 439 (2010) (same). "To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury." *Id.* at 439. If the jury does not hear proximate cause evidence, then again, liability will not be determined in the "liability" phase.

Bifurcation is inappropriate—indeed, factor (8) is not met—where the issue of causation and damages are closely intertwined. *See, e.g.*, *Whiteside v. GEICO Indem. Co.*, No. 4:16-cv-313 (CDL), 2018 WL 2390583, at *1 (M.D. Ga. May 25, 2018) (denying request to bifurcate liability from "the issues of causation and

damages"); *Rutledge v. NCL (Bahamas) Ltd.*, No. 08-21412-CIV, 2010 WL
11629649, at *2 (S.D. Fla. Oct. 21, 2010) ("Given the requirement of showing a
causal link between a breach of duty and damages, this is not a case where liability
and damages may easily be separated.").

**II.    Defendant makes no argument as to *why* it would be prejudiced without
bifurcation.**

Defendant provides no argument or explanation to the Court as to how or why
it would be prejudiced without bifurcation. Defendant's legal argument is three
paragraphs. One paragraph providing the law, one paragraph discussing *Long v.
Phillips & Brooks/Gladwin, Inc.*, and finally a single paragraph with two conclusory
statements about how it is situated like the *Long* case and the *Kimberly-Clark* case.
Dkt. No. 194.

The first statement in that lone paragraph is:

> The type of claims asserted by Plaintiff are of a sensitive nature that
> already increase the potential for sympathy and bias from the jury. The
> risk of prejudice to Tucker Inn and ability to have its legal defenses
> fairly heard is alone reason enough to bifurcate the trial in this case.

The second statement is:

> Further, as was the case in *Kimberly-Clark*, the liability issues as to
> whether Defendant violated the TVPRA and whether its property
> constitutes a nuisance are separate and distinct from the damages issues.

That's it. These are conclusory statements that make no argument about what the
prejudice is or could be. There is no actual analysis or argument. It is simply a

5

statement of the conclusion Defendant would like the Court to reach without providing a real reason why. Defendant provides only conclusory statements that *two* of the *eleven* factors weigh in favor of bifurcation. Faced with a very similar shotgun motion (three paragraphs discussing three factors, not two), district courts have found that such conclusory statements do not meet the burden to justify bifurcation. *Wyndham Vacation Ownership, Inc. v. Bluhm*, No. 6:19-cv-2300, 2022 WL 18492537, at *1 (M.D. Fla. Mar. 1, 2022) ("Bluhm's argument, however, consists of three paragraphs that address only three out of the eleven factors to be considered, provides only a conclusory statement that those three factors weigh in favor of bifurcation without further argument or citation or authority, and completely fails to state how bifurcation would benefit the Court or either party, let alone lead to a fair and impartial determination of the issues. Thus, Bluhm has fallen far short of meeting his burden to show that bifurcation is prudent."). Defendant similarly fails to meet its burden on the motion it filed.

As to the two points that were mentioned—juror prejudice and distinct issues—most personal injury cases have injuries that are of a "sensitive nature." That's what personal injuries are. The same type of argument was rejected in another case with injuries of a sympathetic group of people that were of a sensitive nature: the case of firefighters (sympathetic group) who were burn victims (sensitive and horrific injuries). In that case, the defendants made similar conclusory arguments

that burn injuries "incite extreme sympathy for the plaintiff and would inflame the jury." *Jolly v. Hoegh Autoliners Shipping A.S.*, No. 3:20-cv-1150, 2024 WL 1283690, at *2 (M.D. Fla. Mar. 26, 2024). But just like here, the defendants in *Jolly* "have not presented any evidence of a 'special or unique risk of prejudice such that any risk outweighs the additional inconvenience, expense, and delay that would result from bifurcation.'" *Id.* at *2. Defendant here has done even less, simply waving its hand generally at injuries of a "sensitive nature." As in *Jolly*, the Court should deny bifurcation for Defendant's failure to present evidence and meet its burden.

And as to distinct issues, as noted above, the same conduct at issue for public nuisance and the TVPRA *require* Plaintiff to prove she was specially damaged and that Defendant proximately caused her damages. Otherwise, there is no liability. Thus, damages and the elements of Plaintiff's claims are not distinct, but inseparable. *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 6:06-CV-1757, No. 2009 WL 10675125, at *2 (M.D. Fla. Jan. 8, 2009) ("evidence involved in determining the issue of liability with respect to Plaintiffs' common law fraud and conspiracy claims will overlap with that required to resolve Plaintiffs' punitive damage claims.").

## III. None of the factors that apply to this case are met by Defendant's sparse motion.

Beyond its conclusory statements, Defendant does not meet any of the factors

the Court may consider.[1] As a result, its motion should be denied.

**A.    (1) Convenience, (3) expedition, (4) economy, (5) whether the issues sought to be tried are significantly different, and (7) discovery directed at a single trial, weigh in favor of a single trial.**

The parties have told the Court that this case can be tried in its entirety in 3–5 days. And although there are two claims, the issues of the claims are nearly identical, namely, whether Defendant allowed, permitted, or was willfully blind to sex trafficking and other sex crimes at its hotel. In such a case, convenience and judicial economy weigh in favor of a single trial. *Walker v. City of Hapeville*, No. 1:08-cv-1036, 2010 WL 11506427, at *2 (N.D. Ga. Nov. 22, 2010) ("In this case, the parties anticipate a five-day jury trial on Plaintiff's remaining claims for retaliatory termination. Although Plaintiff's claims arise under three different statutory provisions, the issues are not significantly different, and it would be more convenient, expeditious, and economical to hold a single trial. In the more than two years that this case has been pending, discovery has been directed to a single trial of all                                        the                                        issues.").

Further, in the absence of expert witnesses, only one witness will testify as to damages: Plaintiff. And in cases where only one witness must testify on an issue and

---

[1] Factor number 8—whether the evidence required for each issue is substantially different—is met by Plaintiff in Sections I and II, *supra*, discussing how the issues of damages are intertwined with the issues of liability and causation.

that witness must testify in both phases of trial regardless, courts have held that

bifurcation would not serve the interests of convenience or efficiency. *NuVasive,*

*Inc. v. Absolute Med., LLC*, No. 6:17-cv-2206, 2021 WL 7184488, at \*9 (M.D. Fla.

Nov. 12, 2021) ("As to the Rule 42(b) factors, it would not be more convenient or

judicially efficient to bifurcate the trial for this single issue since, by Defendants'

own contention, only Soufleris will be likely to testify as to the corporate veil issue,

and Soufleris will almost surely be testifying as to issues involving the remainder of

the case.").

## B.    (2) Prejudice, (9) unfair advantage, and (10) potential for jury confusion.

Again, Defendant fails to state *how* it would be prejudiced. And yet, Plaintiff

would be severely prejudiced. Plaintiff has been deposed twice in this case. Forcing

a child victim of sex trafficking to testify twice in her own trial is unnecessarily

harmful and causes repeated retraumatization, when testifying once is quite

traumatic enough. This is consistent with extensive literature on trauma and

testimony, which documents that adult survivors of sexual violence often experience

heightened symptoms of PTSD when forced to testify. *See* Carolyn W. Kenniston,

*You May Now "Call" Your Next Witness: Allowing Adult Rape Victims to Testify*

*via Two-Way Video Conferencing Systems*, 16 J. High Tech. L. 96, 104–05 (2015).

Such proceedings often evoke feelings of powerlessness, shame, and

retraumatization. *Id.* (citing Amanda Konradi, *Taking the Stand: Rape Survivors and*

*the Prosecution of Rapists* 34 (2007)).

Defendant's statement that "Plaintiff can demonstrate no prejudice from a bifurcated trial" glosses over the fact that Plaintiff was the child who was raped over 100 times at Defendant's hotel and that forcing her to testify twice (which is disfavored and the opposite of the usual course of trial) is prejudicial to her and her well-being.

By prolonging the trial and forcing a severely traumatized Plaintiff to testify multiple times, Defendant receives an unfair advantage while Plaintiff is prejudiced. This is another reason to deny Defendant's motion. *City of Hapeville*, 2010 WL 11506427, at *2 ("Additionally, Defendants may get an unfair advantage from separate trials because it would cause Plaintiff to incur more expenses and inconvenience to try her case than it would for Defendants.").

Finally, any potential prejudice is easily cured the same way it is in every trial, with jury instructions on exactly that point. That is why the Eleventh Circuit wrote instructions on prejudice and sympathy as pattern instructions. *Doe v. Sch. Bd. of Miami-Dade Cnty.*, No. 18-25430-CIV, 2020 WL 1465739, at *2 (S.D. Fla. Mar. 25, 2020) ("The Eleventh Circuit's Pattern Jury Instruction 3.2.3 instructs jurors that sympathy and prejudice are not proper considerations for a verdict."). The jury can and will be instructed on prejudice. And jurors are presumed to follow the instructions given by the Court. *United States v. Almanzar*, 634 F.3d 1214, 1222

(11th Cir. 2011) ("We presume that jurors follow the instructions given by the district                                                                                         court.").

## IV.    Defendant's cases do not support its argument.

The cases Defendant cites are nothing like the case before the Court. *Kimberly-Clark* was a "complex patent infringement case" where the issues of "infringement, validity and enforceability issues . . . often dispose of the entire case, making discovery and trial on damages unnecessary." *Kimberly-Clark*, 131 F.R.D. at 608. The damages in such a case are not related to a personal injury of a person who must testify in the liability phase. They are damages shown by an impartial accountant, consequential business damages.

*Harrington v. Cleburne Cnty. Bd. of Educ.* was an employment discrimination case in which the Eleventh Circuit upheld bifurcation because the "action is a poster child for confusion in pleading [and] [s]ubmitting this morass of claims based on different grounds of discrimination to a jury could overwhelm or confuse the jury[.]" 251 F.3d 935, 938 (11th Cir. 2001). In other words, liability and damages were not separated, but due to the poor pleading, even in the pretrial order, separate trials on race and then sex discrimination were warranted. *Id.* By contrast, this case has always been straightforward: did Defendant harm Plaintiff by permitting sex trafficking with either actual or constructive knowledge?

The only case discussed in any detail, *Long v. Phillips & Brooks/Gladwin,*

*Inc.*, is also easily distinguishable. In that case, the Court trifurcated to determine whether the defendant owed a duty of care because "[t]hese narrow issues, which differ greatly from the issue of compensatory damages, likely can be resolved in an expeditious manner[.]" No. 1:02-cv-1235, 2006 WL 8431255, at *2 (N.D. Ga. Sept. 15, 2006). And in *Long,* the damages evidence was complex, requiring expert testimony. The precise opposite is true here. Nearly all of Plaintiff's case is liability evidence and the only damages witness is Plaintiff herself, who would be the *only* witness required to testify twice in the case. The entire case, save for perhaps an hour of Plaintiff's testimony, will be put on during the "liability" phase. Thus, the liability issues, unlike in *Long*, are not ones that can be "resolved in an expeditious manner." *Id.*

Finally, Defendant reaches back 43 years to find a case where the extent of the injuries were the basis for bifurcation. *Beauchamp v. Russell*, 547 F. Supp. 1191, 1199 (N.D. Ga. 1982). In that case, the injured person's head was crushed between two steel plates on a palletizer, causing him significant permanent injuries. *Id.* at 1195. The injured employee was not the plaintiff in the action; the plaintiff was a guardian of the presumably severely disabled employee. *Id.* The primary point of contention in the case was not inextricably tied to the injuries Mr. Beauchamp suffered. Instead, as the summary judgment order shows, the primary points of liability contention were whether the air valve machine was defective and whether

there was a failure to warn. *Id.* at 1196–1198. Those are issues that can be determined separate and apart from the injury caused and also, given the industrial machinery involved, those issues are "complicated issues of liability." *Id.* at 1200. Here, the issues are not defects in the workings of industrial machinery. The issue is, did Defendant harm Plaintiff by permitting sex trafficking with either actual or constructive knowledge? And as discussed above, the issue of special damages and proximate cause are essential elements of Plaintiff's liability claims.

Because Defendant's cases provide little support for its motion, the Court should not trifurcate a relatively straightforward trial.

## V.    Defendant waived additional bifurcation by not preserving it in the PTO.

The pretrial order asks the parties to tell the Court at that time whether they request bifurcation, specifically, whether the parties request bifurcation of "issues such as liability and damages." Dkt. No. 179 at *4, No. 8. The parties submitted an initial pretrial order on February 25, 2025 (entered at Dkt. No. 164) and a supplemental pretrial order on June 13, 2025. In neither order did Defendant raise the issue of separating liability and damages at trial.

Instead, the parties conferred about this issue and Plaintiff and Defendant *agreed* "to bifurcate the consideration of punitive damages and attorneys' fees." Dkt. No. 179 at *4, No. 8. The time to raise this issue was in February, not a week before the pretrial conference.

"[A]n issue is waived 'by failing to ensure that the issue is clearly preserved in the pretrial order[.]'" *FN Herstal S.A. v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016) (quoting *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997)). The parties have conferred and agreed to bifurcate the issue of punitive damages and attorneys' fees. Because the parties have agreed in the pretrial order to bifurcate only the issues of punitive damages and attorneys' fees, that is how the trial should proceed.

## CONCLUSION

Because Defendant's motion fails to meet its burden of proof to justify bifurcation, the Court should deny the motion.

Respectfully submitted this 26th day of June, 2025.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

14

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile