IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> **Plaintiff,** <br><br> v. <br><br> **TUCKER INN INCORPORATED d/b/a SUPER 8 BY WYNDHAM,** <br><br> **Defendant.** | **CIVIL ACTION FILE NO.** <br><br> **1:22-CV-03419-JPB** |

## DEFENDANT TUCKER INN INCORPORATED'S MOTION TO PERMIT EVIDENCE AS EXCEPTION TO FED. R. EVID. 412 AND INCORPORATED BRIEF

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and pursuant to Fed. R. Evid. 412(b)(2), hereby moves this Court to permit evidence of D.H.'s sex trafficking incidents prior to the subject incidents at the Defendant's hotel. In support of this Motion, Defendant Tucker Inn respectfully shows this Court as follows:

### Introduction

Plaintiff filed this suit against Defendant Tucker Inn alleging a violation of the TVPRA and a claim for a public nuisance. A necessary element of Plaintiff's claims is her alleged injury and damages. Thus, Defendant is entitled to introduce evidence of Plaintiff's other sex trafficking incidents to identify other sources of her alleged

trauma to contest causation and the amount of damages sought by Plaintiff. Although Defendant does not intend to use evidence of other sexual trauma to prove her sexual predisposition or behaviors, to the extent this evidence may be considered such, Defendant seeks a ruling from this Court to permit evidence of Plaintiff's other sexual trauma as an exception to Fed. R. Evid. 412 because its probative value substantially outweighs any harm or prejudice to Plaintiff.

## Argument and Citation to Authority

Federal Rule of Evidence 412 prohibits (1) evidence offered to prove that a victim engaged in other sexual behavior or (2) evidence offered to prove a victim's sexual predisposition. Fed. R. Evid 412. But in civil cases, there is an exception to the rule to "admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412. Here, the probative value of evidence of Plaintiff's other sexual traumas is substantial to the jury's consideration of her alleged injuries and damages. Plaintiff "alleges injuries and damages sustained as a minor victim of sex trafficking…. [and] will seek general non-economic damages under the TVPRA….[including] past, present, and future physical and mental harm and pain and suffering." (See Pl. Outline of Case, CPTO Attachment C [Doc. 178-4]). Additionally, Plaintiff served supplemental discovery responses on Defendant on June 27, 2025 in which she disclosed that she plans to

ask the jury to award at least $10,000,000.00. (See Pl. Supp. Resp to ROG No. 1, attached hereto as Exhibit A).

For the jury to fairly consider whether Plaintiff's injuries and damages were caused by this Defendant, the Defendant should be permitted to present evidence that Plaintiff suffered other trauma from prior sex trafficking incidents before she was allegedly trafficked at the Defendant's hotel. This evidence is particularly relevant and important because Plaintiff admits that each experience she had at different hotels traumatized her. (See Pl. Deposition [Doc. 123], 140:25—141:3 ("Q. Okay. How have you remembered all the different hotels? A. They traumatized me. The whole experience traumatized me.")).

Plaintiff testified that she was trafficked by her sister, Santresia Woods, between May and September 2015 at various hotels. (See Pl. depo., at 77:8-11). During this time period, Plaintiff was trafficked for sex by Woods at a Garden Inn Hotel in Union City for multiple nights (Pl. depo., 116:20-25; 117:1-6), a Microtel Hotel in Union City for numerous time periods (Pl. depo., 122:20-24; 123:3-7; 123:21-25), a Country Hearth in Union City (Pl. depo., 132:15-19), a Travelodge on Old National Highway (Pl. depo. 140:19-25), an unidentified hotel in Macon (Pl. Depo., 161:12-19), and a Super 8 on Old National Highway (Pl. depo., 158:1-10) ***all before she ever stepped foot on the Defendant's property on September 2, 2015***. This five-month period during which Plaintiff was trafficked by her sister at seven

different hotels was, in Plaintiff's own words, traumatic. (See Pl. Deposition, 140:25—141:3). But Plaintiff's time at the Defendant's hotel consisted of only seven days out of this five-month period, and thus, it is crucial to the Defendant's defense – and the jury's consideration – that evidence of Plaintiff's entire sex trafficking experience that resulted in her claimed trauma be presented as evidence in this case. Plaintiff's alleged trauma from these experiences is not divisible and the Defendant has a right to present a defense that challenges causation and damages. In fact, Plaintiff attributes fault to more than just the named Defendant; she blames her trafficker, the buyers involved in the trafficking, and the various hotels for taking away her childhood. (See Pl. depo., at 263:10-21; 264:8-13, 21-23[1]). Accordingly, the jury should be permitted to consider Plaintiff's entire sex trafficking experience to determine whether her trauma was caused by the Defendant and the amount of damages to be awarded to Plaintiff, if any. See Judd v. Rodman, 105 F.3d 1339, 1343 (11th Cir. 1997) (holding that evidence of prior relationships was highly relevant to the defendant's liability where plaintiff alleged the defendant gave her sexually transmitted disease); Lane v. Am. Airlines, No. 18-CV-6110, 2024 WL 12000074, at *3 (E.D.N.Y. March 20, 2024) ("[W]hen a plaintiff alleges emotional or

---

[1] "Q. Okay. What are you relating the damages to? A. Part of it is the sex trafficking. Part of it is Santresia [Woods], and part of it is the fact that the hotels provided a place for young women to be sex trafficked….Q. So that's fair. Its not just the hotel? A. Yes." (emphasis added).

psychological injury, evidence of prior sexual abuse or assaults is admissible to show other sources of that injury and to determine damages") (citing cases); Doe v. Bridges to Recovery, LLC, No. 20-CV-348, 2021 WL 4690830, at *16 (C.D. Cal. May 19, 2021) ("[Rule] 412 is inapplicable to the evidence of prior sexual assaults because that evidence is not being offered to prove that [the plaintiff] engaged in other sexual behavior or to prove her sexual predisposition. Rather, the evidence of prior sexual assaults is offered to identify other sources of emotional distress."); Ramsbottom v. Ashton, No. 3:21-cv-00272, 2023 WL 3098824, at *3 (ruling that with respect to discovery disputes, the question of whether plaintiff suffered abuse in other relationships is relevant to her damages).

    Plaintiff cannot show how she would be unfairly prejudiced or harmed by this evidence. In fact, an argument by Plaintiff that she would be prejudiced by this evidence would be curious as these prior trafficking incidents are virtually similar to the incidents asserted in Plaintiff's Complaint and involves the same trafficker. Therefore, there is no prejudicial effect from this evidence because it is virtually the same evidence Plaintiff intends to present related to her trafficking at the Defendant's hotel. But this further demonstrates the importance of this evidence for the Defendant to contest the causation and extent of Plaintiff's alleged damages.

    Evidence of Plaintiff's other sexual trauma has probative value in this case that is substantially outweighed by the danger of harm or unfair prejudice to Plaintiff.

See Fed. R. Evid. 412. Indeed, as this Court has previously ruled, "Defendants have a right to present a defense that challenges causation and damages, and the jury should know about the full extent of Plaintiffs' sexual trauma as they consider causation and damages. To hold otherwise would be unfair to Defendant[] and misleading to the jury." WK, EH, MM, RP, MB, DP, AF, CA, RK, KP, TH v. Red Roof Inns, Inc., Red Roof Franchising, LLC, and RRI West Management, LLC, No. 1:20-cv-05263, 2024 WL 5114059, *4 (N.D. Ga. June 10, 2024).

Finally, this Motion is timely as it has been filed more than 14 days prior to the start of trial and specifically describes the evidence and purpose for which it is being offered as required by Fed. R. Evid. 412(c)(1)(A)-(B).

## CONCLUSION

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court GRANT its Motion to Permit Evidence as Exception to Fed. R. Evid. 412 as requested herein.

Respectfully submitted, this 30th day of June, 2025.

        **SWIFT, CURRIE, McGHEE & HIERS**

        By: *Marissa H. Merrill*
            Kori E. Wagner
            Georgia State Bar No. 155438
            Marissa H. Merrill
            Georgia State Bar No. 216039
            Tracy A. Gilmore
            Georgia State Bar No. 633193

***Attorneys for Defendant Tucker Inn
Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:   404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

                              **SWIFT, CURRIE, McGHEE & HIERS**

                        By:  *Marissa H. Merrill*
                               Kori E. Wagner
                               Georgia State Bar No. 155438
                               Marissa H. Merrill
                               Georgia State Bar No. 216039
                               Tracy A. Gilmore
                               Georgia State Bar No. 633193
                               ***Attorneys for Defendant Tucker Inn***
                               ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 30th day of June, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S MOTION TO PERMIT EVIDENCE AS EXCEPTION TO FED. R. EVID. 412 AND INCORPORATED BRIEF** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

        **SWIFT, CURRIE, McGHEE & HIERS**

    By:  *Marissa H. Merrill*
        Kori E. Wagner
        Georgia State Bar No. 155438
        Marissa H. Merrill
        Georgia State Bar No. 216039
        Tracy A. Gilmore
        Georgia State Bar No. 633193
        *Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H., <br><br> Plaintiff, <br><br> v. <br><br> TUCKER INN INCORPORATED, d/b/a SUPER 8 BY WYNDHAM, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:22-CV-03419-JPB |

# PLAINTIFF D.H.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT, TUCKER INN INCORPORATED D/B/A SUPER 8 BY WYNDHAM'S FIRST INTERROGATORIES

Plaintiff in the above-styled case responds to Defendant Tucker Inn, Incorporated, d/b/a Super 8 by Wyndham's First Interrogatories to Plaintiff as follows:

6.

Itemize and separately describe each element of special, economic, or monetary loss which you claim to be entitled to recover from Defendant in this action, including in your response the specific dollar amount claimed.

**2023-01-31 PLAINTIFF'S RESPONSE: Plaintiff seeks all compensatory, special, economic, consequential, general, punitive and other damages permissible under Georgia and federal law to be proven at trial, including, but not limited to, personal injuries; past, present and future conscious pain and**

suffering; loss of enjoyment of life; medical expenses; mental anguish and emotional distress; loss of past, present, and future wages; and incidental expenses.

**SUPPLEMENTAL RESPONSE**: Plaintiff will seek at least $10,000,000.00 in compensatory damages at trial.

Respectfully submitted this 27th day of June, 2025.

                                      ANDERSEN, TATE & CARR, P.C.

                                      */s/ Jonathan S. Tonge*
                                      PATRICK J. MCDONOUGH
                                      Georgia Bar No. 489855
                                      pmcdonough@atclawfirm.com
                                      JONATHAN S. TONGE
                                      Georgia Bar No. 303999
                                      jtonge@atclawfirm.com
                                      RORY A. WEEKS
                                      Georgia Bar No. 113491
                                      rweeks@atclawfirm.com
                                      JENNIFER M. WEBSTER
                                      Georgia Bar No. 760381
                                      jwebster@atclawfirm.com
                                      *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile