## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| D.H., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:22-CV-03419-JPB** |
| | ) | |
| **TUCKER INN INCORPORATED** | ) | |
| **d/b/a, SUPER 8 BY WYNDHAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANT TUCKER INN INCORPORATED'S BRIEF REGARDING THE APPLICABILITY OF GEORGIA'S APPORTIONMENT STATUTE

---

**COMES NOW**, Tucker Inn Incorporated d/b/a Super 8 by Wyndham (hereinafter "Tucker Inn"), Defendant in the above-styled action, and hereby files this Brief Regarding the Applicability of Georgia's Apportionment Statute to address this Court's question of whether apportionment of damages is a procedural or substantive right, respectfully showing this Court as follows:

### Introduction

After hearing Motions in Limine at the Pre-Trial Conference, this Court requested that the parties address whether apportionment of damages is a procedural right or a substantive right. Defendant submits that Georgia's apportionment statute (O.C.G.A. § 51-12-33) is neither a procedural or substantive right, but a remedial

one. While the apportionment statute expressly provides the procedure for apportioning an award of damages and assessing percentages of liability, it does not alter the underlying tort and does not take away any vested right. Accordingly, this statute "which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional, though it be retrospective." Pritchard v. Savannah St. & R. R. R. Co., 87 Ga. 294, 13 S.E. 493, 495 (1891) (although the rights of parties may be incidentally affected by changing the remedy, the statute is not unconstitutional); see also Harris v. Murray, 233 Ga. App. 661, 662, 504 S.E.2d 736 (1998); Devore v. Liberty Mut. Ins. Co., 257 Ga. App. 7, 8, 570 S.E.2d 87 (2002).

## Argument and Citation to Authority

### *I. The apportionment statute is a remedial right and its application here is not unconstitutional.*

O.C.G.A. § 51-12-33 does not provide for a separate right of action. Instead, it affects only how damages are apportioned and does not affect the Plaintiff's underlying claim(s). Thus, the apportionment statute is distinct from the right of contribution, which is a substantive right, because contribution permits a claim against another party and has "the nature of an independent suit." See Register v. Stone's Independent Oil Distributors, Inc., 227 Ga. 123, 126, 179 S.E.2d 68 (1971); See also Dist. Owners Ass'n, Inc. v. AMEC Env't & Infrastructure, Inc., 322 Ga. App. 713, 717, 747 S.E.2d 10, 14 (2013) ("But if the General Assembly had intended to

create such a cause of action when it enacted the statute [for apportionment] it would have said so."). According to O.C.G.A. § 1-3-5, "[l]aws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into, accrued, or committed <u>prior</u> to their passage." O.C.G.A. § 1-3-5 (emphasis added). It is well-settled that remedial statutes may be applied retroactively because they are exempt from Georgia's Constitutional provision of Article I, Section 1, Paragraph 10 prohibiting retroactive laws. <u>Ferrero v. Associated Materials Inc.</u>, 923 F.2d 1441, 1447 (11th Cir. 1991); <u>see</u> <u>also</u> <u>State Hwy. Dep't v. Bass</u>, 197 Ga. 356, 29 S.E.2d 161 (1944).

The apportionment statute is considered remedial because it confirms a Plaintiff's right have a jury consider the fault of all persons liable for her harm and adds to the means of securing or enforcing the same because it permits an award of damages according to that assessment of liability. <u>See</u> <u>Glover v. Colbert</u>, 210 Ga. App. 666, 668, 437 S.E.2d 363 (1993) ("laws which affect the remedy only are remedial statutes, which are laws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same." (internal citations omitted)). Likewise, it confirms the Defendant's right to apportion any award of damages against it in accordance with the determination of its liability.

Plaintiff contends that she would be deprived "of her right to recover completely from a single defendant (assuming more than one proximate cause of her

damages) in a case against a single defendant." (See Pl. MIL [Doc. 188], p. 23). But that is not the case. Her right to file a TVPRA action is not affected, nor is her right to a cause of action for public nuisance. She is still permitted to seek damages against the Defendant – and other responsible parties – who are liable for her harm, and even with apportionment of damages a jury could still find the Defendant was "completely" at fault. Notably, this argument further confirms that the only effect is to the remedy, rather than a substantive right.

Furthermore, Plaintiff has not offered any explanation for her assertions that "[n]o party can have both apportionment *and* joint and several liability of a single injury" or that "it is physically impossible to apply both federal joint and several liability and any state apportionment statute." (See Pl. MIL [Doc. 188], pp. 17-18). In fact, this Court recently permitted exactly that W.K. v. Red Roof Inns, Inc. – joint and several liability for a TVPRA claim and Georgia's apportionment of damages for a negligence claim holding that "varying liability standards are unavoidable" in a multi-claim case where the Plaintiff asserts different theories of recovery. W.K., No. 1:20-CV-05263-VMC, 2024 WL 2892322, at *4 (N.D. Ga. June 10, 2024).

Further, Plaintiff also argues that apportionment is not permitted because O.C.G.A. § 51-12-33 is unconstitutional. However, Plaintiff has not met her burden in proving the apportionment statute is unconstitutional. See Fresenius Med. Care Holdings, Inc. v. Tucker, 704 F.3d 935, 939–40 (11th Cir. 2013). Indeed, the cases

cited by Plaintiff in her Motion in Limine on Joint and Several Liability [Doc. 188] refer specifically to cases in which unconstitutionality was considered when a Plaintiff's right to a *cause of action* was affected, which is not the same circumstances in this case. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment."); Ga. Dept. of Med. Assistance v. Columbia Convalescent Ctr., 458 S.E.2d 635, 637 (Ga. 1995) ("A litigant does have a property interest in her cause of action that she may not be deprived of without due process."); Glover v. Colbert, 210 Ga. App. 666, 667, 437 S.E.2d 363 (1993) (deciding the issue of a statute which was repealed during the pendency of the action, and thus, affected vested rights to bring such a cause of action). Here, there is no language in the apportionment statute which mentions a separate right of action for apportionment because it is designed to supply a remedy. See Dist. Owners Ass'n, Inc. v. AMEC Env't & Infrastructure, Inc., 322 Ga. App. 713, 717, 747 S.E.2d 10, 14 (2013) ("But if the General Assembly had intended to create such a cause of action when it enacted the statute it would have said so.").

Remedial statutes do not violate the constitutional prohibition against retroactive laws in the same way as procedural and evidentiary rules. The United States Constitution provides that "the Laws of the United States ... shall be the supreme Law of the Land ... any Thing in the ... Laws of any State to the Contrary

notwithstanding." U.S. CONST. art. VI., cl. 2. Accordingly, federal law may preempt state law expressly or by implication through by field preemption or conflict preemption. Fresenius Med. Care Holdings, Inc. v. Tucker, 704 F.3d 935, 939–40 (11th Cir. 2013) (citing Arizona v. United States, 567 U.S. 387 132 S. Ct. 2492, 2500–01, 183 L.Ed.2d 351 (2012). As to the issue in this case on apportionment of damages, there is no field preemption because apportionment is not regulated exclusively by the federal government. "Conflict preemption, however, arises in instances where (1) 'compliance with both federal and state regulations is a physical impossibility,' or (2) 'the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Tucker, 704 F.3d at 939; Arizona, 132 S. Ct. at 2501. Conflict preemption is inapplicable in this case as well.  Plaintiff has not offered any persuasive explanation of how the apportionment statute is a physical impossibility to comply with both federal and state regulations. Similarly, there is no evidence of the apportionment statute standing as an obstacle to the accomplishment of the purposes and objectives of Congress. Plaintiff's cause of action for public nuisance is a state law claim, and thus, there is no federal statute governing a public nuisance claim or identifying its purpose. See id.; Ga. Latino Alliance for Human Rights v. Governor of Ga., 691 F.3d 1250, 1263 (11th Cir. 2012) ("this judgment [of whether the state law creates an unconstitutional obstacle to federal law] is informed by examining the federal statute

as a whole and identifying its purpose and intended effects."). Any party alleging conflict preemption for the unconstitutionality of a statue must meet a "high threshold" and Plaintiff has not met this burden. Tucker, 704 F.3d at 940.

Moreover, although Plaintiff argued that her rights related to the public nuisance claim vested in September of 2015, and therefore, the allegedly retroactive application of the apportionment statute is unconstitutional because it changes the rights vested to her at the time the cause of action accrued, she missed an important point. Her "vested right" must be a private one and where she brings a cause of action for a public nuisance – which is a right held by the public – those rights "can be modified by the elected representatives of the People prospectively or retroactively, as they see fit." Deal v. Coleman, 294 Ga. 170, 181, 751 S.E.2d 337, 346–47 (2013) ("In light of the settled distinction in American law between public and private rights, considering that this distinction is consistent with Georgia law, and given the settled implications of the distinction with respect to the retroactive application of statutes, we conclude that "vested rights" must be private rights, and public rights— those rights that belong to the People in common—can be modified by the elected representatives of the People prospectively or retroactively, as they see fit."). Therefore, the amendment to the apportionment statute in effect at the time of Plaintiff filing her causes of action was not unconstitutional.

## II.  Although it may be permitted, the apportionment of damages need not be applied retroactively in these circumstances.

When a statutory amendment is remedial, "it should be given a retroactive effect." Barnes v. City of Atlanta Police Dept., 219 Ga. App. 139, 141, 464 S.E.2d 609 (1995). The State Constitution's prohibition against retroactive laws applies to the law which affects or impairs substantive rights that have vested. Importantly, because a remedial statute does not affect such substantive rights, there is no danger in applying it retroactively. However, here, the apportionment of damages need not be applied retroactively because the construction of the apportionment statute specifically provides an effective date of May 13, 2022, which was months before Plaintiff filed her suit. As such, Plaintiff's rights were not affected by this amendment of the statute. The amended statute provides an effective date of May 13, 2022 and the House Bill 961 providing this amendment specifically indicated its prospective application: "This Act shall apply to all cases filed after the effective date of this Act." GA LEGIS 876 (2022), 2022 Georgia Laws Act 876 (H.B. 961). O.C.G.A. § 1-3-4(a) specifically permits the legislature to specify the effective date of an act. (Acts typically go into effect on the first day of January or July "[u]nless a different effective date is specified in an Act…").[1]

---

[1]    If Georgia legislators intended to prohibit the retroactive application of the apportionment statute to causes of action accruing before May 13, 2022, they could have, and would have, included that restriction. Indeed, during the recent tort reform changes in April of 2025, the legislators specifically provided varying effective dates

As further evidence of the futility of Plaintiff's argument, she had the choice of when to file suit and elected to file her Complaint against the Defendant after the amendment to the apportionment statute went into effect. Nevertheless, regardless of the timing of suit being filed, Plaintiff's rights and causes of actions were not affected in this case. Significantly, Plaintiff waited until almost a month before trial to raise this constitutional argument despite being on repeated notice of the Defendant's intent to apportion fault to a nonparty as early as the filing of its Answer on September 21, 2022, again when Defendant asserted its theory of apportionment in the Consolidated Pre-Trial Order that was submitted to the Court on February 25, 2025, and a third time when Defendant filed its Notice to Apportion Fault on March 21, 2025.

It is further important to consider the construction of the apportionment statute and Georgia courts' interpretation of the application and meaning of the statutory language. In <u>AU Medical Center, Inc. v. Dale</u>, the Georgia Court of Appeals

_____

for new or amended statutes, highlighting the difference between the right to demand bifurcation of trial into phases, which is effective as of the Governor's approval on April 21, 2025 and "shall apply to causes of action pending on the effective date of this Act" (<u>See</u> O.C.G.A. § 51-12-15; <u>See</u> S.B. 68, Sec. 9(a)-(b)), the right to introduce evidence of collateral source, which will become effective to *causes of action arising* on or after the Governor's approval on April 21, 2025 (<u>See</u> O.C.G.A. § 51-12-1.1; <u>See</u> S.B. 68, Sec. 7 and 9(b)), and the right to admit evidence of the failure of a party to wear their seatbelt, which is effective to *causes of action commenced* on or after the Governor's approval on April 21, 2025 (<u>See</u> O.C.G.A § 40-8-76.1; <u>See</u> S.B. 69, Sec. 4, 5(c)(2)).

considered in a matter of first impression "whether the term 'brought' as used in the former version of OCGA 51-12-33(b), refers to the number of named defendants when a case is initiated *or* to the number of named defendants remaining in the case at the time of trial." <u>AU Med. Ctr., Inc. v. Dale</u>, 373 Ga. App. 521, 530, 908 S.E.2d 790, 797 (2024), cert. denied (May 6, 2025). In considering the issue, the Court emphasized that the statutory text is given its ordinary and plain meaning to be read in the most natural way and because the phrase "brought" is a present tense form verb, "the plain language of the statute confirms that it applies only to actions that involve more than one named defendant at trial." <u>Id.</u> at 531. Although <u>AU Medical Center, Inc.</u> was decided under the prior version of the apportionment statute, the court's analysis of the statutory language is instructive as to when the right to apportionment is intended to be applied, which is at the time of trial. Thus, Plaintiff's argument that the right to apportion did not exist at the time her cause of action accrued in September of 2015 is unmoving because Georgia law applies the apportionment statute at the time of trial.

Because the apportionment statute provides that it applies to all cases *filed* after the effective date of May 13, 2022 and does not address when the cause of action accrued, there is no legislative intent supporting Plaintiff's argument. Rather the intent supports the applicability of apportionment to this instant case because it was indeed filed after the effective date of the amended statute.

***III.  Apportionment is proper regardless of whether measured by when Plaintiff's cause of action for a public nuisance accrued in September of 2015 or at the time this case was filed.***

Lastly, we must draw the Court's attention to Plaintiff's reliance upon September 2015 as the time in which her cause of action for public nuisance accrued. (See Pl. MIL [Doc. 18], pp. 19-20). Assuming Plaintiff is correct and her cause of action for public nuisance accrued at the time of her injury in September of 2015, apportionment would still be appropriate. Although the Georgia Supreme Court decided in 2021 that the previous version of O.C.G.A. §51-12-33 was improperly applied to single-defendant cases, Georgia courts had been doing just that for more than 15 years. See generally, Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC, 312 Ga. 350, 862 S.E.2d 295 (2021). In fact, the Georgia Supreme Court even upheld a case in which apportionment was applied to a single-defendant case in 2015 because the application of the statute was not disputed. Id. at 351, citing Zaldivar v. Prickett, 297 Ga. 589, 593 (1) n.3 (2015). Thus, it was prevailing law at the time that Plaintiff's cause of action accrued. When the Alston and Bird decision was reached, verdicts of cases decided under the previously-understood version of the statute were not vacated or modified to revisit the apportionment issue. Instead, the decision was applied to cases decided after it – specifically, cases after August 10, 2021.

The Alston & Bird court included important instructive language as well – "[t]he best indicator of the General Assembly's intent is the statutory text it actually

adopted…If the General Assembly intended subsection (b) to apply to cases brought against a single defendant, it could have and should have said so…the General Assembly does not enact a general intention; it enacts statutes. Statutes have words, and words have meanings." Id. at 359 (internal citations omitted). The next legislative session, the General Assembly took that language to heart and modified the language apportionment statute to address the Court's concerns and solidify its intent that apportionment does apply in single-defendant cases. Further, the General Assembly specifically indicated that the effective date of the amended statute was for all cases filed after May 13, 2022.

Accordingly, Plaintiff's argument that apportionment was somehow not applicable to her causes of action in September of 2015 is flawed. Instead, it is clear that apportionment was available, applied, and enforced from the effective date of the statute of February 16, 2005 until the Alston & Bird decision on August 10, 2021, which encompasses the time period during which Plaintiff claims she was harmed by the alleged public nuisance. Apportionment was also available, applied, and enforced from the effective date of the amended statute of May 13, 2022 to the present, during which time Plaintiff filed her complaint. There was only a narrow window of time – August 10, 2021 to May 12, 2022 – where apportionment was not applicable to single-defendant cases and, notably, Plaintiff does not assert that any of her claims arose during this period, nor did she take any legal action during this

timeframe. Because apportionment was applied to single-defendant cases both at the time Plaintiff alleges her causes of action arose and at the time she filed her lawsuit, her rights were not affected in any way and apportionment in this case is proper.

### Conclusion

Wherefore, Defendant Tucker Inn, Incorporated d/b/a Super 8 by Wyndham respectfully requests that this Court find Georgia's statute for apportionment of damages is not unconstitutional and find it applicable to the instant case.

Respectfully submitted, this 8th day of July, 2025.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn***
***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-13-

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, McGHEE & HIERS**

**By:**  ***Marissa H. Merrill***
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn
Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 8th day of July, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S BRIEF REGARDING THE APPLICABILITY OF GEORGIA'S APPORTIONMENT STATUTE** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By:  *Marissa H. Merrill*
      Kori E. Wagner
      Georgia State Bar No. 155438
      Marissa H. Merrill
      Georgia State Bar No. 216039
      Tracy A. Gilmore
      Georgia State Bar No. 633193
      *Attorneys for Defendant Tucker Inn*
      *Incorporated d/b/a Super 8 by Wyndham*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com