UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.H.,

Plaintiff,

v.

TUCKER INN INCORPORATED, d/b/a SUPER 8 BY WYNDHAM,

Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-03419-JPB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT EVIDENCE AS EXCEPTION TO RULE 412**

Federal Rule of Evidence 412(a) prohibits evidence of a victim's "other sexual behavior" or "sexual predisposition" in a case "involving alleged sexual misconduct," such as this one under the civil-beneficiary provision of the TVPRA's civil-remedy statute. Rule 412(b)(2) carves out a narrow exception that allows such evidence only if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." This rule inverts the typical presumption under Rule 403 and imposes a stricter standard. *See Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000).

Defendant seeks to introduce vague and ill-defined evidence of Plaintiff's prior sex trafficking at other locations. This evidence is inadmissible under Rule 412 for multiple reasons. *First*, it is irrelevant to Defendant's liability and Plaintiff's damages because Plaintiff's injuries are indivisible. *Second*, even if it held some

marginal probative value, the evidence cannot satisfy Rule 412(b)(2)'s strict balancing test, for its potential harm and unfair prejudice to Plaintiff far outweigh any probative value. *Third*, Defendant has failed to identify with specificity the nature or scope of the evidence it intends to offer, as Rule 412(c) requires, thereby warranting exclusion on vagueness grounds alone.

Accordingly, the Court should exclude all this evidence.

## ARGUMENT & CITATION OF AUTHORITY

### I. The Rule 412 evidence Defendant vaguely identified and seeks to admit is irrelevant to the issues of causation and damages because Plaintiff's injuries are indivisible.

Defendant admitted to the Court that "Plaintiff's alleged trauma from these experiences [being sold for sex repeatedly at hotels around Atlanta when she was only 15 years old] is not divisible." Doc. 202 at 4. Plaintiff agrees. And always has. *See* Doc. 1, Compl. ¶ 79. There is no evidence (expert or otherwise) that contradicts Defendant's judicial admission. As a result, the Rule 412 evidence is irrelevant.

#### A. Defendant judicially admitted Plaintiff's sex-trafficking trauma constitutes an "indivisible injury."

A judicial admission "is a statement by a party or its counsel that removes a factual issue from dispute in a litigation and binds both parties on trial and appeal." *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1233 (M.D. Fla. 2018). Judicial admissions are binding if they are unambiguous and unequivocal. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). "[F]acts judicially

admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009).

Here, Defendant admitted to the Court that "Plaintiff's alleged trauma from these experiences [being sold for sex repeatedly at hotels around Atlanta when she was only 15 years old] is not divisible." Doc. 202 at 4. Defendant's statement is factual because it concerns the nature of Plaintiff's harm. The statement is also unambiguous, unqualified, unequivocal, and plain: Plaintiff's trauma "is not divisible." *Id.* Thus, Defendant has judicially admitted that the trauma Plaintiff suffered at its hotel is indivisible from the trauma she suffered at other hotels.

That judicial admission *hurts* rather than *helps* Defendant's Rule 412 motion. That's because Defendant is jointly and severally liable for *all* Plaintiff's damages arising from indivisible harms. So by admitting that Plaintiff's injuries are indivisible, Defendant has admitted that it's liable for all damages flowing from the trauma Plaintiff suffered at not only its hotel but also *all other hotels at which she was sold for sex as a child*—what Defendant dismissively calls "these experiences." Why Defendant wants to admit evidence that will *increase* the jury's damages award baffles Plaintiff's counsel. Anyway, because Plaintiff's counsel wants to protect what will undoubtedly be a sizeable compensatory damages and punitive damages verdict from frivolous claims of error on appeal (including from errors invited by

Defendant), Plaintiff requests that the Court keep out this evidence.

**B. Defendant is jointly and severally liable for Plaintiff's indivisible injuries to which it contributed—regardless of whether those injuries were also caused by trafficking at other locations or by other individuals or entities.**

As Plaintiff carefully explained in her motion in limine about joint and several liability and apportionment, Defendant's liability under both the TVPRA and Georgia law is joint and several—a conclusion with which the Court expressed preliminary agreement at the pretrial conference. *See* Doc. 188. Plus, federal courts routinely apply joint and several liability to federal causes of action that sound in tort (or are tort-like) where the plaintiff's injury is indivisible (though this is hardly the only circumstances in which they do so). As the Seventh Circuit explains:

> [i]t is axiomatic that where several independent actors concurrently or ***consecutively*** produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. In such a case the injured party may proceed to judgment against any or all of the responsible actors in a single or in several different actions.

*Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (emphasis added) (citing Restatement (Second) of Torts, §§ 875, 879); *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260, n.8 (1979)). In other words, any defendant who causes or contributes to causing an indivisible injury is responsible for the entire injury and damages flowing from it. Imposing joint-and-several liability in those cases isn't unfair to the defendant; rather, doing so merely makes the defendant pay 100 percent of the damages caused by its misconduct.

This well-worn rule applies across a wide range of federal statutes. When multiple actors contribute to a single, indivisible injury, each may be held liable for the entire harm, regardless of their individual degree of fault. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 614–15 (2009) (holding that "when two or more causes produce a single indivisible harm . . . each of the causes is charged with responsibility for the entire harm," and affirming joint and several liability under CERCLA (quoting Restatement (Second) of Torts §433A cmt. I (1963))); *see also Fed. Trade Comm'n v. WV Universal Mgmt., LLC*, 877 F.3d 1234, 1242–43 (11th Cir. 2017) (holding that harm was indivisible and apportionment was improper where no way to determine defendant's relative contribution to a single, unified injury in action under Federal Trade Commission Act).

The principle applies even when defendants act entirely on their own. In *Whyte v. Alston Management, Inc.,* multiple landlords separately threatened families with eviction, producing a single, indivisible emotional injury. No. 10-cv-81041, 2012 WL 11789773, at *1–2 (S.D. Fla. Apr. 11, 2012). Even though the defendants were "perhaps acting independently," the court found that "Defendants' actions caused indivisible emotional harm to the Plaintiffs" and concluded that apportioning liability "would be impossible." *Id.* at *2. Because each defendant's conduct contributed to a single, indivisible harm, the court held that each defendant was jointly and severally liable.

Eleventh Circuit precedent makes clear when it comes to indivisible injuries and federal statutory causes of action like the TVPRA, "apportionment is appropriate only where there are *distinct harms* or where there is a reasonable basis for determining the contribution of each *cause* to a single harm." *WV Universal*, 877 F.3d at 1242 (citation modified). As in *Whyte v. Alston Management*, it makes no difference that the hotel defendants may have acted independently. 2012 WL 11789773, at *2. When multiple causes produce a single, indivisible injury, courts do not impose "arbitrary apportionment"; rather, each cause bears responsibility for the entire harm. *WV Universal,* 877 F.3d at 1243 (quoting *Burlington*, 556 U.S. at 614–15).

Other courts have also recently found that the type of injuries caused by sex trafficking are likely indivisible. *See G.M. v. Choice Hotels Int'l, Inc.*, 725 F. Supp. 3d 766, 774 (S.D. Ohio 2024) (denying defendant's motion to sever in TVPRA sex-trafficking case because "Plaintiff persuasively argues that the way in which she was shuttled back and forth between Defendants' branded properties created an indivisible injury"); *see also K.F. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-3839, 2024 WL 1256052, at *4 (S.D. Ohio Mar. 25, 2024) (same).

Defendant admits—without qualification—that Plaintiff's sex-trafficking trauma "is not divisible." *See* Doc. at 4. By deliberately ignoring as well as facilitating Plaintiff's child sex trafficking, Defendant (and other hotels) caused Plaintiff severe, indivisible mental and emotional trauma. Thus, Defendant is jointly and

severally liable not only for the harms Plaintiff sustained at the Super 8[1] but also for every indivisible injury to which Defendant contributed—regardless of where the harm occurred or which other actors were involved.[2]

Plaintiff's injuries are indivisible. Because Defendant concedes her injuries' indivisibility, Defendant cannot obviate its liability by pointing to other concurrent or consecutive causes of her injuries. Nor can Defendant ask the jury to discount Plaintiff's damages because she suffered indivisible injuries from being sold for sex as a child at other hotels. Lacking legal salience, any evidence of Plaintiff's trafficking at other hotels is irrelevant. But even if it were somehow relevant, any scant probative value cannot outweigh the prejudicial effect of admitting this evidence.

## II. The Rule 412 evidence's probative value does not substantially outweigh its potential for harm and prejudice to Plaintiff.

Even if the Rule 412 evidence has some scant probative value, the Court still should exclude it because its probative value does not substantially outweigh the danger of unfair prejudice, confusion, and undue delay. In *Davis v. Dekalb County*

---

[1] For the reasons argued at the pretrial conference and in Plaintiff's motion on joint and several liability, Doc. 188.

[2] Because Defendant admits that Plaintiff's injuries from being sex trafficked at other hotels is indivisible from the injuries she sustained at Defendant's hotel, Plaintiff asks the Court to prohibit Defendant from asking the jury to reduce damages as a result of any trafficking that occurred at other hotels. Asking the jury to reduce damages from an indivisible injury is contrary to the law cited above. And the Court should instruct the jury that the injuries from other hotels are indivisible from the injuries caused at Defendant's hotel.

*School District*, the plaintiff brought a sexual-harassment claim arising from a teacher's acts. 233 F.3d 1367, 1367 n.13 (11th Cir. 2000). In ruling on the defendant's summary-judgment motion, the district court highlighted facts relating to the plaintiff's sexual history, including that the plaintiff was molested as a child, had engaged in sexual intercourse at a young age, and had contracted herpes. *Id.* at 1367. The Eleventh Circuit emphasized that the district court erred in considering this evidence because it was inadmissible; the prejudice to the plaintiff was much greater "than any probative value this evidence could possibly have had." *Id.* at 1375 n.13.

Because the Rule 412 evidence cannot lessen Defendant's liability or dampen Plaintiff's damages, its only possible effect would be to prejudice Plaintiff, distract the jury with inflammatory and confusing information, and trigger a series of unnecessary mini-trials about events at other locations. In short, its admission would just shift the jury's focus away from Defendant's own conduct and toward collateral matters that have no bearing on the outcome.

Accordingly, the Court should exclude the evidence. Its probative value is negligible at best, and it does not outweigh—let alone substantially outweigh—the risk of unfair prejudice to the Plaintiff.

**III. Defendant's motion is improperly vague.**

Defendant's Rule 412 motion does not comply with the rule. Indeed, it is difficult for Plaintiff to analyze and respond to whether the vaguely identified evidence

has a permissible purpose or what prejudice might result from its admission. Defendant does not identify a single exhibit or snippet of testimony that it wishes to admit in its motion—despite Plaintiff making numerous objections to Defendant's exhibits based on Rule 412.

Defendant only vaguely refers to "Plaintiff's other sex trafficking incidents" in its six-page motion. This description provides little to no notice of what Defendant intends to try to introduce at trial. Does it mean that Defendant intends to ask a few questions such as "Were you trafficked at other hotels?" Or does it mean that Defendant intends to dwell for as long as possible—hours, maybe—during Plaintiff's cross-examination on her trafficking experiences at other hotels, turning this case about Defendant into mini-trials about incidents at hotels that are not on trial? Or will Defendant focus its questions of Plaintiff only on the issues of causation and damages (the stated bases for needing this evidence in Defendant's motion)? Plaintiff and the Court are left to guess.

Rule 412(c) mandates that Defendant "file a motion that ***specifically describes*** the evidence and states the purpose for which it is to be offered." Yet Defendant has not identified a single exhibit that it claims should be admitted. Nor has Defendant specifically identified the testimony it seeks to introduce. Defendant has thus not complied with Rule 412(c), and Defendant's motion to admit Plaintiff's other sexual conduct should be denied.

No case Defendant cites grants such an ill-defined, sweeping Rule 412 motion. Take *W.K. v. Red Roof Inns, Inc.* There, despite allowing certain evidence of other sexual conduct (in part because the plaintiffs agreed that some was relevant given the complex factual circumstances of that case), the court specifically cautioned defendants "that the Court will not permit inquiry into unnecessary details regarding these traumatic events. The goal of Defendants' questioning should be related to contesting causation or damages, not Plaintiffs' credibility or victimization." No. 1:20-cv-5263, 2024 WL 5114059, at *4 (N.D. Ga. June 10, 2024) (Calvert, J.). Here, Defendant's vague motion makes it impossible to know specifically what evidence Defendant is referring to and how that evidence (or Defendant's unproposed questions) relate to causation or damages.

Unlike Defendant here, in *Lane v. American Airlines*, the plaintiff specifically identified the evidence she sought to exclude under Rule 412: the testimony of two disclosed experts. No. 18-cv-6110, 2024 WL 1200074, at *2 (E.D.N.Y. Mar. 20, 2024). Then in *Ramsbottom v. Ashton*—a decision about the discovery of Rule 412 evidence—the defendant specifically identified three interrogatories it requested the plaintiff answer. 3:21-cv-272, 2023 WL 3098824, at *2 (M.D. Tenn. Apr. 26, 2023). Defendant's motion, in contrast, provides nothing resembling the specificity shown in those cases.

But even if Defendant had specifically identified the evidence it seeks to admit

as Rule 412 requires, Defendant's cited cases would still not support its motion. That's because Defendant didn't identify the causes of action and whether the defendant's liability was joint and several for each case. The answers to these questions are essential to determining whether Defendant's cited cases have any persuasive value. But Defendant didn't even try to answer them. So the Court should ignore them. After all, Defendant has the burden of establishing the admissibility of Rule 412 evidence. And because Defendant does not explain *what* about Plaintiff's other trafficking incidents relates to causation and damages, Defendant has not met its burden to overcome the presumptive inadmissibility of Rule 412 evidence. *See* 23 Victor J. Gold, Federal Practice and Procedure § 5376 (2d ed.) ("[T]he burden of justifying admission [is] on the proponent of the evidence rather than requiring the opponent to justify exclusion.").

Nor can Defendant save its motion by relying on the *Rodman* case from the Eleventh Circuit. That case is inapposite. In *Judd v. Rodman*, the plaintiff's prior sexual history was admitted because one "central issue" was whether she "contracted genital herpes" from the defendant. 105 F.3d 1339, 1343 (11th Cir. 1997). Because expert testimony revealed that genital herpes can remain dormant and the infected person can be asymptomatic, the court held that the plaintiff's prior sexual history was "highly relevant" to the defendant's liability. *Id.* Put simply, the plaintiff either contracted genital herpes from the defendant or she did not. If she did, she was

harmed and entitled to damages; if she did not, then she was not. Simple.

Here, however, the jury will not face a similar yes/no question. Defendant has, after all, admitted that the traumas Plaintiff suffered at its hotel and the damages arising from them are indivisible from those she suffered elsewhere. So even if the jury found that other hotels (or anyone else) caused Plaintiff to suffer mental or emotional traumas while being sold for sex as a child, that finding cannot obviate Defendant's liability or mitigate the damages Defendant owes for those indivisible harms. In short, *Rodman* is nothing like this case.

* * *

Defendant's broad and vague motion threatens to frustrate the purpose of Rule 412 and gain a trial advantage by not telling the Court or Plaintiff of what actual Rule 412 evidence it seeks to introduce. The Eighth Circuit has found that evidence "not mentioned in defendant's Rule 412 motion [is not] properly before the district court." *United States v. Azure*, 845 F.2d 1503, 1506 n.7 (8th Cir. 1988).

This Court should do the same. Defendant has not specifically identified any "evidence." It has simply identified the broadest possible description of events in Plaintiff's life. In *Azure*, the court kept out evidence of a young girl having sex prior to being raped when offered to prove a specific physical injury: a three-centimeter laceration on the victim's vaginal wall. *Id.*, 845 F.2d at 1506. Additional evidence not mentioned in the motion was properly excluded. *Id.* at 1506 n.7.

Because Defendant put no specific evidence in its motion, the Court should deny it.

## CONCLUSION

Because the "other sexual behavior" evidence Defendant seeks to admit concerns an admittedly indivisible injury, that evidence is irrelevant to Defendant's liability or Plaintiff's damages and thus cannot overcome Rule 412's presumption of inadmissibility. Should the Court admit this evidence, the Court should instruct Defendant that it cannot argue to the jury that this evidence in any way reduces Defendant's liability or the scope of Plaintiff's indivisible injury and accompanying damages because that argument would be contrary to the law. The law is clear: if Defendant caused any part of Plaintiff's indivisible injury, Defendant is jointly and severally liable for that entire injury. It would be error for the Court to allow Defendant to present any jury argument contrary to that law, and it would be reversible error for the Court to instruct the jury that the law were otherwise. But exclusion avoids the risk of all error, and exclusion of this kind of evidence is the default under Rule 412.

Respectfully submitted on July 8, 2025.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH

Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile