IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H.,<br><br>   Plaintiff,<br><br>v.<br><br>TUCKER INN INCORPORATED<br>d/b/a SUPER 8 BY WYNDHAM,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-03419-JPB |

**DEFENDANT TUCKER INN INCORPORATED'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PERMIT EVIDENCE AS EXCEPTION TO FED. R. EVID. 412**

COMES NOW, Defendant Tucker Inn Incorporated d/b/a Super 8 By Wyndham (hereinafter "Defendant" and/or "Tucker Inn"), and pursuant to Fed. R. Evid. 412(b)(2), hereby files this Reply Brief in Support of its Motion to permit evidence of D.H.'s sex trafficking incidents prior to the subject incidents at the Defendant's hotel.

**ADDITIONAL ARGUMENT AND CITATION TO AUTHORITY**

In response to this Defendant's Motion, Plaintiff has attempted to capitalize on an out-of-context and mischaracterized reference to one sentence in Defendant's original brief: "Plaintiff's alleged trauma from these experiences is not divisible." (See Def. Brief, at p. 4). Rather than make a valid argument for the exclusion of the

requested evidence, Plaintiff argued semantics. This Court should permit the requested evidence and it should not be influenced by Plaintiff's arguments for two reasons: (1) her argument for joint and several liability is irrelevant to the issue at hand; and (2) the probative value of the evidence is substantial for the Defendant's challenge to the essential elements of causation and damages.

Plaintiff's argument regarding joint and several liability is improperly argued in this Motion, as it has already been briefed in her Motion in Limine and it has no bearing on Fed. R. Evid. 412 or Defendant's motion to introduce evidence of her prior trafficking. Nonetheless, despite an apparent inadvertent choice of wording, Defendant has not and does not concede that the numerous incidents in which Plaintiff's sister trafficked her at six other hotels in a four-month period before ever stepping foot on the Defendant's property is a <u>single</u> indivisible injury in the context of joint and several liability. Instead, each of these incidents had the ability to cause new or additional trauma to Plaintiff that could have then compounded or aggravated over time.

Trauma as an emotional harm is not easily divisible because it cannot be separated into parts in an obvious manner, unlike expenses from a billing record or physical injuries. However, the acts or actors causing the harm is, indeed, divisible. Plaintiff's self-described symptoms of trauma, depression and anxiety cannot be divided into parts. But that simple fact does not automatically require joint and

several liability in this case. To be clear, these incidents occurred before the Defendant was ever involved, and thus, this Defendant cannot be considered to have caused Plaintiff's earlier trauma. In fact, it would be overwhelmingly prejudicial to the Defendant to be held jointly and severally liable to non-party hotels for trauma resulting from acts that occurred before there was any interaction whatsoever between the Defendant and the Plaintiff or her trafficker and for acts at other hotels where the Defendant had no control. There has been no evidence whatsoever that the Defendant acted in concert with these other hotels where Plaintiff was trafficked before her incidents at the subject hotel in September 2015. More importantly, it will be the Plaintiff's burden to prove what damages she allegedly sustained while at Defendant's hotel – the only Defendant in this matter. In doing so, Defendant should be properly permitted to introduce evidence regarding potential alternative causes of her damages – namely, the trafficking acts that occurred in the four-month period prior to her arriving at Defendant's hotel.

To the extent this Court considers Plaintiff's erroneous joint and several liability argument, courts in various jurisdictions agree that injuries aggravated by a later party can still be considered divisible. In re Pharm. Indus. Average Wholesale Price Litig., 491 F. Supp. 2d 20, 101 (D. Mass. 2007), aff'd, 582 F.3d 156 (1st Cir. 2009) ("Examples of divisible injuries include an injury that one party causes and another subsequently aggravates in some measurable way.") (citing Vanguard Sav.

& Loan Ass'n v. Banks, 1995 WL 30589, *2–3, 1995 U.S. Dist. LEXIS 737, *7–8 (E.D. Pa. Jan. 24, 1995)); Harka v. Nabati, 337 Pa. Super. 617, 623, 487 A.2d 432, 435 (1985) ("Instead, where identifiable acts of negligence of the original wrongdoer and the negligent physician are separate from each other in nature and time, the damages are accordingly apportionable"); Fed. Deposit Ins. Corp. v. Loudermilk, 305 Ga. 558, 571, 826 S.E.2d 116 (2019) ("[w]hile the injury may be singular, the damages flowing from that injury may be apportioned by statute among the tortfeasors responsible for causing it" and "Under OCGA § 51-12-33, the pertinent inquiry is therefore whether fault is capable of division."). In fact, the key question is actually whether the acts of the alleged tortfeasors are capable of separation and if there is a rational basis for apportioning liability for the injuries. See also Polston v. Boomershine Pontiac-GMC Truck, Inc., 987 F.2d 730, 732 (11th Cir. 1993); Stevens v. Bangor & Aroostook R. Co., 97 F.3d 594, 602 (1st Cir. 1996) ("a defendant gets the benefit of apportionment of harm only if 'there is a reasonable basis for determining the contribution of each cause to a single harm.'"); see also Restatement (Second) of Torts § 433A(1)(b). Here, one of the key issues that the jury will need to decide is whether this Defendant proximately caused Plaintiff's damages, and if so, what portion.  Accordingly, Defendant would be unfairly prejudiced if it was precluded from introducing evidence of other similar incidents

that occurred well before she arrived at Defendant's hotel that may have caused or contributed to Plaintiff's claimed damages.

It is also significant that Plaintiff has only filed these claims against one Defendant. She did not name any of the other hotels (Garden Inn Hotel, Microtel Hotel, Country Hearth in Union City, Travelodge, an unidentified hotel in Macon, and Super 8 on Old National Highway), so there is no other defendant for this Defendant to be held joint and several with. See Watts v. Laurent, 774 F.2d 168, 180 (7th Cir.1985) (explaining that an indivisible injury is one that "cannot be apportioned in any sensible way among the several defendants"). Likewise, Defendant has not sought to apportion fault to any other hotel entity involved in Plaintiff's prior trafficking. On the contrary, Defendant seeks to challenge the cause of Plaintiff's harm – her trauma – for the jury to appropriately determine what trauma was caused by this Defendant and the amount of damages to be awarded for that, if any. This Court has previously admitted evidence of a plaintiff's "other sexual trauma, either before or after they were allegedly trafficked at the [defendant hotel], as a way to contest causation and the amount of damages Plaintiffs are seeking." WK, et al. v. Red Roof Inns, Inc., et al., No. 1:20-cv-05263, 2024 WL 5114059, *4 (N.D. Ga. June 10, 2024). This Court specifically noted that although "prior trauma does not lessen subsequent trauma, that is a separate issue from whether and how much damages Plaintiffs should receive." Id. Notably, in that same case, this Court

held that joint and several liability would apply to the plaintiffs TVPRA claims and apportionment of damages was permitted as to the state law negligence claim. See W.K. v. Red Roof Inns, Inc., 1:20-cv-05263, 2024 WL 2892322 (N.D. Ga. June 10, 2024). The reason behind this Courts order admitting evidence of the plaintiff's other sexual trauma is significant – "Defendants have a right to present a defense that challenges causation and damages, and the jury should know about the full extent of Plaintiff's sexual trauma as they consider causation and damages. *To hold otherwise would be unfair to the Defendants and misleading to the jury.*" Id. (emphasis added).

Plaintiff's only arguments addressing the heart of Defendant's Rule 412 Motion is that the evidence is vague, irrelevant, and prejudicial. This could not be farther from the truth. The specific evidence which Defendant seeks to introduce was, in fact, listed in its Brief, which are the facts that Plaintiff was trafficked for sex by Santresia Woods between May and September of 2015 at various hotels that caused her trauma: a Garden Inn Hotel in Union City for multiple nights, a Microtel Hotel in Union City for numerous time periods, a Country Hearth in Union City, a Travelodge on Old National Highway, an unidentified hotel in Macon, and a different Super 8 on Old National Highway. (See Def. Brief, at p. 3).[1] This evidence

---

[1] Even if this Court were to rule that evidence of Plaintiff's trafficking at the other hotels is not permitted, Defendant specifically requests permission to introduce evidence that prior to the subject incident, Plaintiff contacted a family member and advised that she was being trafficked and that another family member came to a

is supported by Plaintiff's deposition testimony that was also specifically cited in Defendant's Brief. (See Def. Brief, at p. 3).[2] This evidence is relevant, as discussed throughout, to the Defendant's defense and challenge to causation and damages – especially because Plaintiff faults not only the named Defendant, but the other hotels because "they traumatized [her]. The whole experience traumatized [her]." (See Pl. Deposition [Doc. 123], 140:25—141:3). It seems Plaintiff also sees the relevance of this evidence by believing it "will *increase* the jury's damages" which "will undoubtably be a sizeable compensatory damages and punitive damages verdict." (See Pl. Resp., at p. 3). If Plaintiff feels that such evidence would help their case, then it is curious why she would make a contrary argument to exclude the evidence because it is prejudicial. The Court in W.K. made a comment to this point: "the court notes that it is likely Plaintiffs will seek to introduce a lot of it to prove their case." W.K., 2024 WL 5114059, *4. As such, the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice as was previously decided in the W.K. case for the same reasons sought here. W.K., 2024 WL 5114059, *4 ("Defendants have a right to present a defense that challenges causation and damages, and the jury should know about the full extent of Plaintiff's sexual trauma

---

different non-party hotel where Plaintiff was at that time to check on her and Plaintiff's reaction to that visit.
[2] See Pl. Deposition [Doc. 123], at 77:8-11; 116:20-25; 117:1-6; 122:20-24; 123:3-7; 123:21-25; 132:15-19; 140:19-25; 161:12-19; 158:1-10; 140:25—141:3.

as they consider causation and damages. *To hold otherwise would be unfair to the Defendants and misleading to the jury.*")).[3]

Furthermore, the United States Supreme Court thoroughly analyzed a similar issue in a criminal case regarding restitution for a defendant who was convicted of possessing child pornography when he was one of a thousand other individuals who possessed the victim's images. In that case, the Supreme Court questioned "whether holding a single possessor liable for millions of dollars in losses collectively caused by thousands of independent actors might be excessive and disproportionate in these circumstances" and ultimately ruled that the defendant should only be responsible for the portion of losses he caused. Paroline v. United States, 572 U.S. 434, 456, 134 S. Ct. 1710 (2014). The victim in that case made a similar argument as Plaintiff in this case: that the defendant should be responsible for her harm as a whole, but the Supreme Court disagreed, ruling that courts should assess the defendant's specific role in causing the victim's losses. Id. at 459 ("a district court is expressly authorized

---

[3] Defendant already acknowledged the Court's caution in the W.K. ruling that it would not permit inquiry into unnecessary details of the traumatic events, which is also cited in Plaintiff's Brief. But, that is exactly why Defendant simply seeks to introduce evidence that the Plaintiff was trafficked by Santresia Woods at six other hotels for various periods of time during May through September of 2015 and each of these incidents caused her emotional trauma. Defendant does not intend to unnecessarily inquire into the details surrounding each of those trafficking events to harass, prejudice, or challenge her credibility. The reason behind Defendant's request for this evidence is to challenge essential elements of Plaintiff's claims: causation and damages.

to conduct a similar inquiry where multiple defendants who have 'contributed to the loss of a victim' appear before it. § 3664(h). In that case it may 'apportion liability among the defendants to reflect the level of contribution to the victim's loss ... of each defendant.'"). In reaching the Court's decision, it considered the intent of Congress behind the statutory authorization for restitution finding that "Congress gave no indication that it intended its statute to be applied in the expansive manner the victim suggests, *a manner contrary to the bedrock principle that restitution should reflect the consequences of the defendant's own conduct*, see Hughey, 495 U.S., at 416, 110 S. Ct. 1979, *not the conduct of thousands of geographically and temporally distant offenders acting independently, and with whom the defendant had no contact*." Paroline, 572 U.S. at 454-455 (emphasis added).

Likewise, here, Plaintiff's experience at the Defendant's hotel was only eight days during a five-month period when she was trafficked by her sister at various hotels, and thus, the Defendant should be permitted to introduce evidence of Plaintiff's other prior trafficking incidents to challenge the trauma (or damages) that were proximately caused by this Defendant. This is especially important under facts in which the Plaintiff has admitted she suffered trauma from the other trafficking incidents and not just the incident at the Defendant's hotel. (See Pl. Deposition [Doc. 123], 140:25—141:3). Furthermore, like in Paroline, this Defendant had no contact with Plaintiff, her trafficker, or the other hotels, did not have control over the other

hotels, and the other trafficking incidents occurred independently and <u>before</u> any incident at the Defendant's hotel. <u>Paroline</u>, 572 U.S. at 454-455. Although the <u>Paroline</u> case involved a criminal statute for restitution, the principle is the same in this case. It would be overwhelmingly prejudicial to the Defendant to make a different ruling here.

Indeed, the elements of TVPRA require Plaintiff to prove the Defendant "had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff.*" <u>Doe #1 v. Red Roof Inns, Inc.</u>, 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added); 18 U.S.C. § 1595(a) (the statutory language permits a victim to recover damages in a civil action against one who knowingly benefits from its participation in a venture violating the TVPRA). This language requiring a specific causal connection between the Defendant and Plaintiff is not only instructive, but binding precedent. Similarly, Georgia's public nuisance law provides "if a public nuisance in which the public does not participate causes special damage to an individual, such special damage shall give a right of action." O.C.G.A. § 41-1-3. This statutory language mandates that the Defendant be the proximate cause of the special damage. Accordingly, proximate cause is an essential element of both of Plaintiff's claims in this case. Defendant must be permitted to proffer appropriate evidence – including evidence of past incidents of trafficking – to challenge the causation and damages elements because it is relevant and

substantially probative evidence. Plaintiff has not sufficiently explained why she would be prejudiced from this evidence or how that prejudice *substantially* outweighs the probative value. The Davis v. Dekalb County School District case cited by Plaintiff did not offer an analysis or explanation of why the evidence was inadmissible under Fed. R. Evid. 412 and the issue at the summary judgment stage in that case did not involve a proximate cause or damages question. 233 F.3d 1367, 1367 n.13 (11th Cir. 2000).

In sum, Plaintiff's argument for joint and several liability in this Motion is misplaced and centered on semantics, while the relevance and probative value of the subject evidence is abundantly clear because it goes to essential elements of Plaintiff's claim for the jury to consider what portion of Plaintiff's trauma was caused by this single-named Defendant.

WHEREFORE, for all of these reasons, and those stated in Defendant's original Brief, Defendant Tucker Inn Incorporated respectfully requests that this Court GRANT its Motion and permit evidence that Plaintiff was trafficked at six other hotels by Santresia Woods during May to September 2015 so that the jury may properly consider the issues of proximate cause and damages.

Respectfully submitted, this 11th day of July, 2025.

[signature appears on next page]

                         **SWIFT, CURRIE, McGHEE & HIERS**

                By:   *Marissa H. Merrill*
                      Kori E. Wagner
                      Georgia State Bar No. 155438
                      Marissa H. Merrill
                      Georgia State Bar No. 216039
                      Tracy A. Gilmore
                      Georgia State Bar No. 633193
                      ***Attorneys for Defendant Tucker Inn***
                      ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, McGHEE & HIERS**

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore
Georgia State Bar No. 633193
***Attorneys for Defendant Tucker Inn Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

Case 1:22-cv-03419-JPB   Document 214   Filed 07/11/25   Page 14 of 14

## CERTIFICATE OF SERVICE

This are to certify that on the 11th day of July, 2025, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT TUCKER INN INCORPORATED'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PERMIT EVIDENCE AS EXCEPTION TO FED. R. EVID. 412** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                                                 **SWIFT, CURRIE, McGHEE & HIERS**

                                     **By:** *Marissa H. Merrill*
                                              Kori E. Wagner
                                              Georgia State Bar No. 155438
                                              Marissa H. Merrill
                                              Georgia State Bar No. 216039
                                              Tracy A. Gilmore
                                              Georgia State Bar No. 633193
                                              ***Attorneys for Defendant Tucker Inn***
                                              ***Incorporated d/b/a Super 8 by Wyndham***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4919-8947-9508, v. 1