# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H.,<br><br>    Plaintiff,<br><br>v.<br><br>TUCKER INN INCORPORATED,<br>d/b/a SUPER 8 BY WYNDHAM,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:22-CV-03419-JPB |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO PERMIT EVIDENCE AS EXCEPTION TO FED. R. EVID. 412**

Super 8's reply admits and succinctly proves that Plaintiff D.H.'s injuries are indivisible—the factual issue Super 8 presumably meant to oppose. Super 8, after all, claims in its reply that D.H. tried "to capitalize on an out-of-context and mischaracterized reference to one sentence in Defendant's original brief." Doc. 214 at 1. According to Super 8, in framing her Rule 412 response around Super 8's admission that her trauma-related harms were indivisible, "Plaintiff argued semantics" instead of "mak[ing] a valid argument for the exclusion of the requested evidence." *Id.* at 1–2. Super 8 is doubly wrong.

Super 8's first error is acting like Rule 412 puts the burden on her to prove that Super 8's vaguely identified evidence is inadmissible. But Rule 412 is clear: the evidence Super 8 seeks to admit is presumptively inadmissible and whether it

squeezes through the narrow exception for admissibility is Super 8's burden.

Super 8's second error is to mischaracterize as "semantics" D.H.'s decision to take Super 8 at its word when it said in its Rule 412 motion that "Plaintiff's alleged trauma from these experiences [being sold for sex repeatedly while a child at hotels around Atlanta, including the Super 8] is not divisible." *See* Doc. 214 at 1–2. Setting aside that D.H. didn't argue "semantics,"[1] Super 8's reply doubles down—rather than retracts from—its position that D.H.'s trauma is an indivisible injury.

In fact, in back-to-back-to-back sentences, Super 8 admits every aspect of the indivisible-injury rule applies to D.H.

> Trauma as an emotional harm is not easily divisible because it cannot be separated into parts in an obvious manner, unlike expenses from a billing record or physical injuries. However, the acts or actors causing the harm is, indeed, divisible. **Plaintiff's self-described symptoms of trauma, depression and anxiety cannot be divided into parts.**

Doc. 214 at 2 (emphasis added).

Consider these sentences one at a time. *First*, Super 8 admits that D.H.'s emotional trauma is not easily divisible like some other injuries. This admission weighs in favor of D.H.'s injuries being indivisible because it shows that apportionment

---

[1] *See Semantics*, Black's Law Dictionary (12th ed. 2014) ("**1.** The study of the meanings of words and phrases as signs and symbols, esp. when viewed historically and psychologically. — Also termed *semasiology*. Cf. semiotics. **2.** The meaning or meanings of a word, phrase, sign, or set of signs, esp. as regards connotation. **3.** The language used to achieve a desired effect on an audience, esp. through persuasion, advertising, or propaganda.").

2

would necessarily be arbitrary, and avoiding arbitrary apportionment is one purpose of the indivisible-injury rule. *Fed. Trade Comm'n v. WV Universal Mgmt., LLC*, 877 F.3d 1234 (11th Cir. 2017) ("When two or more causes produce a single, indivisible harm, 'courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm.'" (quoting *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 614–15 (2009))). This is because there needs to be a "logical or reasonable basis" to divide the harm caused by "two or more causes." Restatement (Second) of Torts § 433A & cmt. *i* (1965). And this is why "[b]y far the greater number of personal injuries" are "normally single and indivisible." *Id.* at cmt. *i*.

*Second*, Super 8 states that the "acts or actors" causing D.H.'s injuries are divisible. But this statement does nothing for Super 8. For one thing, the "indivisible-injury rule doesn't apply unless there are "two or more causes." (When one actor causes an indivisible injury, that actor bears full responsibility.) Put another way, an injury for which a plaintiff seeks to recover is indivisible if there is no way to divide *the harm* suffered. Dividing *the actors* is not what the rule requires. Here, D.H. has sued Super 8 for the harms she suffered from being sold for sex as a child *at the Super 8 only*. How can those harms be divided in a logical or reasonable way? Super 8 never says. That's because there is no logical or reasonable way to divide them. Why Super 8 wants to make this case about *other* harms that D.H.

3

suffered at *other* places is unclear. But this is clear: D.H. isn't trying to do this.

*Third*, Super 8 states (even more clearly than before) that D.H.'s emotional harms "cannot be divided into parts." Doc. 214 at 2. Again, D.H. agrees. That, of course, makes D.H.'s emotional harms an indivisible injury. And it means that Super 8 has admitted that the indivisible-injury rule should be applied. For at the risk of taking Super 8 at its word, Super 8 has now admitted that there is (1) no basis to divide fault, (2) multiple actors, and (3) an injury that "cannot be divided into parts." *See* Restatement (Second) of Torts § 433A. In short, despite decrying D.H.'s supposed "semantics," Super 8 cannot describe D.H.'s mental and emotional harms in a way that makes them anything but indivisible. And as a legal cause of those harms, Super 8 *is* jointly and severally liable for *all* damages from that indivisible harm—whether its actions were concurrent with other legal causes (as they were at the Super 8) or consecutive with other legal causes (as they were with the other hotels or other traffickers at other locations). *See* Restatement (Second) of Torts § 879 (1979) ("If the tortious conduct of each of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for *the entire harm*, irrespective of whether their conduct is concurring or consecutive." (emphasis added)).

**I.     Because Super 8's liability is joint and several, Super 8's vaguely identified Rule 412 evidence is irrelevant.**

Super 8 takes D.H. to task for addressing joint and several liability in a Rule

4

412 motion. This misunderstands (or intentionally obfuscates) the point. *Super 8* tries to justify its Rule 412 motion and meet its burden by arguing that evidence identified only as "other trafficking" incidents is relevant to "whether [D.H.'s] trauma was caused by the Defendant and the amount of damages to be awarded to Plaintiff, if any." Doc. 202 at 4. But if Super 8 is jointly and severally liable, then any evidence of "other trafficking" (whatever this might be exactly) is wholly irrelevant to causation and damages.

  **A. Super 8 is jointly and severally liable for three reasons.**

 *One.* The default rule is joint and several liability. That rule applies when there's an indivisible injury, which D.H. has. But that's not the only reason Super 8 is jointly and severally liable. But this way applies here because Super 8 judicially admitted that D.H.'s trauma-related injuries are indivisible in its initial motion, and when given the chance to reconsider that statement in its reply, Super 8 emphatically doubled down on it.

 *Two.* Super 8 is jointly and severally liable under the TVPRA and under Georgia law for the reasons articulated in Docs. 188 * 216-1 (a corrected version of 215). Further, D.H.'s damages are the same for both claims, and she can only collect those damages once—regardless of whether the jury finds Super 8 liable under both the TVPRA and Georgia nuisance law. In that case, the Supremacy Clause dictates that federal joint and several liability applies over Georgia apportionment law, should

Georgia apportionment law apply (it should not). *See* Docs. 188 * 216-1 (a corrected version of 215).

*Three*. D.H. seeks damages from Super 8 for what happened to her at the Super 8 *only*. D.H. doesn't seek to introduce evidence about the other actors at other locations who contributed to those (admittedly) indivisible injuries. This is because this evidence is unnecessary, and D.H. wants to avoid wasting the Court's and jury's time on mini-trials involving nonparties.

For all (or even some) of these reasons, if found liable, Super 8 will be jointly and severally liable for D.H.'s injuries.

### B. Joint and several liability removes the argued relevance.

If Super 8 is jointly and severally liable, whether another actor contributed to an indivisible injury or not does not affect the jury's causation or damages analysis.

#### i. Causation.

D.H. is only seeking damages for what happened at the Super 8. Yet Super 8 seeks to bring before the jury other acts and actors that have nothing to do with what happened at the Super 8.

Because Super 8 is jointly and severally liable, the only causation question the jury must answer is whether Super 8 is *one of* the proximate causes of D.H.'s injuries. *Whiteside v. GEICO Indem. Co.*, 352 F. Supp. 3d 1257, 1260 (M.D. Ga. 2018) ("There may be more than one proximate cause of an event."), *aff'd,* 847 F. App'x

810 (11th Cir. 2021). Super 8 can, of course, put on evidence and argue that its actions were not a proximate cause of D.H.'s injuries at the Super 8. But that is a yes-or-no question answered by evidence of Super 8's conduct, not the conduct of others. Whether other actors harmed D.H. is irrelevant to whether *Super 8* did so. And Super 8 admits that there is no evidence that it "acted in concert with these other hotels where Plaintiff was trafficked." Doc. 214 at 3. D.H. agrees and hasn't said otherwise. But this means that what happened at other times and in other places is irrelevant to whether Super 8's conduct harmed D.H. And because it's irrelevant, evidence about it shouldn't be admitted under Rule 412's reverse-balancing test. (Unlike Rule 403, Rule 412 presumptively *excludes* evidence unless "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.").

Because the evidence about nonparties is irrelevant to whether Super 8 caused D.H.'s harms, it should be excluded under Rule 412.

### ii. Damages.

Joint and several liability obviates any relevance the Rule 412 evidence might have to the issue of damages. Evidence that other parties contributed to D.H.'s harm is relevant to damages only if it could increase or decrease the amount of damages for which Super 8 is liable. But it cannot. That's because every cause of an indivisible injury is liable for the whole injury. So evidence that others might also be jointly

and severally liable for D.H.'s harm cannot change the damages that Super 8 owes D.H. for the harm it caused. As a result, such evidence is irrelevant to D.H.'s damages and should be excluded.

### iii.    Super 8's remedy.

Super 8's remedy in the face of joint and several liability is to seek contribution from other wrongdoers, if it is available. The remedy is not to introduce irrelevant evidence.

### C.    The *W.K.* case does not make the Rule 412 evidence admissible.

Super 8 clings to the *W.K. v. Red Roof Inns* case. But that case was quite different from D.H.'s case for many reasons. For starters, the Red Roof defendants filed a 29-page exhibit specifically describing (with record citations) each piece of evidence they sought to admit. Doc. 500-2, *W.K. v. Red Roof Inns, Inc.*, No. 1:20-cv-5263 (N.D. Ga. May 31, 2024). Thus, the parties could coherently discuss and debate the merits of evidence that was "specifically describe[ed]" as the Rule 412 requires. Here, after a motion and a reply, Super 8 has still failed to meet that basic standard. Taking Super 8's words in its brief as a guide, Super 8 appears now to seek the introduction of the single fact that D.H. was trafficked at the other hotels. Doc. 214 at 6. That is one yes-or-no question at trial. By contrast, Super 8's initial brief asked the Court to permit evidence that "Plaintiff suffered other trauma from prior sex trafficking incidents." As D.H. pointed out in her response, that vague description

8

left her and the Court to wonder what this means in practice.[2] Another *major* difference between this case and the *W.K.* case is that in *W.K.* the parties *agreed* that some other-trafficking evidence was relevant—most of which had to do with the long trafficking periods of some plaintiffs (there were eleven) and the fact that multiple Red Roof locations were often involved. Put simply, *W.K.* was an extremely complex case; D.H.'s case is not.

For this reason, many issues and rulings from *W.K.*—especially when it comes to evidence—do not map onto those in this case easily, if at all.

### D. The Supreme Court specifically distinguished the criminal child-pornography case from "civil tort lawsuits."

Super 8's reliance on *Paroline v. United States* is misleading. *Paroline* interpreted a specific criminal statute related to child pornography, 18 U.S.C. § 2259, and found that the liability the victim sought was unsupported by the statute's language. 572 U.S. 434, 453 (2014) (concluding that "there is no language expressly suggesting Congress intended" to hold "each possessor of a victim's images" responsible for the "the consequences of the acts of the many thousands who possessed those images").

---

[2] In *W.K.*, Judge Calvert ruled that "Defendants are cautioned that the Court will not permit inquiry into unnecessary details regarding these traumatic events. The goal of Defendants' questioning should be related to contesting causation or damages, not Plaintiffs' credibility or victimization." *W.K. v. Red Roof Inns, Inc.*, 1:20-cv-5263, 2024 WL 5114059, at *4 (N.D. Ga. June 10, 2024).

The Supreme Court also explicitly distinguished the application of this statute and rule in the criminal-restitution context from the context of "civil tort lawsuits."

> Aside from the manifest procedural differences between criminal sentencing and civil tort lawsuits, restitution serves purposes that differ from (though they overlap with) the purposes of tort law. Legal fictions developed in the law of torts cannot be imported into criminal restitution and applied to their utmost limits without due consideration of these differences.

*Id.* at 453–54 (citation modified). Nothing in *Paroline* abrogated the common law related to joint-and-several liability in tort cases such as this one. As regards indivisible injuries, the Supreme Court specifically declined to apply (or change) existing tort law to the criminal restitution context. *See id.* ("[T]he Court is required to define a causal standard that effects the statute's purposes, not to apply tort-law concepts in a mechanical way in the criminal restitution context."). In short, *Paroline* has nothing to do with the remedies available in a civil action such as this.

## CONCLUSION

Super 8 has again—and in more detail—judicially admitted that D.H.'s injuries are indivisible. Evidence of conduct at places besides the Super 8 does not affect the question of Super 8's own causation and does nothing to raise or lower the amount of damages Super 8 will be liable for. As a result, that evidence is irrelevant to causation and damages, and Super 8's motion should be denied.

Respectfully submitted on July 14, 2025.

                              ANDERSEN, TATE & CARR, P.C.

                              */s/ Rory A. Weeks*
                              PATRICK J. MCDONOUGH
                              Georgia Bar No. 489855
                              pmcdonough@atclawfirm.com
                              JONATHAN S. TONGE
                              Georgia Bar No. 303999
                              jtonge@atclawfirm.com
                              RORY A. WEEKS
                              Georgia Bar No. 113491
                              rweeks@atclawfirm.com
                              JENNIFER M. WEBSTER
                              Georgia Bar No. 760381
                              jwebster@atclawfirm.com
                              *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile